**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Ave., 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
         lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MISSFRESH LIMITED, ZHENG XU, JJUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED , and COGENCY GLOBAL, INC.,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br><u>JURY TRIAL DEMANDED</u><br><br><u>CLASS ACTION</u> |

1

Plaintiff Juan Chen ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by Missfresh Limited ("Missfresh" or the "Company"), as well as media and analyst reports about the Company and Company press releases. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein.

## NATURE OF THE ACTION

1.  Plaintiff brings this securities class action on behalf of persons who purchased or otherwise acquired Missfresh securities pursuant and/or traceable to the registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with Missfresh's June 2021 initial public offering (the "IPO" or "Offering") and suffered compensable damages caused by Defendants' violations of the Securities Act of 1933 (the "Securities Act").

2.  In June 2021, Defendants held the IPO, offering approximately 21 million American Depositary Shares ("ADSs") to the investing public at $13.00 per ADS.

3.  By the commencement of this action, Missfresh's ADSs trade below its IPO price. As a result, investors were damaged.

## JURISDICTION AND VENUE

4.  The claims alleged herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2) and 77o.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §22 of the Securities Act.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and §22(a) of the Securities Act (15 U.S.C. §77v(a)) as a significant portion of the Defendants' actions, and the subsequent damages took place within this District.

7.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of a national securities exchange. Defendants disseminated the statements alleged to be false and misleading herein into this District, and Defendants solicited purchasers of Missfresh securities in this District.

**PARTIES**

8.      Plaintiff, as set forth in the accompanying Certification, purchased the Company's securities pursuant and/or traceable to the IPO and was damaged thereby.

9.      Defendant Missfresh purports to be an innovator and leader in China's neighborhood retail industry which invented the Distributed Mini Warehouse (DMW) model to operate an integrated online-and-offline on-demand retail business focusing on offering fresh produce and fast-moving consumer goods (FMCGs).

10.     The Company is incorporated in the Cayman Islands and its head office is located at 3rd Floor, Block A, Vanke Times Center, No. 9 Wangjing Street, Chaoyang District, Beijing 100016, the People's Republic of China ("PRC"). Missfresh securities trade on the NASDAQ Exchange ("NASDAQ") under the ticker symbol "MF."

11. Defendant Zheng Xu ("Xu") was at the time of the IPO the Company's Chief Executive Officer and Chairman of the Board of Directors and signed or authorized the signing of the Company's Registration Statement.

12. Defendant Jun Wang ("Wang") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

13. Defendant Yuan Sun ("Sun") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

14. Defendant Zhaohui Li ("Li") was at the time of the IPO the Company's Chief Financial Officer and a Director and signed or authorized the signing of the Company's Registration Statement.

15. Defendant Colleen A. De Vries ("De Vries") was at the time of the IPO Missfresh's duly authorized representative in the United States. Defendant De Vries signed the false and misleading Registration Statement on her own behalf and on behalf of Defendant Cogency Global Inc. ("Cogency Global"), Defendant De Vries' employer.

16. The Defendants named in ¶¶ 11-15 are sometimes referred to herein as the "Individual Defendants."

17. Each of the Individual Defendants signed the Registration Statement, solicited the investing public to purchase securities issued pursuant thereto, hired and assisted the underwriters, planned and contributed to the IPO and Registration Statement, and promotions to meet with and present favorable information to potential Missfresh investors, all motivated by their own and the Company's financial interests.

18. Defendant J.P. Morgan Securities LLC ("J.P. Morgan") is an investment banking firm that acted as a representative underwriter of the Company's IPO, helping to draft and

disseminate the IPO documents. Defendant J.P. Morgan's address is 277 Park Avenue New York, NY 10172.

19. Defendant Citigroup Global Markets Inc. ("Citigroup") is an investment banking firm that acted as a representative underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Citigroup's address is 390 Greenwich St, New York, NY 10013.

