**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     - against -<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>          Defendants. | Case No. 1:22-cv-09836-JSR |

**SUPPLEMENTAL SUBMISSION**
**IN SUPPORT OF THE MOTION TO DISMISS**

Defendants ABCI Securities Company Limited ("ABCI"), Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited ("CIIC"), China Merchants Securities (HK) Co., Limited ("CMS"), China Renaissance Securities (Hong Kong) Limited ("China Renaissance"), CMB International Capital Limited ("CMBI"), Futu Inc. (n/k/a Moomoo Financial Inc.), ICBC International Securities Limited ("ICBC"), J.P. Morgan Securities LLC, Needham & Company, LLC, and Tiger Brokers (NZ) Limited ("Tiger") respectfully submit that the claims against them should be dismissed for the reasons set forth in the Memorandum of Law in Support of the Motion to Dismiss submitted by Missfresh Limited, Cogency Global, Inc., and Colleen A. DeVries (ECF No. 43) (the "Motion to Dismiss").

Defendants ABCI, CIIC, CMS, China Renaissance, CMBI, ICBC, and Tiger further make this supplemental submission to reserve expressly all defenses based on personal jurisdiction and insufficient service of process.[1]  In the interests of efficiency and judicial economy, such defenses are reserved because the Amended Complaint should be dismissed as to all defendants based on the arguments raised in the Motion to Dismiss.

---

[1] *See Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002) ("[T]o preserve the defense of lack of personal jurisdiction, a defendant need only state the defense in its first responsive filing and need not articulate the defense with any rigorous degree of specificity."); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2d Cir. 1998) (explaining defendant may "properly preserve[] its service of process and personal jurisdiction defenses"); *Dubois v. Maritimo Offshore Pty Ltd.*, 454 F. Supp. 3d 173, 179 (D. Conn. 2020) (discussing preservation of insufficient process defense); *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Products, Inc.*, 2021 WL 2534000, at *6 (S.D.N.Y. June 21, 2021) (discussing preservation of personal jurisdiction defense).

Dated: New York, New York
      January 27, 2023

Respectfully submitted,

SHEARMAN & STERLING LLP


By:  */s/ Daniel C. Lewis*
     Daniel C. Lewis
     Benjamin Klebanoff
     599 Lexington Avenue
     New York, NY 10022-6069
     Telephone: (212) 848-4000
     Facsimile: (212) 848-7179
     daniel.lewis@shearman.com
     benjamin.klebanoff@shearman.com

*Counsel for J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, CMB International Capital Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, Futu Inc. (n/k/a Moomoo Financial Inc.), and Tiger Brokers (NZ) Limited*

2