**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC., <br><br> Defendants. | Case No. 1:22-cv-09836-JSR |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO**
**UNDERWRITER DEFENDANTS' SUPPLEMENTAL SUBMISSION**
**IN SUPPORT OF THE MOTION TO DISMISS**

Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and named plaintiff James Sannito ("Plaintiffs") respectfully submit this memorandum of law in opposition to the supplemental submission ("Supplemental Motion", ECF No. 47) made by the Underwriter Defendants[1] in support of Defendants Missfresh Limited ("Missfresh"), Colleen A. De Vries ("De Vries") and Cogency Global, Inc.'s ("Cogency") Motion To Dismiss the Amended Class Action Complaint[2] (the "Motion to Dismiss") (ECF No. 42).

While not labeled as such, the Underwriter Defendants' submission is a joinder to the Motion to Dismiss and incorporates all substantive arguments on merits by Defendants Missfresh, Cogency and De Vries. *See* Supplemental Motion; Fed. R. Civ. P. 12(g). Otherwise, an entry of default judgment under Rule 55 of the Federal Rules of Civil Procedure is warranted against Underwriter Defendants, particularly Defendants Citigroup Global Markets Inc., Futu Inc., J.P. Morgan Securities LLC, Needham & Company, LLC, because they have willfully failed to respond to the Complaint pursuant to the Court's December 2, 2022 scheduling order despite being properly served with the summons and Complaint.

Except for the challenge raised by the below seven Underwriters over the personal jurisdiction and insufficient service of process, the Underwriter Defendants do not raise any independent disputes against Plaintiffs' claims. Therefore, for the same reasons stated in Plaintiffs'

---

[1] The Underwriter Defendants are as follows: ABCI Securities Company Limited ("ABCI"), Citigroup Global Markets Inc. ("CGMI"), China International Capital Corporation Hong Kong Securities Limited ("CIIC"), China Merchants Securities (HK) Co., Limited ("CMS"), China Renaissance Securities (Hong Kong) Limited ("China Renaissance"), CMB International Capital Limited ("CMBI"), Futu Inc. ("Futu"), ICBC International Securities Limited ("ICBC"), J.P. Morgan Securities LLC ("JP Morgan"), Needham & Company, LLC ("Needham"), and Tiger Brokers (NZ) Limited ("Tiger").

[2] The Amended Class Action Complaint is hereinafter referred to as the "Complaint". ECF No. 34.

Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint, simultaneously filed herewith, Plaintiffs' claims against the Underwriter Defendants under Sections 11, 12(a)(2) and 15 should be sustained.

Additionally, Underwriter Defendants ABCI, CIIC, CMS, China Renaissance, CMBI, ICBC, and Tiger (the "Foreign UW Defendants") have waived their right to challenge the personal jurisdiction and insufficient service of process by joining the Motion to Dismiss. *See* Fed. R. Civ. P. 12(h)(1); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 134 (2d Cir. 2011) ("It is well established that a party forfeits its defense of lack of personal jurisdiction by failing timely to raise the defense in its initial responsive pleading.")

In any event, the following facts establish the Court's personal jurisdiction over the Foreign UW Defendants, including that (i) counsel for the Foreign UW Defendants' participated in the December 2, 2022 telephonic conference with the Court, (ii) Plaintiffs have successfully served the initial complaint on the Foreign UW Defendants, (iii) counsel for the Foreign UW Defendants have acknowledged of receipt of the Complaint, and (iv) the Foreign UW Defendants have already appeared in this case. *See* the Declaration of Phillip Kim in Support of Plaintiffs' Memorandum of Law in Opposition to Underwriter Defendants' Supplemental Submission in Support of the Motion to Dismiss.

Plaintiffs therefore respectfully request that the Court confirm its personal jurisdiction over the Foreign UW Defendants, or alternatively allow Plaintiffs to serve the Complaint on the Foreign UW Defendants by serving their counsel. *See In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266-67 (S.D.N.Y. 2012) ("Recent contact" between the client and counsel warranted alternative service; courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3).)

DATED: February 10, 2023

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim
Laurence M. Rosen
Jing Chen
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
jchen@rosenlegal.com


**LABATON SUCHAROW LLP**
*/s/ Alfred L. Fatale III*
Alfred L. Fatale III
David J. Schwartz
Charles Wood
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
afatale@labaton.com
dschwartz@labaton.com
cwood@labaton.com

*Lead Counsel for Plaintiffs and the Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0482
Email: brian@schallfirm.com

*Additional Counsel*

3