**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    - against -<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br>        Defendants. | Case No. 1:22-cv-09836-JSR |

**SUPPLEMENTAL REPLY**
**IN SUPPORT OF THE MOTION TO DISMISS**

Defendants ABCI Securities Company Limited ("ABCI"), Citigroup Global Markets Inc. ("Citi"), China International Capital Corporation Hong Kong Securities Limited ("CIIC"), China Merchants Securities (HK) Co., Limited ("CMS"), China Renaissance Securities (Hong Kong) Limited ("China Renaissance"), CMB International Capital Limited ("CMBI"), Futu Inc. (n/k/a Moomoo Financial Inc.) ("Futu"), ICBC International Securities Limited ("ICBC"), J.P. Morgan Securities LLC ("JPM"), Needham & Company, LLC ("Needham"), and Tiger Brokers (NZ) Limited ("Tiger") (collectively, the "Underwriter Defendants") respectfully submit that the claims against them should be dismissed for the reasons set forth in the Reply Memorandum of Law in Support of the Motion to Dismiss (ECF No. 51) (the "Missfresh Reply") and the Memorandum of Law in Support of Defendants Missfresh Limited, Colleen A. DeVries, and Cogency Global, Inc.'s Motion to Dismiss the Amended Class Action Complaint (ECF No. 43) (the "Missfresh Motion to Dismiss").

Plaintiffs' arguments attacking the Supplemental Submission, and their contentions that ABCI, CIIC, CMS, China Renaissance, CMBI, ICBC, and Tiger (the "Non-U.S. Underwriters") waived personal jurisdiction and service of process defenses (*see* ECF No. 49) are meritless.

*First*, Plaintiffs do not seriously suggest that any Underwriter Defendant is in default. The Underwriter Defendants, on the deadline set by the Court, made a supplemental submission averring that the claims against them should be dismissed for the reasons set out in the Missfresh Motion to Dismiss. Moreover, plaintiffs have not followed and could not make the showings required by Local Rule 55.1 for the Clerk to enter a default as to any defendant.

*Second*, the Non-U.S. Underwriters expressly reserved in the Supplemental Submission "*all defenses* based on personal jurisdiction and insufficient service of process." ECF No. 47 (emphasis added). By expressly reserving "all defenses" on this basis, the Non-U.S.

Underwriters never provided "plaintiff[s] a reasonable expectation that [they] will defend the suit on the merits" or otherwise took any step that would "cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración Y Producción*, 832 F.3d 92, 102 (2d Cir. 2016).

The case cited by Plaintiffs, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 135 (2d Cir. 2011), does not hold otherwise. In that case, the Second Circuit addressed whether the district court was obligated to determine if the exercise of personal jurisdiction over the defendants was appropriate when it entered default judgment, an issue that is not present here. Moreover, the decision acknowledges that a defendant can avoid waiving personal jurisdiction by raising it "in its initial responsive pleading." *Id*. at 134; *see also* ECF No. 49 at 1 n.2 (citing cases). That is precisely what happened here: the Non-U.S. Underwriters asserted personal jurisdiction and service of process defenses in their first responsive pleading but also acknowledge that these defenses raise fact issues that the parties do not need to dispute or address if the Court decides to dismiss the case as a matter of law for the reasons discussed in the Missfresh Motion to Dismiss and the Missfresh Reply.

*Third*, plaintiffs' hodgepodge of arguments that this Court may, nonetheless, exercise personal jurisdiction over the Non-U.S. Underwriters lack both factual and legal foundation. To start, plaintiffs' purported service of the original, rather than the amended, complaint does not resolve whether the Non-U.S. Underwriters were properly served when the original complaint is no longer the operative pleading—to the contrary, "the original complaint is not superseded until the amended complaint is served" on a defendant. *Int'l Controls Corp. v. Vesco*, 556 F.2d 665,

2

669 (2d Cir. 1977) (requiring service of amended complaint).[1]  But even if the Non-U.S.

Underwriters had been properly served with the amended complaint, that would not

automatically make it proper to exercise jurisdiction over them.  *E.g.*, *In re Alstom SA*, 406 F.

Supp. 2d 346, 398 (S.D.N.Y. 2005) (explaining exercise of personal jurisdiction pursuant to

Securities Act must comport with due process); *see also In re Aegean Marine Petrol. Network,*

*Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 134 (S.D.N.Y. 2021) (evaluating same).

Moreover, contrary to plaintiffs' suggestion, counsel for the Underwriter Defendants did

not appear at the December 2, 2022 teleconference on behalf of all the Non-U.S. Underwriters.

Lewis Decl. ¶ 2.  Indeed, plaintiffs do not even contend that they had made efforts to serve all the

Non-U.S. Underwriters by that date such that an appearance would even have made sense.  And

although counsel has since entered appearances for the Non-U.S. Underwriters, those

appearances include specific reservations of jurisdictional and service of process defenses.  *See,*

*e.g.*, ECF Nos. 37, 38.  In any event, "the Federal Rules of Civil Procedure do not require a

special appearance and a party can file a general appearance and object to personal jurisdiction at

any time before the answer is filed or in the answer," which is precisely what the Non-U.S.

Underwriters did here.  *Pacnav S.A. v. Effie Bus. Corp.*, 2010 WL 2102714, at *2 (S.D.N.Y. May

20, 2010) (citing *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972)).

*Finally*, plaintiffs' passing request that this Court authorize an alternative form of service

of process as to the Non-U.S. Underwriters should be rejected.  Before this Court may authorize

an alternative form of service this Court must "evaluate (1) a showing that the plaintiff has

---

[1] Moreover, when counsel for the Non-U.S. Underwriters acknowledged plaintiffs' effort to effect service of the original complaint, counsel did so while expressly indicating that the Non-U.S. Underwriters reserved the right to challenge both the sufficiency of service as well as the Court's exercise of personal jurisdiction over them.  Lewis Decl. ¶ 3.

reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Baliga ex rel. Link Mot. Inc. v. Link Mot. Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019). In contrast to the plaintiffs in *In GLG Life Tech Corp. Sec. Litig.*, who averred the steps they had taken in their attempts to effect service and outlined why alternative service was appropriate in light of the unique circumstances of that case, plaintiffs have not even attempted such a showing here. 287 F.R.D. 262, 266–67 (S.D.N.Y. 2012). Accordingly, alternative service is not warranted."

Dated: New York, New York
February 17, 2023

Respectfully submitted,

SHEARMAN & STERLING LLP

By: /s/ Daniel C. Lewis
Daniel C. Lewis
Benjamin Klebanoff
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
daniel.lewis@shearman.com
benjamin.klebanoff@shearman.com

*Counsel for J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, CMB International Capital Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, Futu Inc. (n/k/a Moomoo Financial Inc.), and Tiger Brokers (NZ) Limited*

4