N9SJCHEC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JUAN CHEN, ET AL.,

                Plaintiffs,

        v.                              22 Civ. 9836 (JSR)

MISSFRESH LIMITED, ET AL.,

                                        Telephone Conference

                Defendants.

------------------------------x
                                        New York, N.Y.
                                        September 28, 2023
                                        4:30 p.m.

Before:

                        HON. JED S. RAKOFF,

                                        District Judge

                        APPEARANCES

THE ROSEN LAW FIRM P.A.
     Attorneys for Plaintiffs Juan Chen and Chelsea Fan
BY:  PHILLIP C. KIM
     JING CHEN

LABATON & SUCHAROW LLP
     Attorneys for Plaintiff Maso Capital
BY:  ALFRED L. FATALE III

SKADDEN ARPS SLATE MEAGHER & FLOM LLP
     Attorneys for Defendant Missfresh Limited
BY   SCOTT D. MUSOFF
     MICHAEL C. GRIFFIN

SHEARMAN & STERLING LLP
     Attorneys for Defendant J.P. Morgan Securities LLC
BY:  DANIEL C. LEWIS

N9SJCHEC

(The Court and all parties present telephonically)

THE COURT:  This is Judge Rakoff.  Would counsel please identify themselves.

MR. KIM:  Good afternoon, your Honor.

Phillip Kim, Rosen Law Firm, for the plaintiffs.  I'll be speaking for the plaintiffs today.

Also on the line is Jing Chen from my firm and Alfred Fatale of Labaton.

MR. MUSOFF:  Good afternoon, Judge Rakoff.

This is Scott Musoff along with Michael Griffin, from Skadden Arps, for Defendants Missfresh, Cogency, and Colleen De Vries.

MR. LEWIS:  Good afternoon, your Honor.

This is Daniel Lewis from Shearman & Sterling for the underwriter defendants.

THE COURT:  Okay.  So thank you for your case management plan, but it's completely unacceptable, totally denied, and just in my view completely and totally inconsistent with what I had advised you was my plan to have this case ready for trial by February.

So if you had told me, "Oh, Judge, there's a few little difficulties here, we might need March" or something like that, I might have been sympathic.  But if what you're telling me is September, forget it, fellows.  This case is going to be long finished before then.  So --

N9SJCHEC

MR. MUSOFF:  Judge Rakoff, if I may, I apologize for interrupting.  This is Scott Musoff.

Apologize if we didn't give the reasons in the submission.  We had conferred with plaintiffs and thought we would address them today.  This case involves a company based in China, and we've worked with Mr. Kim and his colleagues and The Rosen Firm in similar cases.  And we've been recently facing a lot of difficulties in light of several laws enacted in the PRC in the fall of 2021 that we've been cooperatively in other cases trying to overcome, including meeting with certain government officials there.  So we built in time in this case, based on prior experiences, to try and address those document concerns.

THE COURT:  Well, I've had plenty of cases involving China, and I think it's fair to say that the responsiveness to discovery on the part of many Chinese companies is quite at odds with their response to American consumers who want to purchase their goods, but I've not yet encountered a case where it required this much time.  So I hear what you're saying, and so that might push me to April.  It's not going to push me to September.  Of course, if the parties don't comply with the orders of the Court, they'll suffer accordingly.  What can I tell you?

So let's look at the case management plan.  It's a jury trial.  I have a problem with your suggestion that answers

be filed within 14 days after the Court issues its decision on defendant's motion to dismiss, and I'll work on that.  The joinder of initial parties by October 26, and amended pleadings by October 26, initial disclosures by October 26, that's all fine.  First request for documents, October 26.

Then you have added "the parties shall substantially complete document production by May 10, 2024."  Give me an example of why it would take until May 10, 2024, to respond to a document request made, say, on October 26.

MR. MUSOFF:  Your Honor, this is Scott Musoff from Skadden.

That was the concerns we had based on prior experience in dealing with the PRC and their data security law and personal information protection law that were enacted in the fall of 2021.  And there's several steps that have to be complied with under those statutes, including having local — which we've engaged in other cases — local PRC counsel do a first review, and then a couple of other steps including provide those documents to the relevant PRC authority for them to review in order to produce to the United States.

THE COURT:  Yeah.  So these companies chose to do business here in the United States, right?

MR. MUSOFF:  Well, they chose to issue ADFs on a U.S. exchange.

THE COURT:  Yeah.

N9SJCHEC

MR. MUSOFF:  They're not doing business --

THE COURT:  So to that effect, they're governed by U.S. law.  I'm sorry.  Let me say that here's what's happened in all previous cases, and I understand things may have changed in 2021, but my experience is that the delay, whether it be with respect to Chinese law or any other law involving various international laws, because of course the Southern District of New York sees many foreign international cases, is that counsel will, for the party that has to produce, will have to become a thorn in the side of the relevant authorities and politely but persuasively push them to move.  And that's what's going to have to happen here.

MR. MUSOFF:  And I can assure your Honor we will certainly do that to the best of our abilities.  I will just note that these recent laws have just made it a little more complicated than, for example, I've certainly been before you on French blocking statute, Swiss privacy, and other issues. This one, I think because it's new, they're still trying to work things out.  But I hear you loud and clear.

THE COURT:  I'm glad you raise that because, as you know, Mr. Musoff, you're one of my favorite attorneys.  I state that here on the record, and that's why I know when you make a representation like that, you will follow through.

MR. MUSOFF:  Thank you, your Honor.

THE COURT:  Okay.  So why don't we say the parties

N9SJCHEC

shall substantially complete document production by February --
is next year a leap year or not?  I think it is, maybe.  Anyone
know?

THE DEPUTY CLERK:  February has 29 days.

