**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>                    v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>       Defendants. | Case No. 1:22-cv-09836-JSR |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANTS ZHENG XU, ZHAOHUI LI, HANSONG ZHU, JUN WANG, AND YUAN SUN**

**TABLE OF CONTENTS**

I.   INTRODUCTION AND FACTS ......................................................................................... 1

II.  ARGUMENT ................................................................................................................... 3

   A.  The Court Should Exercise its Discretion to Permit Alternative Service ............................. 4

   B.  The Federal Law and International Agreements Do Not Prohibit Plaintiffs' Proposed
       Methods of Service; Plaintiffs' Proposed Methods of Service Also Comport with Due
       Process. ........................................................................................................................... 5

      Defendant Xu .................................................................................................................. 5

      Defendant Li ................................................................................................................... 6

         (1)   Service on the U.S. Counsel ................................................................................. 7

         (2)   Service by Email to Tencent and KE Holdings ..................................................... 7

      Defendant Zhu ................................................................................................................ 8

         (1)   Service by Email to KE Holdings ......................................................................... 9

         (2)   Service Via Text Message, Email or Any Social Media Account Missfresh or
               Skadden Has on File ........................................................................................... 9

      Defendant Wang ............................................................................................................ 11

         (1)   Service by Publication on WSJ Asia (electronic) and GlobeNewswire Asia .......... 11

         (2)   Service Via Text Message, Email or Any Social Media Account Missfresh or
               Skadden Has on File ......................................................................................... 13

         (3)   Service by Mail to the Forwarding or Home Address Outside China .................... 13

      Defendant Sun ............................................................................................................... 14

         (1)   Service by Publication on WSJ Asia (electronic) and GlobeNewswire Asia .......... 14

         (2)   Service Via Text Message, Email or Any Social Media Account Missfresh or
               Skadden Has on File ......................................................................................... 14

         (3)   Service by Mail to the Forwarding or Home Address Outside China .................... 14

III. CONCLUSION ............................................................................................................. 15

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aircraft Engine Lease Fin., Inc. v. Plus Ultra Lineas Aereas, S.A.*,
  No. 21 CIV. 1758, 2021 WL 6621578 (S.D.N.Y. Apr. 23, 2021).............................................. 3

*Birmingham v. Doe*,
  593 F. Supp. 3d 1151 (S.D. Fla. 2022) ................................................................................. 8

*Convergen Energy LLC v. Brooks*,
  No. 20-CV-3746 (LJL), 2020 WL 4038353 (S.D.N.Y. July 17, 2020)................................... 3, 4

*Ehrenfeld v. Salim a Bin Mahfouz*,
  No. 04 CIV. 9641 (RCC), 2005 WL 696769 (S.D.N.Y. Mar. 23, 2005)................................... 7

*F.T.C. v. PCCare247 Inc.*,
  No. 12 CIV. 7189 PAE, 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013)................................... 8, 11

*Grp. One Ltd. v. GTE GmbH*,
  523 F. Supp. 3d 323 (E.D.N.Y. 2021) ................................................................................. 10

*Halvorssen v. Simpson*,
  328 F.R.D. 30 (E.D.N.Y. 2018)............................................................................................ 5

*In GLG Life Tech Corp. Sec. Litig.*,
  287 F.R.D. 262 (S.D.N.Y. 2012) .............................................................................. 4, 5, 6, 8

*Kaws Inc. v. Individuals, Corps., Ltd. Liab. Co mpanies, Partnerships, & Unincorporated Associations Identified on Schedule A to* Complaint,
  No. 22-CV-9073 (JPO), 2022 WL 17404520 (S.D.N.Y. Dec. 2, 2022)................................... 12

*Klosin v. E.I. Du Pont de Nemours & Co.*,
  No. 19-CV-00109, 2020 WL 12949469 (W.D.N.Y. July 17, 2020) ................................... 11, 12

*Marvici v. Roche Facilities Maint. LLC*,
  No. 21CIV4259PAEJLC, 2021 WL 5323748 (S.D.N.Y. Oct. 6, 2021)............................... 10, 11

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
  339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950)................................................................. 4

