## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>           v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>    Defendants. | Case No. 1:22-cv-09836-JSR |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF THE LETTER OF REQUEST PURSUANT TO THE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

**TABLE OF CONTENTS**

I.    INTRODUCTION AND FACTS ................................................................................................ 1

II.   PROCEDURAL HISTORY ..................................................................................................... 2

III.  ARGUMENT .......................................................................................................................... 2

    A.  Legal Standards .................................................................................................................. 2

    B.  The Court Should Issue the [Proposed] Letter of Request. .................................................. 3

IV.  CONCLUSION ....................................................................................................................... 3

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Elliott Assocs. v. Republic of Peru,*
  No. 96 CIV. 7916 (RWS), 1997 WL 436493 (S.D.N.Y. Aug. 1, 1997)................................. 2, 3

*Netherby Ltd. v. Jones Apparel Grp., Inc.,*
  No. 04 CIV. 7028 (GEL), 2005 WL 1214345 (S.D.N.Y. May 18, 2005) ................................. 3

**Statutes**

28 U.S.C. § 1781(b) ............................................................................................................ 1, 2

Pursuant to 28 U.S.C. § 1781(b) and the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and named plaintiff James Sannito ("Plaintiffs") respectfully submit this memorandum of law in support of their Motion for the Court to issue the [proposed] Letter of Request (attached hereto as Exhibit 1) to the Ministry of Justice of the People's Republic of China ("China") requesting the production of documents from PricewaterhouseCoopers Zhong Tian LLP ("PwC China") as described in the Exhibit A to the [proposed] Letter of Request. As part of Exhibit A, Plaintiffs have also attached a certified Chinese translation of the requests for production to assist China's Ministry of Justice in executing the [proposed] Letter of Request. Defendants state that they take no position in this motion.

## I.      INTRODUCTION AND FACTS

Missfresh Limited ("Missfresh") is a Chinese grocery delivery company that held an initial public offering ("IPO") of its American Depository Shares ("ADS") on the NASDAQ of the United States in June 2021. Certain financial information contained in the offering documents for Missfresh was materially false and misleading under Section 11 of the Securities Act of 1933. Specifically, following the IPO, Missfresh publicly acknowledged that that the financial statements contained in the offering documents overstated the "sales of products through online platforms" for the first quarter of 2021—the period leading up to the IPO—by 11.7% and "net revenues" for the same period by 11.4%. Missfresh subsequently restated the relevant financial results.

PwC China performed reviews and audits of the materially false and misleading financial statements at issue here. Specifically, PwC China performed certain audit procedures agreed upon with Defendants and conducted its audit work with Missfresh in accordance with the standards of

the Public Company Accounting Oversight Board, or PCAOB. Under those standards, PwC China was required to examine and gather information relevant to the amounts and items discussed in Missfresh's financial statements. Additionally, to complete its work, PwC China would have had extensive discussions with Missfresh's management and other relevant parties who were involved in preparing Missfresh's materially misleading financial statements at issue in this action.

## II.      PROCEDURAL HISTORY

This action was initiated on July 12, 2022. (Dkt. 1.) Plaintiffs filed the operative amended complaint on December 28, 2022. (Dkt. 34.) Defendants' motions to dismiss were fully briefed on February 17, 2023. On September 12, 2023, the Court issued a "bottom-line" order denying defendants' motion with respect to the aforementioned materially false and misleading financial results, and granting Defendants' motion in all other respects. (Dkt. 69.) On November 6, 2023, the Court issued an Opinion setting forth the reasons for the September 12, 2023 order. (Dkt. 79.)

## III.     ARGUMENT

### A.      <u>Legal Standards</u>

The Hague Evidence Convention outlines the procedure by which parties may "request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence." (Hague Evidence Convention, Art. 1.) Both the U.S. and China are signatories to the Hague Evidence Convention. 28 U.S.C. § 1781(b) authorizes a U.S. court to issue a letter of request, seeking the assistance of another signatory country to the Hague Evidence Convention, in obtaining evidence from a non-party witness located overseas. *See Elliott Assocs. v. Republic of Peru*, No. 96 CIV. 7916 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) ("Application for a letter of request to take testimony pursuant to the Hague Convention is an appropriate mechanism for obtaining discovery of a non-party witness in a foreign country.").

### B.      The Court Should Issue the [Proposed] Letter of Request.

As Exhibit A attached to the proposed Letter of Request show, Plaintiffs are seeking a very limited scope of documents from PwC. These documents pertain to key issues concerning the claim allowed to proceed by the Court, including PwC China's audit of Missfresh's materially false financial statements, the questionable transactions that gave rise to the material misstatements, the discovery and the restatement of these misstatements, and PwC China's dismissal. These documents are material and highly relevant to Plaintiffs' claims. The Court therefore should grant Plaintiffs' motion for issuance of the proposed Letter of Request. *See Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04 CIV. 7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (citing *Elliott Associates*, 1997 WL 436493, at *2) (Courts "routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence.")

### IV.    CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court sign and have the Clerk affix the seal of the Court to the Letter of Request attached hereto as Exhibit 1.

DATED: November 6, 2023                      **THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim
Laurence M. Rosen
Jing Chen
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
jchen@rosenlegal.com

3

**LABATON SUCHAROW LLP**
*/s/ Alfred L. Fatale III*
Alfred L. Fatale III
David J. Schwartz
Charles Wood
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
afatale@labaton.com
dschwartz@labaton.com
cwood@labaton.com

*Lead Counsel for Plaintiffs and the
Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0482
Email: brian@schallfirm.com

4