**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated, <br><br>     Plaintiff, <br><br>               v. <br><br> MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC., <br><br>     Defendants. | Case No. 1:22-cv-09836-JSR |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**ALTERNATIVE SERVICE OF PROCESS ON DEFENDANTS**
**ZHAOHUI LI, HANSONG ZHU, JUN WANG, AND YUAN SUN**

**TABLE OF CONTENTS**

I.   INTRODUCTION AND FACTS ................................................................................................ 1

II.  ARGUMENT ............................................................................................................................ 4

  A.  The Court Should Exercise Its Discretion to Permit Alternative Service Because Plaintiffs Have Reasonably Attempted to Effectuate Service ................................................................ 5

  B.  The Federal Law and International Agreements Do Not Prohibit Plaintiffs' Proposed Methods of Service; Plaintiffs' Proposed Methods of Service Also Comport with Due Process. ................................................................................................................................. 6

    **Defendant Li** ........................................................................................................................ 6

      (1)  Service on the U.S. Counsel ............................................................................................ 6

      (2)  Service by Email to Tencent and KE Holdings ............................................................. 8

    **Defendant Zhu** .................................................................................................................... 9

      (1)  Service by Email to KE Holdings ................................................................................. 10

      (2)  Service Via Text Message, Email or Any Social Media Account Missfresh or Xu Has on File ...................................................................................................................... 10

    **Defendant Wang** .............................................................................................................. 14

      (1)  Service by Publication on PR Newswire Asia and GlobeNewswire ........................... 15

      (2)  Service Via Text Message, Email or Any Social Media Account Missfresh or Xu Has on File ...................................................................................................................... 17

      (3)  Service by Mail to the Forwarding or Home Address Outside China ......................... 17

    **Defendant Sun** ................................................................................................................. 18

      (1)  Service by Publication on PR Newswire Asia and GlobeNewswire ........................... 18

      (2)  Service Via Text Message, Email or Any Social Media Account Missfresh or Xu Has on File ...................................................................................................................... 18

      (3)  Service by Mail to the Forwarding or Home Address Outside China ......................... 19

III. CONCLUSION ...................................................................................................................... 19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aircraft Engine Lease Fin., Inc. v. Plus Ultra Lineas Aereas, S.A.*,
No. 21 CIV. 1758, 2021 WL 6621578 (S.D.N.Y. Apr. 23, 2021)............................................. 5

*Birmingham v. Doe*,
593 F. Supp. 3d 1151 (S.D. Fla. 2022) ...................................................................................... 9

*Convergen Energy LLC v. Brooks*,
No. 20-CV-3746 (LJL), 2020 WL 4038353 (S.D.N.Y. July 17, 2020)..................................... 5

*Ehrenfeld v. Salim a Bin Mahfouz*,
No. 04 CIV. 9641 (RCC), 2005 WL 696769 (S.D.N.Y. Mar. 23, 2005)................................... 8

*F.T.C. v. PCCare247 Inc.*,
No. 12 CIV. 7189 PAE, 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013)........................................ 8

*Grp. One Ltd. v. GTE GmbH*,
523 F. Supp. 3d 323 (E.D.N.Y. 2021) ..................................................................................... 11

*Halvorssen v. Simpson*,
328 F.R.D. 30 (E.D.N.Y. 2018)........................................................................................... 7, 8

*In GLG Life Tech Corp. Sec. Litig.*,
287 F.R.D. 262 (S.D.N.Y. 2012) ..................................................................................... 5, 7, 9

*Kaws Inc. v. Individuals, Corps., Ltd. Liab. Co mpanies, Partnerships, & Unincorporated
Associations Identified on Schedule A to* Complaint,
No. 22-CV-9073 (JPO), 2022 WL 17404520 (S.D.N.Y. Dec. 2, 2022)................................. 15

*Klosin v. E.I. Du Pont de Nemours & Co.*,
No. 19-CV-00109, 2020 WL 12949469 (W.D.N.Y. July 17, 2020) ................................. 15, 16

*Marvici v. Roche Facilities Maint. LLC*,
No. 21CIV4259PAEJLC, 2021 WL 5323748 (S.D.N.Y. Oct. 6, 2021) ................................. 14

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950)................................................................... 5

*Munoz v. China Expert Tech., Inc.*,
No. 07 CIV. 10531 AKH, 2011 WL 5346323 (S.D.N.Y. Nov. 7, 2011) ................................ 13

*Rio Properties, Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ...................................................................................... 7

*RSM Prod. Corp. v. Fridman*,
   No. 06 CIV. 11512(DLC), 2007 WL 2295907 (S.D.N.Y. Aug. 10, 2007) ................................ 7

*S.E.C. v. Anticevic*,
   No. 05 CV 6991 (KMW), 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009) ............................ 15, 16

*S.E.C. v. Tome*,
   833 F.2d 1086 (2d Cir. 1987)........................................................................................ 16

*Safavieh Int'l, LLC v. Chengdu Junsen Fengrui Tech. Co.*-Tao Shen,
   No. 23 Civ. 3960, 2023 WL 3977505, at (S.D.N.Y. June 13, 2023)........................................ 12

*Shenzhen Chengront Tech. Co. v. Besign Direct*,
   No. 22 Civ. 10281, 2022 WL 17741496 (S.D.N.Y. Dec. 9, 2022)........................................... 12

