**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>                              v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>      Defendants. | Case No. 1:22-cv-09836-JSR |

**DECLARATION OF PHILLIP KIM IN SUPPORT OF PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANTS ZHAOHUI LI, <u>HANSONG ZHU, JUN WANG, AND YUAN SUN</u>**

1

I, Phillip Kim, make this declaration pursuant to 28 U.S.C. § 1746. I hereby state as follows:

1.  I am an attorney at The Rosen Law Firm, P.A., co-Lead Counsel for Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and named plaintiff James Sannito ("Plaintiffs") in the above-captioned Action ("Action").  I have been admitted to this Court.

2.  I submit this Declaration in support of Plaintiffs' Motion for alternative service of process on Defendants Jun Wang ("Wang"), Yuan Sun ("Sun"), Zhaohui Li ("Li"), and Hansong Zhu ("Zhu", together with Li, Wang, and Sun as "Induvial Defendants").

3.  I have personal knowledge of the facts stated herein and, if called as witness, I could and would testify competently hereto.

4.  Defendant Missfresh Limited's ("Missfresh") headquarter address filed with the Securities Exchange Commission ("SEC") is 3rd Floor, Block A, Vanke Times Center, No. 9 Wangjing Street, Chaoyang District, Beijing 100016, the People's Republic of China, and has never been changed in Missfresh's SEC filings since its initial public offering ("IPO").

5.  Following the filing of the initial complaint (Dkt. 1), my colleagues working under my direction in this Action diligently had the summonses and the initial complaint professionally translated and, on November 4, 2022, dispatched formal service requests, pursuant to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), for serving Defendants Wang, Li, and Sun at Defendant Missfresh's headquarters in China at the address that Missfresh has provided in its filings with the SEC.

6.  Following the filing of the operative amended complaint ("Complaint", Dkt. 34), my colleagues working under my direction in this Action diligently had the Complaint

professionally translated and, on January 30, 2023, dispatched formal service requests for serving Individual Defendants at Missfresh's headquarters in China pursuant to the Hague Service Convention.

7.    On September 13, 2023, Plaintiffs' counsel received notices from the Chinese government, all dated July 19, 2023, informing that none of the attempted service of process of the summonses, the initial complaint or the Complaint had been successful. The return receipt in Chinese for each of the requested service attempts states the reason for unsuccessful service was because there was "no such a company (no such a person) at such an address." The certificate provided by the Chinese government in English for each of the requested service attempts states the reason for unsuccessful service was due to "no such person at the address provided." However, the Chinese-language return receipt for every service request states, "no such a company (such a person) at such an address" as the reason for unsuccessful service.

8.    Defendant Zheng Xu ("Xu") is the founder of Missfresh. Defendant Xu has been and still is the Chairman of the Board of Directors ("Chairman") and Chief Executive Officer ("CEO") of Missfresh. Defendant Xu currently is the sole executive who actively manages Missfresh.

9.    Skadden, Arps, Slate, Meagher & Flom ("Skadden"), former counsel for Missfresh in this Action, appeared in this case on September 29, 2022 (Dkts. 15-17), and withdrew from representing Missfresh on January 29, 2024, following the Court's approval (Dkt. 95).

10.    While representing Missfresh, Skadden has declined to accept service on behalf of any of the Individual Defendants.

11.    Skadden was one of the two law firms advising Missfresh's IPO. Since October 2023, Plaintiffs had repeatedly requested Skadden to provide the email addresses, social media

accounts (WeChat or similar), home addresses and/or current employers that Skadden had on file about the Individual Defendants. But Skadden has never provided any such information despite it promising to do so.

12. In October 2023, a Chinese-speaking colleague working under my direction in this Action conducted a Google search to find the current home addresses of the Individual Defendants but was unable to locate such information. Additionally, in October 2023, my firm engaged an investigator based in China with extensive experience in conducting investigations for U.S. litigations to search for the current home addresses of the Individual Defendants. The investigator, however, was unable to locate such information either. The investigator has advised Plaintiffs that further attempts could be made, but there is no guarantee of success in identifying the residential addresses of the Individual Defendants in China.

13. On October 26, 2023, Plaintiffs served Missfresh with their first set of interrogatories, including seeking information on "the current mailing address and email addresses of the Individual Defendants" and "the electronic devices, social media, and texting applications used by each of the Individual Defendants." During this period, the parties engaged in negotiations and reached a settlement in principle, of which the parties informed the Court on November 28, 2023. Consequently, the Court granted a 60-day stay of other proceedings to allow the parties to finalize the settlement stipulation and submit a motion for preliminary approval of the settlement. However, Missfresh subsequently opted out of the agreement, citing an inability to finance the settlement. (*See* Skadden's Memorandum of Law in Support of Motion to Withdraw as Counsel of Record, Dkt. 90 at 4). In light of the 60-day stay and the additional 15 days for Missfresh to secure substitute counsel, Missfresh was expected to respond to the interrogatories by February 9, 2024, and has not done so.

14.     On February 2, 2024, Mr. Richard Lomuscio, attorney of Tarter Krinsky & Drogin LLP ("Tarter"), emailed the co-lead counsel for Plaintiffs, informing that Tarter is the substitute counsel for Defendants Missfresh and Xu. On February 6, 2024, Mr. Lomuscio appeared on behalf of Defendant Xu. (Dkt. 97.) On February 6, 2024, Mr. Lomuscio appeared on behalf of Missfresh. (Dkt. 100.) On February 16, 2024, Plaintiffs emailed Mr. Lomuscio, asking whether his firm would accept service on behalf of the Individual Defendants or provide any last known contact information, including home addresses, email addresses, employer details, forwarding addresses, social media account handles (such as WeChat or Weibo), and cell phone numbers of the Individual Defendants. To date, Mr. Lomuscio has not provided any of the requested information.