20. Defendant China International Capital Corporation Hong Kong Securities Limited ("CICC") is an investment banking firm that acted as a representative underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant CICC's address is 1 International Finance Centre 1 Harbour View Street, 29th Fl Central Hong Kong, Special Administrative Region ("SAR") of the PRC.

21. Defendant China Renaissance Securities (Hong Kong) Limited ("China Renaissance") is an investment banking firm that acted as a representative underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant China Renaissance's address is Units 8107-08, International Commerce Center, No.1 Austin Road West, Kowloon, Hong Kong, SAR, PRC.

22. Defendant Haitong International Securities Company Limited ("Haitong") is an investment banking firm that acted as an underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Haitong's address is 22/F Li Po Chun Chambers, 189 Des Voeux Road Central, Hong Kong, SAR, PRC.

23. Defendant CMB International Capital Limited ("CMB") is an investment banking firm that acted as an underwriter of the Company's IPO, helping to draft and disseminate the IPO

documents. Defendant CMB's address is Champion Tower, 3 Garden Road, 45th & 46th Floor Central Hong Kong, SAR, PRC.

24. Defendant AMTD Global Markets Limited ("AMTD") is an investment banking firm that acted as an underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant AMTD's address is 25/F Nexxus Building, 41 Connaught Road Central, Hong Kong, SAR, PRC.

25. Defendant ICBC International Securities Limited ("ICBC") is an investment banking firm that acted as an underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant ICBC's address is 37/F ICBC Tower, 3 Garden Road, Central, Hong Kong, SAR, PRC.

26. Defendant Needham & Company, LLC ("Needham") is an investment banking firm that acted as an underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Needham's address is 250 Park Ave, New York, NY 10177.

27. Defendant China Merchants Securities (HK) Co., Limited ("China Merchants") is an investment banking firm that acted as an underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant China Merchants' address is 48/F, 1 Exchange Square Central Hong Kong, SAR, PRC.

28. Defendant ABCI Securities Company Limited ("ABCI") is an investment banking firm that acted as an underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant ABCI's address is 13th Floor, Fairmont House, 8 Cotton Tree Drive, Central, Hong Kong, SAR, PRC.

29. Defendant GF Securities (Hong Kong) Brokerage Limited ("GF") is an investment banking firm that acted as an underwriter of the Company's IPO, helping to draft and

disseminate the IPO documents. Defendant GF's address is 29-30/F, Li Po Chun Chambers, 189 Des Voeux Road Central, Hong Kong, SAR, PRC.

30.     Defendant Futu Inc. ("Futu") is an investment banking firm that acted as an underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Futu's address is 720 University Avenue, Suite 100, Palo Alto, California 94301.

31.     Defendant Tiger Brokers (NZ) Limited ("Tiger Brokers") is an investment banking firm that acted as an underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Tiger Broker's address is Level 27/151 Queen Street, Auckland CBD, Auckland 1010, New Zealand.

32.     The Defendants named in ¶¶ 18-31 are sometimes referred to herein as the as the "Underwriter Defendants."

33.     Pursuant to the Securities Act, the Underwriter Defendants are liable for the false and misleading statements in the Registration Statement as follows:

(a)     The Underwriter Defendants are investment banking houses that specialize in, among other things, underwriting public offerings of securities. They served as the underwriters of the IPO and shared millions of dollars in fees collectively. The Underwriter Defendants arranged a roadshow prior to the IPO during which they, and representatives from Missfresh, met with potential investors and presented highly favorable information about the Company, its operations and its financial prospects.

(b)     The Underwriter Defendants also demanded and obtained an agreement from Missfresh and the Individual Defendants that Missfresh would indemnify and hold the Underwriter Defendants harmless from any liability under the federal securities laws.

(c)     Representatives of the Underwriter Defendants also assisted Missfresh and the

7

Individual Defendants in planning the IPO, and purportedly conducted an adequate and reasonable investigation into the business and operations of Missfresh, an undertaking known as a "due diligence" investigation. The due diligence investigation was required of the Underwriter Defendants in order to engage in the IPO. During the course of their "due diligence," the Underwriter Defendants had continual access to internal, confidential, current corporate information concerning the Company's most up-to-date operational and financial results and prospects.