THE COURT:  All right.  So the parties shall
substantially complete document production by February 29.
Then before we get to interrogatories, how many depositions
does plaintiff contemplate?

MR. KIM:  Your Honor, sorry.  I missed that question.
Maybe I --

THE COURT:  How many depositions does plaintiff's
counsel contemplate?

MR. KIM:  At this point, ten.

THE COURT:  Okay.  And defense counsel?

MR. MUSOFF:  Your Honor, Scott Musoff.

We will not need more than ten, provided under the
rules, and with the limited issue left, we think less.

THE COURT:  Okay.  So all depositions, including
expert depositions, to be completed by -- Linda, what day of
the week is April 30?

THE DEPUTY CLERK:  Checking.  April 30 is Saturday.

THE COURT:  Okay.

THE DEPUTY CLERK:  No.  That's March.  April 30 is a
Tuesday.

THE COURT:  Okay.  So all depositions to be completed

N9SJCHEC

by April 30.

Now, let's go back to experts.  So what kind of experts are we talking about here?

MR. KIM:  Your Honor, this is Phillip Kim for plaintiffs.

On the plaintiff side, we would think we need a damages expert along with an accounting expert.

THE COURT:  Okay.  And on defense side?

MR. MUSOFF:  Similar, your Honor.  Negative causation expert and an accounting expert as well.

THE COURT:  Okay.

MR. LEWIS:  And this is Daniel Lewis for the underwriter defendants, your Honor.

We would also likely have a diligence expert for the underwriters.

THE COURT:  Okay.  So let's go back to the dates for experts.  Moving experts reports and disclosures on March 29, and responding expert disclosures April 19.

Okay.  Now, back to interrogatories.  Why in the world --

MR. KIM:  This is Phillip Kim.  Sorry to interject.  Phillip Kim for plaintiffs.

We would also have a diligence expert, as well, to address the diligence issue.

THE COURT:  What do you mean by that?

MR. LEWIS:  Your Honor, this is Daniel Lewis from Shearman & Sterling for the underwriter defendants.

The reports we've submitted in prior cases typically talk about the custom and practice of underwriter diligence, which informs the determination of what would be a reasonable investigation under the circumstances.

THE COURT:  All right.  I can see the possibility that I should make everyone aware, if you're not already, that Daubert is strictly applied in my court, and so any expert report or any portion of an expert's testimony that does not meet the requirements of Daubert will be excluded.  So just keep that in the back of your mind.

Because my experience is that part of what I often see on so-called diligence experts are either statements of law, which is, of course, only for the Court, not for an expert; or, for matters that don't really require expertise or are within the normal ken of the jury.  Now, in between those two extremes there are some things that such experts can fairly testify to, so I'm not excluding such experts; I'm just flagging for you that you need to keep those limits in mind.  Okay.

Back to interrogatories.  So other than interrogatories under Local 33.3(a), I don't normally allow any interrogatories.  And basically, under 33.3(a), the interrogatories are names of persons with knowledge, very similar to what you'll have to be providing in your initial

disclosure, but slightly differently worded.

So I don't understand why, if initial disclosure is going to be served by October 26, the day you suggest, interrogatories, limited as they must be, to Rule 33.3(a), interrogatories should be served under your proposal by July 10.  Or even if we go back several months in terms of my suggestions, why aren't they something that should be propounded on October 26?

MR. KIM:  Your Honor, this is Phillip Kim for the plaintiffs.

Our plan was to serve them early anyway, so we'd be okay with the Court setting the October 26 date as the date by which they should be served, on or before.

THE COURT:  Hearing no disagreement?

MR. MUSOFF:  Your Honor, for the defendants, as you know in these cases, it's propounded more on us as the defendants, people that are involved, as opposed to the shareholders, so that's fine.

THE COURT:  Okay.  Very good.

So going back to all depositions will be completed by April 30.  And I'm striking the last sentence in your proposal about fact depositions, July 3, and expert depositions August 9.  Requests to admit must be served by April 5.  All discovery should be completed by May 6.  Moving papers on summary judgment, May 20.  Responding papers, June 3.  Reply

N9SJCHEC

papers, June 10.

Oh, I'm sorry. I passed over the class certification. Let's go back a step. So the motion for class certification, now, as you correctly noted, that has to be earlier. I have no trouble with your dates on that, so that would be moving papers on December 13, answering papers on January -- why is it going to take till January 26?

MR. MUSOFF: Your Honor, Scott Musoff.

A combination of the holidays and, to the extent there needs to be targeted depositions in that interim period, not that --

THE COURT: Okay. Yeah. I'm willing to go along with that, even though I think it's a little on the leisurely side, but okay. And then reply papers, why do we need a whole month for reply papers?

MR. KIM: Your Honor, this is Phillip Kim for plaintiffs.

I think for similar reasons, if we needed to take some targeted depositions, I don't know if defendants are going to put forth an expert in opposition or not, so we just wanted to build in some time for that.

THE COURT: I'm willing to do it just because it doesn't affect the overall schedule. So again, I would have normally wanted something shorter, but February 26. And oral argument, then, on March 4 at 4:00 p.m. Okay.

N9SJCHEC

Now, back to the summary judgment, moving papers on May 20, answering papers on June 3.  Reply papers on June 10.  And we'll have a final pretrial conference as well as oral argument on any summary judgment motions on June 17 at 4:00 p.m.

So look at that.  You have so eloquently talked me into moving the ready for trial date, which will be June 17, from February to June.  I'm going to have to go cry as soon as this is over, but there you go.  All right.  Anything else we need to take up today?

MR. MUSOFF:  We thought our victory was getting the extra date for leap year, but this is even better.  Thank you, your Honor.  Really appreciate it.

THE COURT:  All right.  Very good.  Unless there's anything else, that concludes this proceeding.  Thanks a lot.

(Adjourned)