*Rio Properties, Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) .............................................................................................. 5

ii

*RSM Prod. Corp. v. Fridman*,
   No. 06 CIV. 11512(DLC), 2007 WL 2295907 (S.D.N.Y. Aug. 10, 2007) ................................ 5

*S.E.C. v. Anticevic*,
   No. 05 CV 6991 (KMW), 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009) ................................... 12

*S.E.C. v. Tome*,
   833 F.2d 1086 (2d Cir. 1987).............................................................................................. 12

*Stream SICAV v. Wang*,
   989 F. Supp. 2d 264 (S.D.N.Y. 2013)...................................................................................... 8

*Sulzer Mixpac AG v. Medenstar Indus. Co.*,
   312 F.R.D. 329 (S.D.N.Y. 2015) .......................................................................................... 10

*W. Supreme Buddha Ass'n, Inc. v. Oasis World Peace & Health Found.*,
   No. 08-CV-1374, 2011 WL 856378 (N.D.N.Y. Mar. 9, 2011) .................................................. 5

*Zanghi v. Ritella*,
   No. 19 CIV. 5830 (NRB), 2020 WL 589409 (S.D.N.Y. Feb. 5, 2020) ...................................... 5

*ZURU Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*,
   No. 1:23-CV-01852-ER, 2023 WL 2432477 (S.D.N.Y. Mar. 9, 2023) .................................... 10

## Rules

Fed. R. Civ. P. 4............................................................................................................ passim

Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and named plaintiff James Sannito ("Plaintiffs") respectfully submit this memorandum of law in support of their Motion for Alternative Service of Process Under Federal Rule of Civil Procedure ("Rule") 4(f) on Individual Defendants Zheng Xu ("Xu"), Zhaohui Li ("Li"), Hansong Zhu ("Zhu"), Jun Wang ("Wang"), and Yuan Sun ("Sun", together with Xu, Li, Zhu, and Wang as "Induvial Defendants") in this action, seeking the Court's permission to serve the Individual Defendants via alternative means as requested herein (the "Motion").

## I.      INTRODUCTION AND FACTS

Defendant Missfresh Limtied ("Missfresh") has been listed on the Nasdaq since June 2021. Missfresh conducts its operations in the People's Republic of China ("China"). Upon information and belief, Individual Defendants, who were directors and officers of Missfresh at the time of its IPO, are Chinese citizens or reside in China or Hong Kong.

Following the filing of the initial complaint, Plaintiffs had the summonses and the initial complaint professionally translated and, on November 4, 2022, dispatched formal service requests for serving Defendants Wang, Xu, Li, and Sun at Missfresh's headquarters in China pursuant to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention")[1]. *See* the Declaration of Phillip Kim in Support of Plaintiffs' Motion for Alternative Service of Process on Defendants Zheng Xu, Zhaohui Li, Hansong Zhu, Jun Wang, and Yuan Sun ("Kim Decl.") at 4,5.

Following the filing of the operative amended complaint ("Complaint," Dkt. 34), Plaintiffs had the Complaint professionally translated and, on January 30, 2023, dispatched formal service

---

[1] Both China and the U.S. are signatories to the Hague Service Convention.

requests for serving all Individual Defendants at Missfresh's headquarters in China pursuant to the Hague Service Convention. Kim Decl. at 6.

However, after 10 months from Plaintiffs' dispatch of Hague service requests for serving the initial complaint and 7 months from Plaintiffs' Hague service requests for serving the Complaint, on September 13, 2023, Plaintiffs' counsel received notices from the Chinese government informing that none of the attempted service had been successful because there was "no such a company (no such a person) at such an address" for each of the requested service attempts.[2] Kim Decl. at 7.

This directly contradicts the fact that Defendant Xu, who currently is the Chairman of the Board of Directors ("Chairman") and Chief Executive Officer ("CEO"), is the sole executive that still actively manages Missfresh and signed SEC filings on behalf of Missfresh as recently as September 15, 2023. Kim Decl. at 8. Moreover, Skadden, Arps, Slate, Meagher & Flom ("Skadden"), counsel for Missfresh in this action, has been in continuous contact with Defendant Xu regarding this action. Kim Decl. at 9. Yet, Skadden has declined to accept service on behalf of Defendant Xu or any other Individual Defendant. Kim Decl. at 10.