*Smart Study Co. v. Acuteye-Us*,
   620 F. Supp. 3d 1382 (S.D.N.Y. 2022)................................................................................. 12

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*,
   482 U.S. 522 (1987)................................................................................................. 13

*Stream SICAV v. Wang*,
   989 F. Supp. 2d 264 (S.D.N.Y. 2013).................................................................................. 9

*Sulzer Mixpac AG v. Medenstar Indus. Co.*,
   312 F.R.D. 329 (S.D.N.Y. 2015) ...................................................................................... 11

*Sylo Supply, Inc. v. Juzihao Res. Mgmt. Co.*,
   No. 20-CV-5633 (EK)(MMH), 2023 WL 6370863 (E.D.N.Y. Sept. 28, 2023)....................... 12

*W. Supreme Buddha Ass'n, Inc. v. Oasis World Peace & Health Found.*,
   No. 08-CV-1374, 2011 WL 856378 (N.D.N.Y. Mar. 9, 2011) ................................................ 7

*Water Splash, Inc. v. Menon*,
   581 U.S. 271 (2017)............................................................................................... 12, 13

*Zanghi v. Ritella*,
   No. 19 CIV. 5830 (NRB), 2020 WL 589409 (S.D.N.Y. Feb. 5, 2020) ..................................... 7

*ZURUInc. v. Individuals, Partnerships & Unincorporated Associations Identified on* Schedule,
   No. 1:23-CV-01852-ER, 2023 WL 2432477 (S.D.N.Y. Mar. 9, 2023) ............................. 11, 15

**<u>Rules</u>**

Fed. R. Civ. P. 4 ................................................................................................ 1, 4, 5, 15

Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and named plaintiff James Sannito ("Plaintiffs") respectfully submit this memorandum of law in support of their Motion for Alternative Service of Process Under Federal Rule of Civil Procedure ("Rule") 4(f)(3) on Individual Defendants Zhaohui Li ("Li"), Hansong Zhu ("Zhu"), Jun Wang ("Wang"), and Yuan Sun ("Sun", together with Li, Zhu, and Wang as "Induvial Defendants") in this action, seeking the Court's permission to serve the Individual Defendants via alternative means as requested herein (the "Motion").[1]

## I.    INTRODUCTION AND FACTS

Defendant Missfresh Limited ("Missfresh") has been listed on the Nasdaq since June 2021. Missfresh conducts its operations in the People's Republic of China ("China"). Upon information and belief, Individual Defendants, who were directors and officers of Missfresh at the time of its IPO, are Chinese citizens or reside in China or Hong Kong.

Following the filing of the initial complaint on July 12, 2022, Plaintiffs had the summonses and the initial complaint professionally translated and, on November 4, 2022, dispatched formal service requests for serving Defendants Wang, Li, and Sun at Missfresh's headquarters in China pursuant to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention")[2]. *See* the Declaration of Phillip Kim in Support of Plaintiffs' Motion for Alternative Service of Process on Defendants Zhaohui Li, Hansong Zhu, Jun Wang, and Yuan Sun ("Kim Decl.") ¶¶4,5.

---

[1] Plaintiffs have previously submitted a motion for alternative service on Defendants Xu, Li, Zhu, Wang, and Sun. (*See* Dkts. 80-82.) Given Defendant Missfresh's recent revocation of the settlement in principle previously agreed upon by the parties, the withdrawal of the previous counsel for Defendants Missfresh and Zheng Xu ("Xu"), and the engagement of new counsel for Defendants Missfresh and Xu, Plaintiffs hereby renew and resubmit the amended motion accordingly and pursuant to the Court's February 16, 2024 permission.

[2] Both China and the U.S. are signatories to the Hague Service Convention.

1

Following the filing of the operative amended complaint ("Complaint," Dkt. 34), Plaintiffs had the Complaint professionally translated and, on January 30, 2023, dispatched formal service requests for serving all Individual Defendants at Missfresh's headquarters in China pursuant to the Hague Service Convention. Kim Decl. ¶6.

However, after 10 months from Plaintiffs' dispatch of Hague service requests for serving the initial complaint and 7 months from Plaintiffs' Hague service requests for serving the Complaint, on September 13, 2023, Plaintiffs' counsel received notices from the Chinese government informing that none of the attempted service had been successful because there was "no such a company (no such a person) at such an address" for each of the requested service attempts.[3] Kim Decl. ¶7.

Skadden, Arps, Slate, Meagher & Flom ("Skadden"), Missfresh's former counsel before January 29, 2024, had declined to accept service on behalf of any of the Individual Defendants. Kim Decl. ¶10.

Skadden advised Missfresh's IPO and worked closely with the Individual Defendants in the IPO. Kim Decl. ¶11. Despite Plaintiffs' repeated requests for four months since October 2023, Skadden had failed to provide the last known or current email, social media account or home addresses of any Individual Defendant, albeit promising to do so, before Skadden withdrew from representing Missfresh. *Id.*

Defendants Wang, Sun and Zhu left Missfresh on September 9, 2022, two months after the start of this action. Kim Decl. ¶¶18-20. Defendant Li left Missfresh on November 11, 2021. Kim Decl. ¶17. Before they left Missfresh, on July 26, 2022, the law firm of Robbins Geller Rudman

---

[3] The Chinese-language return receipt for every service request states, "no such a company (such a person) at such an address" as the reason for unsuccessful service, whereas the English-language certificate that accompanies states "no such person at the address provided." Kim Decl. ¶**7**.