15.     On China's Authority webpage on the Hague Evidence Convention website[1], Chinese government notes that the time required for executing a Hague service request is approximately 6 months. However, based on my firm's experience as lead or co-lead counsel in more than 30 cases involving China-based, U.S.-listed companies, China's central authority has typically required 9 months to a year, and in many instances, several years, to effectuate service on defendants located in China.

16.     Attorneys Andrew James Ehrlich, Jane B. O'Brien, and Xinshu Sui of Paul, Weiss, Rifkind, Wharton & Garrison LLP at the New York and Washington D.C. offices ("Paul Weiss") are Defendant Li's U.S. counsel in *In re: NIO, Inc., Securities Litigation*, Case No. 1:19-cv-01424-NGG-JRC, pending before Judge Nicholas G. Garaufis in the Eastern District of New York (the "NIO Litigation"). Their emails addresses are aehrlich@paulweiss.com, xsui@paulweiss.com, and jobrien@paulweiss.com, respectively. Paul Weiss appeared on behalf of Defendant Li in the

---

[1] *See* https://www.hcch.net/en/states/authorities/details3/?aid=243 (Last visited on October 30, 2023)

NIO Litigation in December 2020. On December 20, 2023, Paul Weiss, on behalf of Defendant Li, along with other defendants in the NIO Litigation, jointly requested the NIO Litigation court's permission for an extension to complete discovery, showing ongoing communications between Paul Weiss and Defendant Li. (NIO Litigation, Dkt. 132.)

17.    Defendant Li, as known as Jeffery Li, was a director of Missfresh's Board of Directors. He resigned from his position on November 11, 2021, two months after Skadden's appearance for Missfresh in this case on September 29, 2022, and 7 days after Plaintiffs dispatched the Hague service request. Defendant Li is a vice president of Tencent Holdings Limited ("Tencent"), which is listed on the Hong Kong Stock Exchange with the principal office at 29/F, Three Pacific Place, No 1 Queen's Road East, Wanchai, Hong Kong according to the information on file with the Hong Kong Stock Exchange. Tencent's 2022 annual report filed with the Hong Kong Stock Exchange states that its shareholders may contact the company at ir@tencent.com. Defendant Li also is a director of KE Holdings Inc. ("KE Holdings"), a company listed on the Hong Kong Stock Exchange with the principal office at 5/F, Manulife Place, 348 Kwun Tong Road, Kowloon, Hong Kong according to the information on file with the Hong Kong Stock Exchange. KE Holdings' 2022 annual report filed with the Hong Kong Stock Exchange states that its shareholders may contact the company at ir@ke.com.

18.    Defendant Zhu was Missfresh's independent director at the time of the IPO and resigned from his position on September 9, 2022, two months after this Action was initiated on July 12, 2022. Defendant Zhu is an independent director of KE Holdings.

19.    Defendant Wang was the Chief Financial Officer and a director of Missfresh at the time of the IPO. Wang resigned from his positions on September 9, 2022, two months after this Action was initiated.

20.    Defendant Sun was a director of Missfresh at the time of the IPO. Sun resigned from his position on September 9, 2022, two months after this Action was initiated.

21.    Before Individual Defendants left Missfresh, on July 26, 2022, the law firm of Robbins Geller Rudman & Dowd LLP issued a press release in both Chinese and English on Moomoo.com, announcing the commencement of this action, at https://www.moomoo.com/hans/news/post/12913469?level=2&data_ticket=1708453808814412. Before Individual Defendants left Missfresh, news media outlets in China, such as Sina.com, Weibo, and the Chinese version of the Wall Street Journal at cn.wsj.com, had also widely reported this action.[2]  Sina is the one of four largest web portals in China and has over 300 million monthly active users. Sina owns Weibo, a Twitter-like microblog social network. Weibo has more than 500 million users and millions of posts per day, making it the largest Chinese-language mobile portal.

22.    According to PR Newswire Asia, in China, more than 9,300 media outlets are registered to receive corporate press releases distributed by PR Newswire. Such media channels include over 2,300 print media (including newspapers, magazines, business and industry journals), over 7,000 integrated and portal websites, industry-specific vertical websites, over 300 professional media outlets and financial information terminals in the financial and economic field, more than 140 television and radio stations, news agencies, and various types of news organizations, Chinese offices of over 80 foreign and Hong Kong, Macao, and Taiwan-

---

[2] *See*, *e.g.*, https://finance.sina.com.cn/tech/internet/2022-08-03/doc-imizirav6524350.shtml; https://cn.wsj.com/articles/%E4%B8%AD%E6%A6%82%E8%82%A1%E7%AE%80%E6%8A%A5-%E6%AF%8F%E6%97%A5%E4%BC%98%E9%B2%9C%E9%81%AD%E8%BF%9E%E7%8E%AF%E8%AF%89%E8%AE%BC-%E5%91%98%E5%B7%A5%E8%AE%A8%E8%96%AA-%E6%8A%95%E8%B5%84%E8%80%85%E7%B4%A2%E8%B5%94-11659568506 ; https://weibo.com/1642634100/LFf3bpQXQ?type=repost

headquartered news media and organizations, nearly 30 mobile news outlets and social networks such as Weibo and WeChat.

23.     Attached hereto as Exhibit 1 is the transcript for a status conference held before the Honorable Colleen McMahon in *Christine Asia v. Ma*, 1:15-md-02631-CM-SDA (S.D.N.Y., Jan. 12, 2018).

 I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 21st day of February, 2024, in New York, New York.


*/s/ Phillip Kim*