(d) In addition to availing themselves of virtually unlimited access to internal corporate documents, agents of the Underwriter Defendants met with Missfresh's lawyers, management and top executives and engaged in "drafting sessions." During these sessions, understandings were reached as to: (i) the strategy to best accomplish the IPO; (ii) the terms of the IPO, including the price at which Missfresh securities would be sold; (iii) the language to be used in the Registration Statement; what disclosures about Missfresh would be made in the Registration Statement; and (iv) what responses would be made to the SEC in connection with its review of the Registration Statement. As a result of those constant contacts and communications between the Underwriter Defendants' representatives and Missfresh's management and top executives, the Underwriter Defendants knew of, or in the exercise of reasonable care should have known of, Missfresh's existing problems as detailed herein.

(e) The Underwriter Defendants caused the Registration Statement to be filed with the SEC and declared effective in connection with the offers and sales of securities registered thereby, including those to Plaintiff and the other members of the Class.

34. Defendant Cogency Global was Missfresh's authorized U.S. representative for purposes of the IPO. Defendant De Vries, who signed the Registration Statement, was an

employee of Defendant Cogency Global. As a result, Defendant Cogency Global is liable for the securities law violations committed by Defendant De Vries in its capacity as employer and as a control person under the Securities Act.

35.     Missfresh, the Individual Defendants, the Underwriter Defendants, and Cogency Global are referred to collectively as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

36.     On or about June 8, 2021, Missfresh filed with the SEC a Registration Statement on Form F-1, which in combination with a subsequent amendment on Form F-1/A and filed pursuant to Rule 424(b)(4), would be used for the IPO.

37.     On June 23, 2021, Missfresh filed with the SEC its final prospectus for the IPO on Form 424B4 (the "Prospectus"), which forms part of the Registration Statement. In the IPO, Missfresh sold approximately 21 million ADSs at $13.00 per ADS.

38.     The Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and was not prepared in accordance with the rules and regulations governing its preparation.

39.     Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

40.     The Registration Statement included the following financial figures:

|  | For the Year Ended December 31, | | | | For the Three Months Ended March 31, | | |
|---|---|---|---|---|---|---|---|
|  | 2018 | 2019 | 2020 | | 2020 | 2021 | |
|  | RMB | RMB | RMB | US$ | RMB | RMB | US$ |
|  | (in thousands, except for share and per share data) | | | | | | |
| **Summary Consolidated Statements of Operations and Comprehensive Loss Data:** | | | | | | | |
| **Net revenues** | | | | | | | |
| Sales of products through online platforms | 3,202,738 | 5,777,413 | 5,999,675 | 915,730 | 1,668,295 | 1,492,780 | 227,843 |
| Other revenues | 343,961 | 223,983 | 130,762 | 19,958 | 21,520 | 37,447 | 5,716 |
| **Total net revenues** | **3,546,699** | **6,001,396** | **6,130,437** | **935,688** | **1,689,815** | **1,530,227** | **233,559** |
| Cost of revenues | (3,242,677) | (5,480,499) | (4,940,016) | (753,994) | (1,179,007) | (1,341,249) | (204,715) |
| Fulfillment expenses | (1,239,275) | (1,832,978) | (1,576,944) | (240,689) | (415,175) | (440,224) | (67,191) |
| Sales and marketing expenses | (795,478) | (740,033) | (589,192) | (89,928) | (98,656) | (167,615) | (25,583) |
| General and administrative expenses (1) | (287,438) | (377,451) | (298,775) | (45,602) | (81,833) | (86,853) | (13,256) |
| Technology and content (1) | (230,865) | (469,655) | (369,432) | (56,386) | (102,161) | (94,794) | (14,468) |
| **Total cost and operating expenses** | **(5,795,733)** | **(8,900,616)** | **(7,774,359)** | **(1,186,599)** | **(1,876,832)** | **(2,130,735)** | **(325,213)** |

41.     The statement referenced in ¶ 40 above was materially false and/or misleading because it misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results. Specifically, the Registration Statement contained false and/or misleading statements and/or failed to disclose that: (1) Missfresh provided false financial figures in its Registration Statement; (2) Missfresh would need to amend its financial figures; (3) Missfresh, among other things, had lesser net revenues for the quarter ended March 31, 2021; and (4) as a result, Defendants' public statements were materially false and misleading at all relevant times and negligently prepared.