Additionally, Skadden advised Missfresh's IPO and worked closely with the Individual Defendants in the IPO. Kim Decl. at 11.  Despite Plaintiffs' repeated requests, Skadden has yet to provide the last known or current email, social media account or home addresses of any Individual Defendant. *Id.*

Defendants Wang, Sun and Zhu left Missfresh on September 9, 2022, two months after the start of this action. Kim Decl. at 18-20. Defendant Li left Missfresh on November 11, 2021. Kim

---

[2] The Chinese-language return receipt for every service request states, "no such a company (such a person) at such an address" as the reason for unsuccessful service, whereas the English-language certificate that accompanies states "no such person at the address provided." Kim Decl. at **7**.

Decl. at 17. An investigator based in China who has extensive experience in conducting investigations for U.S. litigations has informed Plaintiffs that identifying the Individual Defendants' residential addresses in China cannot be guaranteed. Kim Decl. at 12.

On October 26, 2023, Plaintiffs served Missfresh with their first set of interrogatories, including seeking the Individual Defendants' contact information, but have not received any responses from Missfresh. Kim Decl. at 13. According to the Court-ordered case management plan (Dkt. 76), the discovery shall be completed by May 6, 2024. Even if Plaintiffs were able to obtain Individual Defendants' current residential addresses in China through Missfresh's responses to Plaintiffs' interrogatories, it is highly unlikely that Plaintiffs would be able to timely serve them in China via the Hauge Service Convention and meet all discovery cutoff dates in the case management plan.[3] Time is of the essence, and the Court's intervention is necessary.

## II.    ARGUMENT

"In determining whether to issue an order permitting alternative service under [Rule 4(f)(3)], the Court engages in a three-part analysis to determine whether: (1) the proposed alternative method of service is prohibited by 'federal law,' (2) the proposed method of service is 'prohibited by international agreement,' and (3) assuming that the first two criteria are satisfied, whether the Court, in the exercise of its discretion, should permit alternative service." *Aircraft Engine Lease Fin., Inc. v. Plus Ultra Lineas Aereas, S.A.*, No. 21 CIV. 1758, 2021 WL 6621578, at *1 (S.D.N.Y. Apr. 23, 2021) (quoting *Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 4038353, at *3 (S.D.N.Y. July 17, 2020).) "Assuming the proposed alternative method

---

[3] China represents that it takes approximately 6 months to execute a Hague service request. Kim Decl. at 15. However, based on Plaintiffs' Co-Lead Counsel's experience, China's central authority has typically required 9 months to a year, and in many instances several years, to effectuate service on defendants located in China. *Id.*

3

of service under Rule 4(f)(3) is prohibited neither by federal law nor by international agreement, the Court may exercise its discretion to permit such service so long as it comports with constitutional due process under *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950)." *Aircraft Engine*, at *1.

### A.     <u>The Court Should Exercise its Discretion to Permit Alternative Service</u>

A party is not required to first exhaust efforts to effectuate service pursuant to Rules 4(f)(1) or 4(f)(2) before seeking courts' permission for alternative service. *See Convergen*, at *4 (S.D.N.Y. July 17, 2020); *see also In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) ("[N]othing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service.") Rather, "[c]ourts will permit alternative process under Rule 4(f)(3) where the moving party shows that '(1) the plaintiff has reasonably attempted to effectuate service on the defendant,' and (2) 'the circumstances are such that the court's intervention is necessary.'" *Aircraft Engine*, at *1 (quoting *Convergen*, at *4.)

Here, as stated above, Plaintiffs reasonably attempted to effectuate service on all Individual Defendants pursuant to the Hague Service Convention. Such service efforts have proved unsuccessful. Kim Decl. 7. Furthermore, Plaintiffs have been unable to obtain the last known contact information from Skadden despite Plaintiffs' repeated requests. Kim Decl. 11. Considering Plaintiffs' reasonable attempts and the difficulties and uncertainties associated with serving individuals in China, the Court's intervention is necessary "because service through the Hague Convention would unnecessarily delay this case." *Aircraft Engine*, at *1.