2

& Dowd LLP issued a press release in both Chinese and English on Moomoo.com, announcing the commencement of this action. Kim Decl. ¶21. News media in China, including Sina.com, Weibo, and the Chinese version of the Wall Street Journal at cn.wsj.com, had also widely reported this action. *Id*. Sina is the one of four largest web portals in China and has over 300 million monthly active users. *Id*. Sina owns Weibo, a Twitter-like microblog social network. *Id*. Weibo has more than 500 million users and millions of posts per day, making it the largest Chinese-language mobile portal. *Id*. In October 2023, a Chinese-speaking attorney from Co-Lead Counsel Rosen Law Firm conducted a Google search to find the current home addresses of the Individual Defendants. Kim Decl. ¶12. Despite efforts, no relevant information was found. *Id*. Additionally, in October 2023, Plaintiffs engaged an investigator based in China with extensive experience in conducting investigations for U.S. litigations to search for the current home addresses of the Individual Defendants. *Id*. The investigator, however, was unable to locate such information either. *Id*. The investigator has advised Plaintiffs that further attempts could be made, but there is no guarantee of success in identifying the residential addresses of the Individual Defendants in China. *Id*.

On October 26, 2023, Plaintiffs served Missfresh with their first set of interrogatories, including seeking the Individual Defendants' contact information. Kim Decl. ¶13. During this period, the parties engaged in negotiations and reached a settlement in principle, of which the parties informed the Court on November 28, 2023. *Id*. Consequently, the Court granted a 60-day stay of other proceedings to allow the parties to finalize the settlement stipulation and submit a motion for preliminary approval of the settlement. *Id*. However, Missfresh subsequently opted out of the agreement, citing an inability to finance the settlement. *Id*. Furthermore, following the Court's approval (Dkt. 95), Skadden withdrew from representing Missfresh on January 29, 2024.

Kim Decl. ¶9.

Given the 60-day stay and the additional 15 days for Missfresh to secure substitute counsel, Missfresh was expected to respond to Plaintiffs' interrogatories, including those seeking the contact information of the Individual Defendants, by February 9, 2024. Kim Decl. ¶13. However, to date, Missfresh has not yet provided any responses. *Id*. On February 16, 2024, Plaintiffs reached out to Tarter Krinsky & Drogin LLP ("Tarter"), the new counsel for Defendants Missfresh and Xu, asking if Tarter would accept service on behalf of the Individual Defendants or provide any last known contact information, including home addresses, email addresses, employer details, forwarding addresses, social media account handles (such as WeChat or Weibo), and cell phone numbers. Kim Decl. ¶14. To date, Tarter has not provided any of the requested information. *Id*.

According to the Court-ordered case management plan (Dkt. 102), discovery shall be completed by July 22, 2024. Even if Plaintiffs were able to obtain Individual Defendants' current residential addresses in China through Missfresh or Xu's responses to Plaintiffs' interrogatories, it is highly unlikely that Plaintiffs would be able to timely serve them in China via the Hauge Service Convention and meet all discovery cutoff dates in the case management plan.[4] Time is of the essence, and the Court's intervention is necessary.

## II.    ARGUMENT

"In determining whether to issue an order permitting alternative service under [Rule 4(f)(3)], the Court engages in a three-part analysis to determine whether: (1) the proposed alternative method of service is prohibited by 'federal law,' (2) the proposed method of service is

---

[4] China represents that it takes approximately 6 months to execute a Hague service request. Kim Decl. ¶15. However, based on Plaintiffs' Co-Lead Counsel's experience, China's central authority has typically required 9 months to a year, and in many instances several years, to effectuate service on defendants located in China. *Id*.

'prohibited by international agreement,' and (3) assuming that the first two criteria are satisfied, whether the Court, in the exercise of its discretion, should permit alternative service." *Aircraft Engine Lease Fin., Inc. v. Plus Ultra Lineas Aereas, S.A.*, No. 21 CIV. 1758, 2021 WL 6621578, at *1 (S.D.N.Y. Apr. 23, 2021) (quoting *Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 4038353, at *3 (S.D.N.Y. July 17, 2020).) "Assuming the proposed alternative method of service under Rule 4(f)(3) is prohibited neither by federal law nor by international agreement, the Court may exercise its discretion to permit such service so long as it comports with constitutional due process under *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950)." *Aircraft Engine*, at *1.

A.    **The Court Should Exercise Its Discretion to Permit Alternative Service Because Plaintiffs Have Reasonably Attempted to Effectuate Service**

A party is not required to first exhaust efforts to effectuate service pursuant to Rules 4(f)(1) or 4(f)(2) before seeking courts' permission for alternative service under Rule 4(f)(3). *See Convergen*, at *4 (S.D.N.Y. July 17, 2020); *see also In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) ("[N]othing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service.") Rather, "[c]ourts will permit alternative process under Rule 4(f)(3) where the moving party shows that '(1) the plaintiff has reasonably attempted to effectuate service on the defendant,' and (2) 'the circumstances are such that the court's intervention is necessary.'" *Aircraft Engine*, at *1 (quoting *Convergen*, at *4.)