42.     Then on April 29, 2022, after trading hours, Missfresh filed with the SEC a Notification of Late Filing on Form 12b-25 which announced the following, in pertinent part:

> Missfresh Limited (the "Company") will not be able to file its Annual Report on Form 20-F for the fiscal year ended December 31, 2021 (the "Form 20-F") by the prescribed filing deadline of April 30, 2022. The independent Audit Committee of the Company's board of directors, with the assistance of professional advisors, is in the process of conducting an internal review of certain matters, including those relating to transactions between the Company and certain third-party enterprises. The Audit Committee is working with its advisors to complete the review in a timely manner. The Company will not be in a position to file its Form 20-F until the Audit Committee completes its review and the Company assesses the results of the review.

43.     On this news, Missfresh ADSs fell 13% to close at $0.448 per ADS on May 2, 2021, the next trading day, damaging investors.

44. On May 24, 2022, after trading hours, Missfresh issued a press release entitled "Missfresh Announces Receipt of Nasdaq Notification Regarding Late Filing of Form 20-F" which stated the following, in pertinent part:

> Missfresh Limited (NASDAQ: MF) ("Missfresh" or the "Company"), an innovator and leader in China's neighborhood retail industry, today announced that it received a notification letter dated May 19, 2022 (the "Notification Letter") from the Listing Qualifications Department of The Nasdaq Stock Market Inc. ("Nasdaq"), indicating that the Company is not in compliance with the requirements for continued listing set forth in Nasdaq Listing Rule 5250(c)(1) since the Company did not timely file its annual report on Form 20-F for the fiscal year ended December 31, 2021 (the "2021 Form 20-F") with the Securities and Exchange Commission (the "SEC").
>
> The Notification Letter has no immediate effect on the listing of the Company's American depositary shares on Nasdaq. Pursuant to the Nasdaq Listing Rules, the Company has 60 calendar days from the date of the Notification Letter to submit a plan to regain compliance with Nasdaq Listing Rules (the "Compliance Plan"). If Nasdaq accepts the Compliance Plan, it may grant the Company an extension until November 14, 2022 to regain compliance. The Company expects either to file its 2021 Form 20-F or submit the Compliance Plan within the prescribed 60-day period.
>
> ***The Company was not able to file the 2021 Form 20-F by the prescribed deadline as extended pursuant to Rule 12b-25(b)(2)(ii) under the Securities Exchange Act of 1934, primarily because the Company is unable to complete the audit of the financial statements of the Company for the fiscal year ended December 31, 2021*** and the preparation for the 2021 Form 20-F due to an internal review conducted by the independent audit committee of the Company's board of directors, with the assistance of professional advisors, as previously disclosed in the Company's Notification of Late Filing on Form 12b-25 filed with the SEC on April 29, 2022. The Company continues to work diligently to complete the 2021 Form 20-F and intends to file it with the SEC as soon as reasonably practicable. This announcement is made in compliance with Nasdaq Listing Rule 5810(b), which requires prompt disclosure of receipt of a deficiency notification.

(Emphasis added.)

45. On this news, Missfresh ADSs fell 9% over the next two trading days to close at $0.167 per ADS on May 26, 2021, further damaging investors.