**B.**      **The Federal Law and International Agreements Do Not Prohibit Plaintiffs' Proposed Methods of Service; Plaintiffs' Proposed Methods of Service Also Comport with Due Process.**

*Defendant Xu*

Plaintiffs propose to serve Defendant Xu by serving Skadden, counsel for Missfresh, via email at scott.musoff@skadden.com, robert.fumerton@skadden.com, and michael.griffin@skadden.com. Kim Decl. at 14.

Federal law and international agreements do not prohibit service on defendant's U.S. Counsel. *Zanghi v. Ritella*, No. 19 CIV. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020) ("The Hague Convention does not prohibit service on a foreign defendant's U.S. counsel."); *see also RSM Prod. Corp. v. Fridman*, No. 06 CIV. 11512(DLC), 2007 WL 2295907, at *3 (S.D.N.Y. Aug. 10, 2007) (same). Additionally, such service comes within the scope of the Court's authority under Rule 4(f)(3), because "that rule requires only that service be '(1) directed by the court; and (2) not prohibited by international agreement.'" *GLG Life*, at 267 (quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002))

Additionally, service on Skadden comports with due process. Courts in this Circuit have routinely held that serving a defendant's U.S. counsel under appropriate circumstances, to be "reasonably calculated, under all the circumstances" to provide notice and an opportunity to be heard to the party served. *GLG Life*, 287 F.R.D. at 267; *see also Halvorssen v. Simpson*, 328 F.R.D. 30, 34–35 (E.D.N.Y. 2018); *W. Supreme Buddha Ass'n, Inc. v. Oasis World Peace & Health Found.*, No. 08-CV-1374, 2011 WL 856378, at *2 (N.D.N.Y. Mar. 9, 2011). Alternative service on a U.S. counsel "(which may include service via electronic means)" satisfies due process if Plaintiffs show "adequate communication" between the person to be served and counsel. *Halvorssen*, at 35. Such communication exists here because Skadden represents that it has been in continuous contact with Defendant Xu regarding this action. Kim Decl. at 9.

Defendant Xu is the founder of Missfresh. He has been, since the IPO in 2021, and still is the Chairman and the CEO of Missfresh. Kim Decl. at 8. Defendant Xu personally signed Missfresh's most recent annual report ("2022 Annual Report"), submitted to the SEC on August 3, 2023, acknowledging the existence of this pending action. *Id*. Just last month, on September 15, 2023, Defendant Xu personally signed a Form 6-K on behalf of Missfresh, announcing that Missfresh's annual general meeting had approved Defendant Xu's personal purchase, via his British Virgin Island vehicle, of all of Missfresh's operations in China for a mere $1. *Id*. The last SEC filing Defendant Xu signed on behalf of Missfresh was September 15, 2023. *Id*. Defendant Xu is the sole executive that actively manages Missfresh and serves as the sole point of contact for Skadden in terms of issuing authorization concerning Missfresh' involvement in this action. Kim Decl. at 8,9.  In light of these facts, it is unreasonable to suggest that Defendant Xu either does not exist at Missfresh's headquarters, as noted by the Chinese government, or lacks knowledge of this action.

Therefore, "it is impossible to imagine that a corporation's attorney would not advise the corporation's Chairman and Chief Executive Officer of the fact that service destined for that officer had been made upon its attorney." *GLG Life*, at 267 (finding adequate communications between the unserved CEO defendant the counsel for the company and permitting alternative service on the counsel for the company and the company's registered agent.).

### *Defendant Li*

Plaintiffs propose to serve Defendant Li by serving (1) attorneys Andrew James Ehrlich, Jane B. O'Brien, and Xinshu Sui of Paul, Weiss, Rifkind, Wharton & Garrison LLP at the New York and Washington D.C. offices ("Defendant Li's U.S. Counsel" or "Paul Weiss"), Defendant Li's U.S. counsel in *In re: NIO, Inc., Securities Litigation*, Case No. 1:19-cv-01424-NGG-JRC, pending before Judge Nicholas G. Garaufis in the Eastern District of New York (the "NIO

6

Litigation") by certified mail and via email at aehrlich@paulweiss.com, xsui@paulweiss.com, and jobrien@paulweiss.com; (2) by email (ir@tencent.com) to Tencent Holdings Ltd.'s ("Tencent"); and (3) by email (ir@ke.com) to KE Holdings Inc.'s ("KE Holdings").