Here, as stated above, Plaintiffs reasonably attempted to effectuate service on all Individual Defendants pursuant to the Hague Service Convention, but these efforts were unsuccessful. Kim Decl. Kim Decl. ¶7. Additionally, Plaintiffs' counsel and investigator have investigated the Individual Defendants' home addresses but were unable to obtain such information. Kim Decl.

5

¶12. Despite efforts, Plaintiffs have been unable to obtain any contact information of the Individual Defendants from Missfresh or its previous or current counsels. Kim Decl. ¶¶11,13,14. Considering Plaintiffs' reasonable attempts and the difficulties and uncertainties associated with serving individuals in China, the Court's intervention is necessary "because service through the Hague Convention would unnecessarily delay this case." *Aircraft Engine*, at *1.

**B.     The Federal Law and International Agreements Do Not Prohibit Plaintiffs' Proposed Methods of Service; Plaintiffs' Proposed Methods of Service Also Comport with Due Process.**

***Defendant Li***

Plaintiffs propose to serve Defendant Li by serving (1) attorneys Andrew James Ehrlich, Jane B. O'Brien, and Xinshu Sui of Paul, Weiss, Rifkind, Wharton & Garrison LLP at the New York and Washington D.C. offices ("Defendant Li's U.S. Counsel" or "Paul Weiss"), Defendant Li's U.S. counsel in *In re: NIO, Inc., Securities Litigation*, Case No. 1:19-cv-01424-NGG-JRC, pending before Judge Nicholas G. Garaufis in the Eastern District of New York (the "NIO Litigation") by email to aehrlich@paulweiss.com, xsui@paulweiss.com, and jobrien@paulweiss.com; (2) by email to Tencent Holdings Ltd. ("Tencent") at ir@tencent.com; and (3) by email to KE Holdings Inc. ("KE Holdings") at ir@ke.com.

Defendant Li, also known as Jeffery Li, was a director of Missfresh's Board of Directors. Kim. Decl. ¶17. He resigned from his position on November 11, 2021, four months after the commencement of this action, two months after Skadden's appearance for Missfresh in this case on September 29, 2022, and 7 days after Plaintiffs dispatched the Hague service request. *Id.* As stated above, at the time of Defendant Li's resignation, the media in China had widely reported this case. Kim Decl. ¶21. Defendant Li clearly had knowledge of this case.

*(1)     Service on the U.S. Counsel*

6

Defendant Li currently is a defendant in the NIO Litigation. Kim. Decl. ¶16. Defendant Li's U.S. Counsel, Paul Weiss, appeared in the NIO Litigation in December 2020 and has maintained active communication with Defendant Li since. *Id.* On December 20, 2023, Paul Weiss, on behalf of Defendant Li, along with other defendants in the NIO Litigation, jointly requested the NIO court's permission for an extension to complete discovery, showing ongoing communications between Paul Weiss and Defendant Li. *Id.*;(*see also* NIO Litigation, Dkt. 132.)

Federal law and international agreements do not prohibit service on a defendant's U.S. Counsel. *Zanghi v. Ritella*, No. 19 CIV. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020) ("The Hague Convention does not prohibit service on a foreign defendant's U.S. counsel."); *see also RSM Prod. Corp. v. Fridman*, No. 06 CIV. 11512(DLC), 2007 WL 2295907, at *3 (S.D.N.Y. Aug. 10, 2007) (same). Additionally, such service comes within the scope of the Court's authority under Rule 4(f)(3), because "that rule requires only that service be '(1) directed by the court; and (2) not prohibited by international agreement.'" *GLG Life*, at 267 (quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002))

Moreover, service on Paul Weiss comports with due process. Courts in this Circuit have routinely held that serving a defendant's U.S. counsel under appropriate circumstances is "reasonably calculated, under all the circumstances" to provide notice and an opportunity to be heard to the party served. *GLG Life*, 287 F.R.D. at 267 (finding adequate communications between the unserved CEO defendant the counsel for the company and permitting alternative service on the counsel for the company and the company's registered agent); *see also Halvorssen v. Simpson*, 328 F.R.D. 30, 34–35 (E.D.N.Y. 2018); *W. Supreme Buddha Ass'n, Inc. v. Oasis World Peace & Health Found.*, No. 08-CV-1374, 2011 WL 856378, at *2 (N.D.N.Y. Mar. 9, 2011). Alternative service on a U.S. counsel "(which may include service via electronic means)"

7

satisfies due process if Plaintiffs show "adequate communication" between the person to be served and counsel. *Halvorssen*, at 35. Such communication exists here because Paul Weiss has been in continuous contact with Defendant Li since 2020 to date. Kim Decl. ¶16.

That Paul Weiss is representing Li in a different civil action does not change the fact that service on Paul Weiss will reach Defendant Li and therefore comports with due process. *See Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 CIV. 9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (permitting service on defendant's U.S. attorneys in an unrelated case because the U.S. attorneys "must be in communication with Defendant in relation to the pending legal proceeding[] in the United States … and will know how to locate Defendant").

Hence, the Court should authorize the service of process on Defendant Li via email to Paul Weiss, who serves as counsel for Defendant Li in the pending NIO Litigation.

### (2)    *Service by Email to Tencent and KE Holdings*

Defendant Li is a vice president of Tencent, a company listed on the Hong Kong Stock Exchange ("HKSE") with its principal office located at 29/F, Three Pacific Place, No 1 Queen's Road East, Wanchai, Hong Kong as per information on file with the HKSE. Kim Decl. ¶17. In its filings with the HKSE, Tencent notes that its shareholders may contact the company at ir@tencent.com. *Id*.