46. On July 1, 2022, Missfresh issued a press release entitled "Missfresh Announces

the Substantial Completion of the Audit Committee-Led Independent Internal Review" which stated the following, in pertinent part:

### Summary of Findings

The Review is now substantially complete. The Review identified certain transactions carried out by the Next-Day Delivery BU in 2021 that exhibited characteristics of questionable transactions, such as undisclosed relationships between suppliers and customers, different customers or suppliers sharing the same contact information, and/or lack of supporting logistics information. ***As a result, certain revenue associated with these reporting periods in 2021 may have been inaccurately recorded in the Company's financial statements.***

Based on the Review's investigative steps as described above, the individual employees in the Next-Day Delivery BU responsible for carrying out the questionable transactions have been identified. All of them had given notices of resignation to the Company before the conclusion of the Review. …

### Follow-up Financial Impact Assessment

***The Company has conducted a preliminary assessment of the overall financial impact of the Review findings on the relevant financial statements, as shown in the table below.*** While the Company does not expect any further adjustments to be needed, the Company's management is committed to full and transparent disclosure and will provide timely updates if needed, as its financial impact assessment continues.

| Unaudited | As Previously Announced | | | Adjustments | | | As Adjusted | | |
|---|---|---|---|---|---|---|---|---|---|
| | For the three months ended | | | For the three months ended | | | For the three months ended | | |
| (All amounts in thousands, except for share, per share data or otherwise noted) | March 31, 2021 | June 30, 2021 | September 30, 2021 | March 31, 2021 | June 30, 2021 | September 30, 2021 | March 31, 2021 | June 30, 2021 | September 30, 2021 |
| | RMB | RMB | RMB | RMB | RMB | RMB | RMB | RMB | RMB |
| **Net revenues** | | | | | | | | | |
| Sales of products through online platforms | 1,492,780 | 1,854,120 | 2,078,226 | (156,824) | (256,482) | (263,873) | 1,335,956 | 1,597,638 | 1,814,353 |
| Other revenues | 37,447 | 40,360 | 43,706 | - | - | - | 37,447 | 40,360 | 43,706 |
| **Total net revenues** | 1,530,227 | 1,894,480 | 2,121,932 | (156,824) | (256,482) | (263,873) | 1,373,403 | 1,637,998 | 1,858,059 |
| Cost of revenues | (1,341,249) | (1,752,626) | (1,861,290) | 161,696 | 265,495 | 272,358 | (1,179,553) | (1,487,131) | (1,588,932) |
| Fulfillment expenses | (440,224) | (540,990) | (637,869) | - | - | - | (440,224) | (540,990) | (637,869) |
| Sales and marketing expenses | (167,615) | (304,700) | (256,208) | (4,872) | (9,013) | (8,485) | (172,487) | (313,713) | (264,693) |
| General and administrative expenses | (86,853) | (396,012) | (192,176) | - | - | - | (86,853) | (396,012) | (192,176) |
| Technology and content | (94,794) | (393,829) | (145,121) | - | - | - | (94,794) | (393,829) | (145,121) |
| **Total cost and operating expenses** | (2,130,735) | (3,388,157) | (3,092,664) | 156,824 | 256,482 | 263,873 | (1,973,911) | (3,131,675) | (2,828,791) |

(Emphasis added.)

47.     Since the IPO, and as a result of the disclosure of material adverse facts omitted from Missfresh's Registration Statement, Missfresh's ADS price has fallen substantially below

its IPO price, damaging Plaintiff and Class members. As of July 6, 2022, Missfresh's ADSs closed at $0.3075, representing *a 97% decline from the IPO price*.

48. Additionally, due to the materially deficient Registration Statement, Defendants have also violated their independent, affirmative duty to provide adequate disclosures about adverse conditions, risk and uncertainties. Item 303 of SEC Reg. S-K, 17 C.F.R. §229.303(a)(3)(ii) requires that the materials incorporated in a registration statement disclose all "known trends or uncertainties" reasonably expected to have a material unfavorable impact on the Company's operations.

49. SEC Regulation S-K, 17 C.F.R. § 229.503, required the "Risk Factor" section of the Registration Statement to discuss the most significant factors that made the Offering risky or speculative and that each risk factor adequately described the risk. Defendants' failure to disclose the already occurring significant problems underlying its base business, as well as the likely material effects it would have on the Company's ADS price, rendered the Registration Statement's many references to known risks that "if" occurring "may" or "could" adversely affect the Company as false and misleading.

50. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action as a class action on behalf of all those who purchased Missfresh securities pursuant and/or traceable to the Registration Statement (the "Class"). Excluded from the Class are Defendants and their families, the officers and directors and affiliates of Defendants, at all relevant times, members of their immediate families and their legal

representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

52. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Missfresh or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

53. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

54. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

55. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a) whether Defendants violated the federal securities laws;

b) whether the Registration Statement contained false or misleading statements of material fact and omitted material information required to be stated therein; and

c) to what extent the members of the Class have sustained damages and the proper measure of damages.

56. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Violations of Section 11 of the Securities Act Against All Defendants

57. Plaintiff incorporates all the foregoing by reference.

58. This Count is brought pursuant to §11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants.

59. The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

60. Defendants are strictly liable to Plaintiff and the Class for the misstatements and omissions.

61. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

62. By reason of the conduct herein alleged, each Defendant violated or controlled a person who violated §11 of the Securities Act.

63. Plaintiff acquired Missfresh securities pursuant to the Registration Statement.

64. At the time of their purchases of Missfresh securities, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to the disclosures herein.

65. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## COUNT II
### Violations of Section 12(a)(2) of the Securities Act Against All Defendants

66. Plaintiff incorporates all the foregoing by reference.

67. By means of the defective Prospectus, Defendants promoted, solicited, and sold the Company's securities to Plaintiff and other members of the Class.

68. The Prospectus for the IPO contained untrue statements of material fact, and concealed and failed to disclose material facts, as detailed above. Defendants owed Plaintiff and the other members of the Class who purchased Missfresh securities pursuant to the Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Prospectus as set forth above.

69. Plaintiff did not know, nor in the exercise of reasonable diligence could Plaintiff have known, of the untruths and omissions contained in the Prospectus at the time Plaintiff acquired Missfresh securities.

70. By reason of the conduct alleged herein, Defendants violated §12(a)(2) of the Securities Act, 15 U.S.C. §77l(a)(2). As a direct and proximate result of such violations, Plaintiff and the other members of the Class who purchased Missfresh securities pursuant to the Prospectus sustained substantial damages in connection with their purchases of the securities. Accordingly, Plaintiff and the other members of the Class who hold the securities issued pursuant to the Prospectus have the right to rescind and recover the consideration paid for their securities, and hereby tender their securities to Defendants sued herein. Class members who have sold their securities seek damages to the extent permitted by law.

71. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## COUNT III
### Violations of Section 15 of the Securities Act Against the Individual Defendants

72. Plaintiff incorporates all the foregoing by reference.

73. This cause of action is brought pursuant to §15 of the Securities Act, 15 U.S.C. §77o against all Defendants except the Underwriter Defendants.

74. The Individual Defendants were controlling persons of Missfresh by virtue of their positions as directors or senior officers of Missfresh. The Individual Defendants each had a series of direct and indirect business and personal relationships with other directors and officers and major shareholders of Missfresh. The Company controlled the Individual Defendants and all of Missfresh's employees.

75. Missfresh and the Individual Defendants were culpable participants in the violations of §§11 and 12(a)(2) of the Securities Act as alleged above, based on their having

17

signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

76. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment and relief as follows:

A. declaring this action to be a proper class action, designating Plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

B. awarding damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

C. awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D. awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: July 12, 2022					Respectfully submitted,

					**THE ROSEN LAW FIRM, P.A.**

					/s/Phillip Kim
					Phillip Kim, Esq. (PK 9384)
					Laurence M. Rosen, Esq. (LR 5733)
					275 Madison Ave., 40th Floor
					New York, NY 10016
					Tel: (212) 686-1060
					Fax: (212) 202-3827
					Email: lrosen@rosenlegal.com
					Email: pkim@rosenlegal.com

					*Counsel for Plaintiff*