### (1)  *Service on the U.S. Counsel*

Defendant Li, as known as Jeffery Li, was a director of Missfresh's Board of Directors. Kim. Decl. at 17. He resigned from his position on November 11, 2021. *Id*. Defendant Li currently is a defendant in the NIO Litigaiton. Kim. Decl. at 16. Defendant Li's U.S. Counsel appeared in the NIO Litigation in December 2020 and has maintained active communication with Defendant Li since. *Id*. The Skadden lawyers here also represent NIO, Inc. in the NIO Litigation and have been working closely with Defendant Li's U.S. Counsel there. *Id*. On August 22, 2023, Skadden and Paul Weiss, on behalf of various defendants including Defendant Li, filed a petition with the Second Circuit for permission to appeal the district court's order granting the NIO Litigation plaintiffs' motion for class certification. *Id*. Paul Weiss appeared on behalf of Defendant Li in the appeal on September 14, 2023. *Id*.

That Paul Weiss is representing Li in a different civil action does not change the fact that service on Paul Weiss will reach Defendant Li and therefore comports with due process. *See Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 CIV. 9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (permitting service on defendant's U.S. attorneys in an unrelated case because the U.S. attorneys "must be in communication with Defendant in relation to the pending legal proceeding[] in the United States … and will know how to locate Defendant.").

### (2)  *Service by Email to Tencent and KE Holdings*

Defendant Li is a vice president of Tencent, a company listed on the Hong Kong Stock Exchange ("HKSE") with its principal office located at 29/F, Three Pacific Place, No 1 Queen's Road East, Wanchai, Hong Kong as per information on file with the HKSE. Kim Decl. at 17. In

7

its filings with the HKSE, Tencent notes that its shareholders may contact the company at ir@tencent.com. *Id.*

Defendant Li also is a director of KE Holdings, a company listed on the HKSE with its principal office at 5/F, Manulife Place, 348 Kwun Tong Road, Kowloon, Hong Kong as per information on file with the HKSE. Kim Decl. at 17. In its filings with the HKSE, KE notes that its shareholders may contact the company at ir@ke.com. *Id.*

Hong Kong does not expressly object to service by email under the Hague Service Convention, and the Court acting under Rule 4(f)(3), has the discretion to order service by such means. *F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037, at *3–4 (S.D.N.Y. Mar. 7, 2013) ("Service by email and Facebook are not among the means listed in Article 10" of the Hague Service Convention and "the Court knows of no international treaty prohibiting such means."); *see also Birmingham v. Doe*, 593 F. Supp. 3d 1151, 1159–60 (S.D. Fla. 2022) (permitting service by email to defendants in Hong Kong because Hong Kong does not expressly object to service by email).

The proposed method also comports with due process because Defendant Li is an officer of Tencent and a director of KE Holdings. "Courts have sensibly held that service on a high-level employee's corporate employer ... is 'reasonably calculated' to apprise the employee of the pendency of the action and therefore comports with due process." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013) (permitting service on the general manager by serving the company) (quoting *GLG Life*, at 267). Therefore, serving Defendant Li by email to Tencent and KE Holdings and by serving his U.S. counsel comports with due process.

**Defendant Zhu**

Plaintiffs propose to serve Defendant Zhu (1) by email (ir@ke.com) to KE Holdings and (2) via text message, email or any social media account (WeChat, Weibo or similar) Defendant

8

Missfresh or Skadden has on file for Defendant Zhu.

Defendant Zhu was Missfresh's independent director at the time of the IPO and resigned from his position on September 9, 2022, two months after this action was initiated. Kim Decl. at 18. Defendant Zhu clearly had knowledge of this action before his resignation.

(1)    *Service by Email to KE Holdings*

Defendant Zhu is an independent director of KE Holdings, a company listed on the HKSE. Kim Decl. at 17,18.

Similar to Defendant Li, in light of Defendant Zhu's position at KE Holdings, serving Defendant Zhu by emailing to KE Holdings does not offend the Hague Service Convention or any international agreement and also comports with due process. Therefore, the Court should permit this proposed method. *CKR*, at 526.