Defendant Li also is a director of KE Holdings, a company listed on the HKSE with its principal office at 5/F, Manulife Place, 348 Kwun Tong Road, Kowloon, Hong Kong as per information on file with the HKSE. Kim Decl. ¶17. In its filings with the HKSE, KE notes that its shareholders may contact the company at ir@ke.com. *Id*.

Hong Kong does not object to service by email under the Hague Service Convention, and the Court acting under Rule 4(f)(3) has the discretion to order service by such means. *F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037, at *3–4 (S.D.N.Y. Mar. 7, 2013)

("Service by email and Facebook are not among the means listed in Article 10" of the Hague Service Convention and "the Court knows of no international treaty prohibiting such means."); *see also Birmingham v. Doe*, 593 F. Supp. 3d 1151, 1159–60 (S.D. Fla. 2022) (permitting service by email to defendants in Hong Kong because Hong Kong does not expressly object to service by email).

The proposed method also comports with due process because Defendant Li is an officer of Tencent and a director of KE Holdings. "Courts have sensibly held that service on a high-level employee's corporate employer ... is 'reasonably calculated' to apprise the employee of the pendency of the action and therefore comports with due process." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013) (permitting service on the general manager by serving the company) (quoting *GLG Life*, at 267).

Therefore, the Court should authorize the service of process on Defendant Li by email to Tencent and KE Holdings.

### *Defendant Zhu*

Plaintiffs propose to serve Defendant Zhu (1) by email to KE Holdings at ir@ke.com, and (2) via the last known text message, email or any social media account (WeChat, Weibo or similar) Defendants Missfresh or Xu has on file for Defendant Zhu.

Defendant Zhu was Missfresh's independent director at the time of the IPO and resigned from his position on September 9, 2022, two months after this action was initiated. Kim Decl. ¶18. As stated above, by the time of Defendant Zhu's resignation, the media in China had widely reported this case. Kim Decl. ¶21. Defendant Zhu clearly had knowledge of this action before his resignation.

(1)    *Service by Email to KE Holdings*

Defendant Zhu is an independent director of KE Holdings, a company listed on the HKSE. Kim Decl. ¶¶17,18.

Similar to Defendant Li, in light of Defendant Zhu's position at KE Holdings, serving Defendant Zhu by emailing to KE Holdings does not offend the Hague Service Convention or any international agreement and also comports with due process. Therefore, the Court should permit this proposed method. *CKR*, at 526.

(2)    *Service Via Text Message, Email or Any Social Media Account Missfresh or Xu Has on File*

As stated above, Skadden advised Missfresh's 2021 IPO and has close involvement with the Induvial Defendants, including Zhu, during the IPO. Kim Decl. ¶11. Before Skadden's withdrawal, Plaintiffs had made multiple requests for Skadden to provide the last known or current email, social media account or home addresses for any Individual Defendant, including Zhu, since October 2023. *Id*. However, Skadden did not fulfill its commitment despite it promising to do so. *Id*. Similarly, despite Plaintiffs' request, Tarter, the substitute counsel for Defendants Missfresh and Xu, has yet to provide the last known or current email, social media account or home addresses of Defendant Zhu. Kim Decl. ¶14. On October 26, 2023, Plaintiffs served Defendant Missfresh their first set of interrogatories, including seeking information on "the current mailing address and email addresses" and "the electronic devices, social media, and texting applications used by each of the Individual Defendants." Kim Decl. ¶13. Missfresh was expected to respond to the interrogatories by February 9, 2024, yet has failed to do so. *Id*.

Due to the approaching discovery cut off dates set forth in the Court-ordered amended case management plan (Dkt. 102), Plaintiffs therefore respectfully request the Court to compel

Defendants Missfresh and Xu[5] to disclose, in five days, all cellphone numbers, email addresses, and social media account information (such as WeChat, Weibo or similar accounts) that they have on file for Defendant Zhu. Additionally, Plaintiffs seek permission to serve Defendant Zhu via text message, email or any social media account that Missfresh or Xu may provide.

Although China objects to alternative service by postal channel under the Article 10 of the Hague Service Convention[6], "[c]ourts in the Second Circuit have generally found that email is not a postal channel and that service by email is authorized if the signatory country has not explicitly objected to service by electronic means." *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 343 (E.D.N.Y. 2021). "China's objection to service by postal mail does not cover service by email." *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (Rakoff, J.); *see also ZURU Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 1:23-CV-01852-ER, 2023 WL 2432477, at *2 (S.D.N.Y. Mar. 9, 2023) ("China has not objected to service by e-mail."); PCCare247, at *3–4 (permitting service by email and Facebook because, despite India's objection to Article 10 of Hague Service Convention, "[s]ervice by email and Facebook are not among the means listed in Article 10" and "the Court knows of no international treaty prohibiting such means."). Neither does any other international agreement prohibit service by email. See Grp. One Ltd. v. GTE GmbH, 523 F. Supp. 3d 323, 342–43 (E.D.N.Y. 2021) (finding that service by email did not violate the Hague Service Convention or any international agreement and comported with due process); see also Convergen, at *6.