(2)    *Service Via Text Message, Email or Any Social Media Account Missfresh or Skadden Has on File*

As stated above, Skadden advised Missfresh's 2021 IPO and has close involvement with the Induvial Defendants, including Zhu, during the IPO. Kim Decl. at 11. Plaintiffs have made multiple requests for Skadden to provide the last known or current email, social media account or home addresses for any Individual Defendant, including Zhu. *Id*. However, Skadden has not yet complied. *Id*. On October 26, 2023, Plaintiffs served Defendant Missfresh their first set of interrogatories, including seeking information on "the current mailing address and email addresses" and "the electronic devices, social media, and texting applications used by each of the Individual Defendants." Kim Decl. 13. Missfresh was requested to answer the interrogatories by November 26, 2023 and has not done so. *Id*.

Due to the approaching discovery cut off dates set forth in the Court-ordered case management plan, Plaintiffs therefore respectfully request the Court to compel Missfresh and

Skadden to disclose, in five days, all cellphone numbers, email addresses, and social media account information (such as WeChat, Weibo or similar accounts) that they have on file for Defendant Zhu. Additionally, Plaintiffs seek permission to serve Defendant Zhu via text message, email or any social media account that Missfresh or Skadden may provide.

Although China objects to alternative service by postal channel under the Article 10 of the Hague Service Convention[4], "China's objection to service by postal mail does not cover service by email." *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015); *see also ZURU Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 1:23-CV-01852-ER, 2023 WL 2432477, at *2 (S.D.N.Y. Mar. 9, 2023) ("China has not objected to service by e-mail."); *PCCare247*, at *3–4 (permitting service by email and Facebook because, despite India's objection to Article 10 of Hague Service Convention, "[s]ervice by email and Facebook are not among the means listed in Article 10" and "the Court knows of no international treaty prohibiting such means."). Neither does any other international agreement prohibit service by email. *See Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 342–43 (E.D.N.Y. 2021) (finding that service by email did not violate the Hague Service Convention or any international agreement and comported with due process); *see also Convergen*, at *6.

Moreover, serving Defendant Zhu via text message, email or social media comports with due process, especially when coupled with service by email to KE Holdings' principal office in Hong Kong. *See Marvici v. Roche Facilities Maint. LLC*, No. 21CIV4259PAEJLC, 2021 WL 5323748, at *4 (S.D.N.Y. Oct. 6, 2021) (acknowledging many courts had approved of multi-prong approaches to service that included text messaging.) "[P]ersonal cell phone numbers, generally speaking, are uniquely tethered to their holders, and tend to be durable, such that there is little risk

---

[4] *See* https://www.hcch.net/en/states/authorities/details3/?aid=243, (last visited October 28, 2023).

that some other user now uses [defendant's] phone number" and therefore service via text messages comports with due process. *See Marvici*, at *4. Similarly, service via email or social media account also complies with due process. *See PCCare247 Inc.*, at *4-5 (finding that serving defendants in India by both email and Facebook satisfies the due process inquiry, although noting that "[s]service by email alone comports with due process").

Therefore, the Court should order Missfresh and Skadden to disclose, in five days, all cellphone numbers, email addresses, and social media account information (WeChat, Weibo or similar accounts) that they have on file for Defendant Zhu. Furthermore, the Court should permit service on Defendant Zhu via text message, email or any social media account that Missfresh or Skadden may provide.

### *Defendant Wang*

Plaintiffs propose to serve Defendant Wang (1) by publication once a week for two weeks on the Wall Street Journal ("WSJ") Asia Edition (electronic) and GlobeNewswire Asia, (2) via text message, email or any social media account (WeChat, Weibo or similar accounts) Defendant Missfresh or Skadden has on file for Defendant Wang, and (3) by FedEx International Priority to the forwarding or home address that Missfresh or Skadden has on file for Defendant Wang provided the address is not in China.

Defendant Wang was the Chief Financial Officer and a director of Missfresh at the time of the IPO. Kim Decl. at 19. He resigned from his positions on September 9, 2022, two months after this action was initiated and therefore had knowledge of this action before their resignations. *Id*.