Even if China's objection to postal service also encompasses an objection to email service,

---

[5] Defendant Xu, who currently is the Chairman of the Board of Directors ("Chairman") and Chief Executive Officer ("CEO"), is the sole executive that still actively manages Missfresh and signed SEC filings on behalf of Missfresh. Kim Decl. ¶8.
[6] *See* https://www.hcch.net/en/states/authorities/details3/?aid=243, (last visited October 28, 2023).

as indicated in recent decisions by certain district courts in this Circuit' recent decisions[7], the Hague Convention does not apply here because Defendant Zhu's address is "unknown." *Sylo Supply, Inc. v. Juzihao Res. Mgmt. Co.*, No. 20-CV-5633 (EK)(MMH), 2023 WL 6370863, at *4 (E.D.N.Y. Sept. 28, 2023), *report and recommendation adopted,* No. 20-CV-5633(EK)(MMH), 2023 WL 6845865 (E.D.N.Y. Oct. 17, 2023). As aforementioned, Plaintiffs here have conducted diligent search for Defendant Zhu's home address and repeatedly requested Defendant Missfresh, via its previous and current counsels, to provide Defendant Zhu's last known physical address(es), workplace information, cell phone numbers, email addresses and social media accounts. Kim Decl. ¶¶11-14. Plaintiffs, however, have been unable to obtain any such information. *Id*. Defendant Zhu's address therefore is "unknown" and the Hague Service Convention is inapplicable. *Sylo Supply*, at *4; *see also Safavieh Intl, LLC v. Chengdu Junsen Fengrui Tech. Co.-Tao Shen*, No. 23 CIV. 3960 (CM), 2023 WL 3977505, at *3 (S.D.N.Y. June 13, 2023) (noting that the Hague Convention only applies when the address of the person to be served is known).

Therefore, under the circumstance, the Court should authorize the service of process on Defendant Zhu via email or any social media account that Defendants Missfresh or Xu would provide under Rule4(f)(3). *See Safavieh Intl LLC v. Chengdu Junsen Fengrui Technology Co, Ltd.-Tao Shen et al*, 1:23-CV-03960 (S.D.N.Y., Sep. 5, 2023) (Dkt. 21) (ordering alternative service on defendant in China via email because "plaintiff has exercised diligent efforts to locate the actual address of Defendant but has been unable to do so").[8]

---

[7]*See, e.g.*, *Safavieh Int'l, LLC v. Chengdu Junsen Fengrui Tech. Co.-Tao Shen*, No. 23 Civ. 3960, 2023 WL 3977505, at *4 (S.D.N.Y. June 13, 2023); *Shenzhen Chengront Tech. Co. v. Besign Direct*, No. 22 Civ. 10281, 2022 WL 17741496, at *2 (S.D.N.Y. Dec. 9, 2022); *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1393 (S.D.N.Y. 2022)

[8] In its previous opposition ("Opposition," Dkt. 85) to Plaintiffs' motion for alternative service, Defendant Missfresh erroneously interpreted *Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017), arguing that the Hague Service Convention prohibits serving a defendant in China by email.

Moreover, China's Personal Information Protection Law, state secrecy law and other similar law should not prohibit this Court from protecting the national interest of the United States. *Munoz v. China Expert Tech., Inc.*, No. 07 CIV. 10531 AKH, 2011 WL 5346323 (S.D.N.Y. Nov. 7, 2011) is instructive. There, defendants argued that China's state secrecy law and other related law limited discovery, impose secrecy, and punish violations under the criminal laws. The *Munoz* court found that China's national interest was "speculative," "unproven and uncertain." Quoting *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 (1987) ("It is well settled that [foreign 'blocking'] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute"), the *Munoz* court held that discovery should proceed under the Federal Rules of Civil Procedure. *Id*., at *1. Like Missfresh, defendants in *Munoz* chose to have the company's shares trade publicly in the U.S., filed disclosures with the SEC, and violated the U.S. securities law affecting U.S. investors and U.S. capital markets. *Id*., at *2 "The United States has a strong interest in both regulating its domestic corporations and ensuring the integrity of its financial markets." *Id*.; *see also Christine Asia v. Ma*, 1:15-md-02631-CM-SDA (S.D.N.Y., Jan. 12, 2018, status conference transcript at 10) (McMahon, J.) ("My position is very clear. If you want to raise money in the United States of America, the only laws that matter to me are the laws of the United States of America."). Exhibit 1 to Kim Decl. Therefore, the speculative uncertainties related to Chinese law should not be hinder this Court from upholding U.S. law.

Moreover, serving Defendant Zhu via text message, email or social media comports with

---

Opposition at 8. But nowhere in *Water Splash* does the Supreme Court make such finding. Instead, the Supreme Court only holds that service by mail *is* permissible under the Hague Service. *See Id.*, at 284.

due process, especially when coupled with service by email to KE Holdings' principal office in Hong Kong. *See Marvici v. Roche Facilities Maint. LLC*, No. 21CIV4259PAEJLC, 2021 WL 5323748, at *4 (S.D.N.Y. Oct. 6, 2021) (acknowledging many courts had approved of multi-prong approaches to service that included text messaging.) "[P]ersonal cell phone numbers, generally speaking, are uniquely tethered to their holders, and tend to be durable, such that there is little risk that some other user now uses [defendant's] phone number" and therefore service via text messages comports with due process. *See Marvici*, at *4. Similarly, service via email or social media account also complies with due process. *See PCCare247 Inc.*, at *4-5 (finding that serving defendants in India by both email and Facebook satisfies the due process inquiry, although noting that "[s]service by email alone comports with due process").