        *(1)     Service by Publication on WSJ Asia (electronic) and GlobeNewswire Asia*

Neither the Hague Service Convention nor any international agreements prohibit service by publication. *See Klosin v. E.I. Du Pont de Nemours & Co.*, No. 19-CV-00109, 2020 WL 12949469, at *2 (W.D.N.Y. July 17, 2020) (ordering service on a Chinese company by publication

11

on Wall Street Journal Asia Edition); see also *ZURU Inc.*, at *2 ("China has not objected to service by … Internet publication.")

As stated above, Plaintiffs demonstrated reasonable diligence in attempting, albeit unsuccessfully, to effectuate service on Defendant Wang at Missfresh's headquarters via the Hague Service Convention. Kim Decl. at 5,6. Plaintiffs have been unable to obtain any information on Defendant Wang's email, social media account, home addresses or current employers from Skadden. Kim Decl. at 11. Under such circumstances, given the quickly approaching discovery cutoff dates, service by online publication is appropriate under the FRCP Rule 4(h)(3). *Kaws Inc. v. Individuals, Corps., Ltd. Liab. Co mpanies, Partnerships, & Unincorporated Associations Identified on Schedule A to Complaint*, No. 22-CV-9073 (JPO), 2022 WL 17404520, at *1 (S.D.N.Y. Dec. 2, 2022); *see also S.E.C. v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739, at *5 (S.D.N.Y. Feb. 13, 2009) (permitting service by online publication in Germany and Croatia in light of the unsuccessful service attempts in the two countries pursuant to the Hague Service Convention.)

Service by publication also comports with due process. The Second Circuit has held that service by publication can satisfy the *Mullane* standard set by the U.S. Supreme Court, so long as a plaintiff reasonably calculates that the published notice is likely to come to the defendant's attention. *See S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987) (citing *Mullane*, at 314); *see also Anticevic*, at *5. Additionally, publication on WSJ Asia (electronic) and GlobeNewswire Asia will be reasonably calculated to give notice. *See Klosin*, at *2 (online publication once weekly for four consecutive weeks); *see also Victaulic Company v. Allied Rubber & Gasket Co., Inc. et al*, 3:17-CV-01006, Dkt. 19 (S.D. Cal. May 8, 2020) (ordering service on a Chinese defendant via publication on WSJ Asia edition (electronic) for four weeks and email.)

12

Therefore, the Court should permit Plaintiffs to serve Defendant Wang by publishing a notice of this action once weekly for two consecutive weeks on WSJ Asia (electronic) and GlobeNewswire Asia.

> ### (2)    *Service Via Text Message, Email or Any Social Media Account Missfresh or Skadden Has on File*

Similar to Defendant Zhu, Skadden worked closely with Defendant Wang during Missfresh's 2021 IPO. Kim Decl. at 11. Despite Plaintiffs' multiple requests, Skadden has not provided the last known or current email, social media account or home addresses for Wang. *Id*. Missfresh has not answered Plaintiffs' October 26, 2023 interrogatories seeking information on Wang's current mailing and email addresses, electronic devices, social media, and texting applications. Kim Decl. at 13.

For the same reasons stated above, Plaintiffs therefore respectfully request the Court to compel Missfresh and Skadden to disclose, in five days, all cellphone numbers, email addresses, and social media account information (such as WeChat, Weibo or similar accounts) that they have on file for Defendant Wang. Additionally, Plaintiffs seek permission to serve Defendant Wang via text message, email or any social media account that Missfresh or Skadden may provide.

> ### (3)    *Service by Mail to the Forwarding or Home Address Outside China*

For the same reasons stated above, and given the difficulties and uncertainties associated with serving individuals in China, Plaintiffs also respectfully request the Court to compel Missfresh and Skadden to disclose, in five days, the forwarding or home address that Missfresh or Skadden has on file for Defendant Wang provided the address is not in China. Additionally, Plaintiffs seek permission to serve Defendant Wang by FedEx International Priority, delivering the summons and the Complaint to the forwarding or home address outside China that Missfresh

13

or Skadden may provide. *See Aircraft Engine*, at \*1 ("[S]ervice through the Hague Convention would unnecessarily delay this case.")