Therefore, the Court should order Missfresh and Xu to disclose, in five days, all cellphone numbers, email addresses, and social media account information (WeChat, Weibo or similar accounts) that they have on file for Defendant Zhu. Furthermore, the Court should permit service on Defendant Zhu via text message, email or any social media account that Missfresh or Xu may provide.

### *Defendant Wang*

Plaintiffs propose to serve Defendant Wang (1) by publication in both Chinese and English once a week for two consecutive weeks on PR Newswire Asia and GlobeNewswire, (2) via text message, email or any social media account (WeChat, Weibo or similar accounts) Defendants Missfresh or Xu has on file for Defendant Wang, and (3) by FedEx International Priority to the forwarding or home address that Missfresh or Xu has on file for Defendant Wang provided the address is not in China.

Defendant Wang was the Chief Financial Officer and a director of Missfresh at the time of the IPO. Kim Decl. ¶19. He resigned from his positions on September 9, 2022, two months after

14

this action was initiated. *Id*. As stated above, by the time of his resignation, the media in China had widely reported this case. Kim Decl. ¶21. Defendant Zhu clearly had knowledge of this action before his resignation.

### (1)    *Service by Publication on PR Newswire Asia and GlobeNewswire*

Neither the Hague Service Convention nor any international agreements prohibit service by publication. *See Klosin v. E.I. Du Pont de Nemours & Co.*, No. 19-CV-00109, 2020 WL 12949469, at *2 (W.D.N.Y. July 17, 2020) (ordering service on a Chinese company by publication on Wall Street Journal Asia Edition); *see also ZURU Inc.*, at *2 ("China has not objected to service by … Internet publication.").

As stated above, Plaintiffs demonstrated reasonable diligence in attempting, albeit unsuccessfully, to effectuate service on Defendant Wang at Missfresh's headquarters via the Hague Service Convention. Kim Decl. ¶¶5,6. Plaintiffs have conducted diligent search for Defendant Wang's home address but were unable to obtain such information. Kim Decl. ¶12. Additionally, Plaintiffs have been unable to obtain any information on Defendant Wang's email, social media account, home addresses or current employers from Skadden or Tarter. Kim Decl. ¶¶11,14. Missfresh has yet to respond to Plaintiffs' interrogatories, including seeking contact information of Defendant Wang. Kim Decl. ¶13. Under such circumstances, given the quickly approaching discovery cutoff dates, service by online publication is appropriate under the FRCP Rule 4(h)(3). *Kaws Inc. v. Individuals, Corps., Ltd. Liab. Co mpanies, Partnerships, & Unincorporated Associations Identified on Schedule A to Complaint*, No. 22-CV-9073 (JPO), 2022 WL 17404520, at *1 (S.D.N.Y. Dec. 2, 2022); *see also S.E.C. v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739, at *5 (S.D.N.Y. Feb. 13, 2009) (permitting service by online publication in Germany and Croatia in light of the unsuccessful service attempts in the two countries pursuant to the Hague Service Convention).

15

Service by publication also comports with due process. The Second Circuit has held that service by publication can satisfy the *Mullane* standard set by the U.S. Supreme Court, so long as a plaintiff reasonably calculates that the published notice is likely to come to the defendant's attention. *See S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987) (citing *Mullane*, at 314); *see also Anticevic*, at \*5. Additionally, according to PR Newswire Asia, in China, more than 9,300 media outlets are registered to receive corporate press releases distributed by PR Newswire. Such media channels include over 2,300 print media (including newspapers, magazines, business and industry journals), over 7,000 integrated and portal websites, industry-specific vertical websites, over 300 professional media outlets and financial information terminals in the financial and economic field, more than 140 television and radio stations, news agencies, and various types of news organizations, Chinese offices of over 80 foreign and Hong Kong, Macao, and Taiwan-headquartered news media and organizations, nearly 30 mobile news outlets and social networks such as Weibo and WeChat. Kim Decl. ¶22. Similarly, GlobeNewswire is also one of the world's largest newswire distribution networks, specializing in the delivery of corporate press releases, financial disclosures and multimedia content to media, investors, and consumers worldwide. *Id*. Publication on PR Newswire Asia and GlobeNewswire will be reasonably calculated to give notice to Defendant Wang. *See Klosin*, at \*2 (online publication once weekly for four consecutive weeks); *see also Victaulic Company v. Allied Rubber & Gasket Co., Inc. et al*, 3:17-CV-01006, Dkt. 19 (S.D. Cal. May 8, 2020) (ordering service on a Chinese defendant via publication on WSJ Asia edition (electronic) for four weeks and email).

Therefore, the Court should permit Plaintiffs to serve Defendant Wang by publishing a notice of this action in both Chinese and English once weekly for two consecutive weeks on PR News Asia and GlobeNewswire.

16

        (2)     *Service Via Text Message, Email or Any Social Media Account Missfresh or Xu Has on File*

Similar to Defendant Zhu, Skadden worked closely with Defendant Wang during Missfresh's 2021 IPO. Kim Decl. ¶11. Despite Plaintiffs' multiple requests, Skadden did not provide the last known or current email, social media account or home addresses for Wang before its withdrawal. *Id*. Similarly, despite Plaintiffs' request, Tarter has yet to provide the last known or current email, social media account or home addresses of Defendant Wang. Kim Decl. ¶14. Missfresh has not answered Plaintiffs' October 26, 2023 interrogatories seeking information on Wang's current mailing and email addresses, electronic devices, social media, and texting applications. Kim Decl. ¶13.