***Defendant Sun***

Plaintiffs propose to serve Defendant Sun (1) by publication once a week for two weeks on WSJ Asia Edition (electronic) and GlobeNewswire Asia, (2) via text message, email or any social media account (WeChat, Weibo or similar) Defendant Missfresh or Skadden has on file for Defendant Sun, and (3) by FedEx International Priority to the forwarding or home address that Missfresh or Skadden has on file for Defendant Sun provided the address is not in China.

Defendant Sun was a director of Missfresh at the time of the IPO. Kim Decl. at 20. He resigned from his position on September 9, 2022, two months after this action was initiated on July 12, 2022 and therefore had knowledge of this action before their resignations. *Id*.

(1)      *Service by Publication on WSJ Asia (electronic) and GlobeNewswire Asia*

For the same reasons stated as to Defendant Wang, the Court should permit Plaintiffs to serve Defendant Sun by publishing a notice of this action once weekly for two consecutive weeks on WSJ Asia (electronic) and GlobeNewswire Asia.

(2)      *Service Via Text Message, Email or Any Social Media Account Missfresh or Skadden Has on File*

For the same reasons stated as to Defendant Wang, Plaintiffs respectfully request the Court to compel Missfresh and Skadden to disclose, in five days, all cellphone numbers, email addresses, and social media account information (WeChat, Weibo or similar accounts) that they have on file for Defendant Sun. Additionally, Plaintiffs seek permission to serve Defendant Sun via text message, email or any social media account that Missfresh or Skadden may provide.

(3)      *Service by Mail to the Forwarding or Home Address Outside China*

For the same reasons stated above, Plaintiffs respectfully request the Court to compel Missfresh and Skadden to disclose, in five days, the forwarding or home address that Missfresh or

14

Skadden has on file for Defendant Sun provided the address is not in China. Additionally, Plaintiffs seek permission to serve Defendant Sun by FedEx International Priority, delivering the summons and the Complaint to the forwarding or home address outside China that Missfresh or Skadden may provide.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion in its entirety and permit the proposed methods for alternative service on the Individual Defendants as follows:

| Defendants | Proposed Methods of Service |
|---|---|
| Zheng Xu | To Skadden by emailing to Scott Musoff (scott.musoff@skadden.com), Robert Fumerton (robert.fumerton@skadden.com), and Michael Griffin (michael.griffin@skadden.com). |
| Zhaohui Li | 1. To Paul Weiss by emailing to Andrew James Ehrlich (aehrlich@paulweiss.com), Jane B. O'Brien (jobrien@paulweiss.com), and Xinshu Sui (xsui@paulweiss.com); <br> 2. via email at ir@tencent.com to Tencent; and <br> 3. via email at ir@ke.com to KE Holdings. |
| Hansong Zhu | 1. via email at ir@ke.com to KE Holdings; <br> 2. by text message, email or through any social media account (WeChat, Weibo or similar) Defendant Missfresh or Skadden has on file for Zhu. |
| Jun Wang | 1. by publication once a week for two weeks on the WSJ Asia Edition (electronic) and GlobeNewswire Asia; <br> 2. by text message, email or through any social media account (WeChat, Weibo or similar) Missfresh or Skadden has on file for Wang; and <br> 3. by FedEx International Priority to the forwarding or home address that Missfresh or Skadden has on file for Wang provided the address is not in China. |
| Yuan Sun | 1. by publication once a week for two weeks on the WSJ Asia Edition (electronic) and GlobeNewswire Asia; <br> 2. by text message, email or through any social media account (WeChat or similar) Missfresh or Skadden has on file for Sun; and <br> 3. by FedEx International Priority to the forwarding or home address that Defendant Missfresh or its counsel has on file for Sun provided the address is not in China. |

DATED: November 6, 2023

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*

Phillip Kim
Laurence M. Rosen
Jing Chen
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
jchen@rosenlegal.com

**LABATON SUCHAROW LLP**

*/s/ Alfred L. Fatale III*

Alfred L. Fatale III
David J. Schwartz
Charles Wood
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
afatale@labaton.com
dschwartz@labaton.com
cwood@labaton.com

*Lead Counsel for Plaintiffs and the
Proposed Class*

**THE SCHALL LAW FIRM**

Brian Schall, Esq.
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0482
Email: brian@schallfirm.com

*Additional Counsel*

16