For the same reasons stated above, Plaintiffs therefore respectfully request the Court to compel Missfresh and Xu to disclose, in five days, all cellphone numbers, email addresses, and social media account information (such as WeChat, Weibo or similar accounts) that they have on file for Defendant Wang. Additionally, Plaintiffs seek permission to serve Defendant Wang via text message, email or any social media account that Missfresh or Xu may provide.

        (3)     *Service by Mail to the Forwarding or Home Address Outside China*

For the same reasons stated above, and given the difficulties and uncertainties associated with serving individuals in China, Plaintiffs also respectfully request the Court to compel Missfresh and Xu to disclose, in five days, the forwarding or home address that Missfresh or Xu has on file for Defendant Wang provided the address is not in China. Additionally, Plaintiffs seek permission to serve Defendant Wang by FedEx International Priority, delivering the summons and the Complaint to the forwarding or home address outside China that Missfresh or Xu may provide. *See Aircraft Engine*, at *1 ("[S]ervice through the Hague Convention would unnecessarily delay this case.")

17

***Defendant Sun***

Plaintiffs propose to serve Defendant Sun (1) by publication in both Chinese and English once a week for two consecutive weeks on PR Newswire Asia and GlobeNewswire, (2) via text message, email or any social media account (WeChat, Weibo or similar) Defendant Missfresh or Xu has on file for Defendant Sun, and (3) by FedEx International Priority to the forwarding or home address that Missfresh or Xu has on file for Defendant Sun provided the address is not in China.

Defendant Sun was a director of Missfresh at the time of the IPO. Kim Decl. ¶20. He resigned from his position on September 9, 2022, two months after this action was initiated on July 12, 2022. Additionally, as stated above, by the time of his resignation, the media in China had widely reported this case. Kim Decl. ¶21. Defendant Sun clearly had knowledge of this action before his resignation.

(1)    *Service by Publication on PR Newswire Asia and GlobeNewswire*

For the same reasons stated as to Defendant Wang, the Court should permit Plaintiffs to serve Defendant Sun by publishing a notice of this action in Chinese and English once weekly for two consecutive weeks on PR Newswire Asia and GlobeNewswire.

(2)    *Service Via Text Message, Email or Any Social Media Account Missfresh or Xu Has on File*

For the same reasons stated as to Defendant Wang, Plaintiffs respectfully request the Court to compel Missfresh and Xu to disclose, in five days, all cellphone numbers, email addresses, and social media account information (WeChat, Weibo or similar accounts) that they have on file for Defendant Sun. Additionally, Plaintiffs seek permission to serve Defendant Sun via text message, email or any social media account that Missfresh or Xu may provide.

(3)      *Service by Mail to the Forwarding or Home Address Outside China*

For the same reasons stated above, Plaintiffs respectfully request the Court to compel Missfresh and Xu to disclose, in five days, the forwarding or home address that Missfresh or Xu has on file for Defendant Sun provided the address is not in China. Additionally, Plaintiffs seek permission to serve Defendant Sun by FedEx International Priority, delivering the summons and the Complaint to the forwarding or home address outside China that Missfresh or Xu may provide.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion in its entirety and permit the proposed methods for alternative service on the Individual Defendants as follows:

| Defendants | Proposed Methods of Service |
|---|---|
| Zhaohui Li | 1. To Paul Weiss by email to Andrew James Ehrlich (aehrlich@paulweiss.com), Jane B. O'Brien (jobrien@paulweiss.com), and Xinshu Sui (xsui@paulweiss.com); <br> 2. via email at ir@tencent.com to Tencent; and <br> 3. via email at ir@ke.com to KE Holdings. |
| Hansong Zhu | 1. via email at ir@ke.com to KE Holdings; <br> 2. by text message, email or through any social media account (WeChat, Weibo or similar) Defendant Missfresh or Xu has on file for Zhu. |
| Jun Wang | 1. by publication in both Chinese and English once a week for two consecutive weeks on PR Newswire Asia and GlobeNewswire; <br> 2. by text message, email or through any social media account (WeChat, Weibo or similar) Missfresh or Xu has on file for Wang; and <br> 3. by FedEx International Priority to the forwarding or home address that Missfresh or Xu has on file for Wang provided the address is not in China. |
| Yuan Sun | 1. by publication in both Chinese and English once a week for two consecutive weeks on PR Newswire Asia and GlobeNewswire; <br> 2. by text message, email or through any social media account (WeChat or similar) Missfresh or Xu has on file for Sun; and <br> 3. by FedEx International Priority to the forwarding or home address that Defendant Missfresh or Xu has on file for Sun provided the address is not in China. |

19

DATED: February 21, 2024

**THE ROSEN LAW FIRM, P.A.**
*/s/ Phillip Kim*
Phillip Kim
Laurence M. Rosen
Jing Chen
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
jchen@rosenlegal.com

**LABATON KELLER SUCHAROW LLP**
*/s/ Alfred L. Fatale III*
Alfred L. Fatale III
Charles Wood
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
afatale@labaton.com
cwood@labaton.com

*Lead Counsel for Plaintiffs and the Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0482
Email: brian@schallfirm.com

*Additional Counsel*