**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC., <br><br> Defendants. | Case No. 1:22-cv-09836-JSR <br><br> <u>CLASS ACTION</u> <br><br> <u>JURY TRIAL DEMANDED</u> |

**UNDERWRITER DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO LEAD PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATIONS OF FEDERAL <u>SECURITIES LAWS</u>**

Defendants J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, Haitong International Securities Company Limited, CMB International Capital Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, GF Securities (Hong

Kong) Brokerage Limited, Futu Inc. (n/k/a Moomoo Financial Inc.), and Tiger Brokers (NZ) Limited (collectively, the "Underwriter Defendants") by their undersigned counsel, respond as follows to the allegations in Plaintiffs' Amended Class Action Complaint, filed on December 28, 2022 (ECF No. 34) (the "Amended Complaint"), insofar as they are made against the Underwriter Defendants.

The Underwriter Defendants ABCI Securities Company Limited, China International Capital Corporation Hong Kong Securities Limited, China Merchants Securities (HK) Co., Limited, China Renaissance Securities (Hong Kong) Limited, CMB International Capital Limited, GF Securities (Hong Kong) Brokerage Limited, Haitong International Securities Group Limited, ICBC International Securities Limited, and Tiger Brokers (NZ) Limited submit this answer and these affirmative defenses without waiver of and expressly reserving all defenses based on personal jurisdiction, including as asserted in the Underwriter Defendants' Supplemental Submission in support of the Motion to Dismiss (ECF. Nos. 47, 52).

All claims under Section 11 of the Securities Act of 1933 (the "Section 11 Claims") and Section 12(a)(2) of the Securities Act of 1933 (the "Section 12(a)(2) Claims") relating to statements in the Offering Documents[1] concerning Missfresh's internal controls and the sustainability of its business (the "Dismissed Claims") have been dismissed pursuant to the Court's

---

[1] For the sake of clarity, and unless otherwise stated, the Underwriter Defendants herein use the defined terms and phrases set forth in the Amended Complaint. In so doing, however, the Underwriter Defendants do not concede that any such definitions are proper. This includes the term "Offering Documents," which includes the Registration Statement that was filed by Missfresh on June 8, 2021, all amendments thereto, and the Prospectus that was filed on Form 424(b)(4) on June 24, 2021, as well as all Preliminary Prospectuses and updates and supplements thereto, which were incorporated into and formed part of the Registration Statement that became effective on June 24, 2021.

September 12, 2023 Order (ECF No. 69) (the "Order") and no answer to allegations concerning these claims is required.

The Underwriter Defendants incorporate into each response a denial of all allegations in the Amended Complaint to the extent they (i) suggest that the Offering Documents contain material misstatements or omissions for which the Underwriter Defendants may be held liable, (ii) assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which reference is made for a complete and accurate statement of their content, (iii) suggest that the Underwriter Defendants failed to conduct an adequate due diligence investigation, (iv) suggest that Plaintiffs or members of the putative class suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Amended Complaint or any alleged misstatement or omission in connection with the IPO, (v) suggest that the Underwriter Defendants have any liability under the Amended Complaint, and (vi) suggest that Plaintiffs have standing to sue, and/or to represent a putative class of similarly situated individuals and/or entities, for the claims against the Underwriter Defendants. The Underwriter Defendants deny any averments in the headings and subheadings in the Amended Complaint. The Underwriter Defendants intend to respond only as to allegations directed at the Underwriter Defendants individually, and where the Underwriter Defendants respond to allegations that concern the "Missfresh Defendants"[2] and not the Underwriter Defendants individually, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants unless the Underwriter Defendants expressly state otherwise.

---

[2] The "Missfresh Defendants" includes the "Corporate Defendants" and the "Individual Defendants" as both are defined in the Amended Complaint. "Corporate Defendants" includes defendants Missfresh Limited and Cogency Global Inc. "Individual Defendants" includes defendants Zheng Xu, Jun Wang, Yuan Sun, Zhaohui Li, Colleen A. De Vries, and Hansong Zhu.

The Underwriter Defendants further respond to the specific allegations in the Amended Complaint as follows:

To the extent the allegations of the introductory paragraph on page 1 of the Amended Complaint consist of legal conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations of the introductory paragraph on page 1 of the Amended Complaint, except admit that Plaintiffs purport to bring the claims described therein on the bases alleged.

### NATURE AND SUMMARY OF THE ACTION[3]

1.    To the extent the allegations in Paragraph 1 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 1.

2.    To the extent the allegations in Paragraph 2 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 2, except admit that Plaintiffs purport to assert claims on behalf of all persons and entities who purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents.

3.    To the extent the allegations in Paragraph 3 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Securities Act and referenced court

---

[3] To the extent this Answer includes the headings and subheadings set forth in the Amended Complaint, they are used for organization purposes and do not constitute an admission of any kind.

decisions for a complete and accurate statement of their content and deny any inconsistent allegations in Paragraph 3.

4.    To the extent the allegations in Paragraph 4 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 4 and respectfully refer the Court to the Securities Act and referenced court decisions for a complete and accurate statement of their content and deny any inconsistent allegations in Paragraph 4.

5.    To the extent the allegations in Paragraph 5 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced restatements for a complete and accurate statement of their content and deny any inconsistent allegations in Paragraph 5.

6.    To the extent the allegations in Paragraph 6 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the restatement referenced in Paragraph 6 for a complete and accurate description of its content and deny any inconsistent allegations in Paragraph 6.

7.    To the extent the allegations in Paragraph 7 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 7 and respectfully refer the Court to the Offering Documents for a description of Missfresh's business as of their effective date.

8.    To the extent the allegations in Paragraph 8 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the report and statements referenced in Paragraph 8 for a complete and accurate statement of their content and deny any inconsistent allegations in Paragraph 8.

9.    To the extent the allegations in Paragraph 9 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the publicly reported prices for Missfresh ADSs and deny any inconsistent allegations in Paragraph 9.

**JURISDICTION AND VENUE**

10.    To the extent the allegations in Paragraph 10 consist of legal arguments or conclusions, relate to the Dismissed Claims, or relate to claims that are not asserted against the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 10, except admit that Plaintiffs purport to bring this action pursuant to the statutes and regulations cited in Paragraph 10.

11.    To the extent the allegations in Paragraph 11 consist of legal arguments or conclusions, relate to the Dismissed Claims, or relate to claims that are not asserted against the Underwriter Defendants, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 11, except admit that Plaintiffs purport to base jurisdiction over the subject matter of this action pursuant to the statutes cited in Paragraph 11.

12.     To the extent the allegations in Paragraph 12 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 12, except admit that Plaintiffs purport to base venue on the statute cited therein, and the Underwriter Defendants respectfully refer the Court to the Offering Documents for information regarding Missfresh's ADSs and deny any inconsistent allegations in Paragraph 12.

13.     To the extent the allegations in Paragraph 13 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 13 and respectfully refer the Court to the Offering Documents referenced therein for a complete and accurate statement of their content and deny any inconsistent allegations in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate description of the Offering and deny any inconsistent allegations in Paragraph 14.

**PARTIES**

**A.     Plaintiffs**

15.     To the extent the allegations in Paragraph 15 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 concerning Lead

Plaintiff Fan's purported purchase or acquisition of Missfresh ADSs, except admit and aver that Lead Plaintiff Fan submitted a certificate in this action purporting to set forth her ownership of Missfresh ADSs. The Underwriter Defendants deny that Lead Plaintiff Fan was damaged as a result of any conduct alleged against the Underwriter Defendants.

16. To the extent the allegations in Paragraph 16 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 concerning Lead Plaintiff Maso's purported purchase or acquisition of Missfresh ADSs, except admit and aver that Lead Plaintiff Maso submitted a certificate in this action purporting to set forth its ownership of Missfresh ADSs. The Underwriter Defendants deny that Lead Plaintiff Maso was damaged as a result of any conduct alleged against the Underwriter Defendants.

17. To the extent the allegations in Paragraph 17 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 concerning Lead Plaintiff Blackwell's purported purchase or acquisition of Missfresh ADSs, except admit and aver that Lead Plaintiff Blackwell submitted a certificate in this action purporting to set forth its ownership of Missfresh ADSs. The Underwriter Defendants deny that Lead Plaintiff Blackwell was damaged as a result of any conduct alleged against the Underwriter Defendants.

18. To the extent the allegations in Paragraph 18 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent

a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 concerning Lead Plaintiff Star V's purported purchase or acquisition of Missfresh ADSs, except admit and aver that Lead Plaintiff Star V submitted a certificate in this action purporting to set forth its ownership of Missfresh ADSs.  The Underwriter Defendants deny that Lead Plaintiff Star V was damaged as a result of any conduct alleged against the Underwriter Defendants.

19.    To the extent the allegations in Paragraph 19 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 concerning Plaintiff Sannito's purported purchase or acquisition of Missfresh ADSs, except admit and aver that Lead Plaintiff Sannito submitted a certificate in this action purporting to set forth his ownership of Missfresh ADSs.  The Underwriter Defendants deny that Plaintiff Sannito was damaged as a result of any conduct alleged against the Underwriter Defendants.

### B.    Defendants

#### 1.    Corporate Defendants

20.    The allegations in Paragraph 20 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Missfresh's business and its ADSs and deny any inconsistent allegations in Paragraph 20.

21.     The allegations in Paragraph 21 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Missfresh's business relationship with Cogency Global and deny any inconsistent allegations in Paragraph 21.

### 2.     Individual Defendants

22.     The allegations in Paragraph 22 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Zheng Xu and deny any inconsistent allegations in Paragraph 22.

23.     The allegations in Paragraph 23 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Jun Wang and deny any inconsistent allegations in Paragraph 23.

24.     The allegations in Paragraph 24 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Yuan Sun and deny any inconsistent allegations in Paragraph 24.

25.     The allegations in Paragraph 25 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Zhaohui Li and deny any inconsistent allegations in Paragraph 25.

26.     The allegations in Paragraph 26 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Colleen A. De Vries and deny any inconsistent allegations in Paragraph 26.

27.     The allegations in Paragraph 27 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of Hansong Zhu and deny any inconsistent allegations in Paragraph 27.

28.     Paragraph 28 does not contain factual allegations and no response is required.

29.     The allegations in Paragraph 29 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Registration Statement and deny any inconsistent allegations in Paragraph 29.

30.     The allegations in Paragraph 30 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations.  Additionally, to the extent the allegations in Paragraph 30 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete statements and respectfully refer the Court to the Offering Documents for a description of the roles of these individuals in the Offering.

31.     To the extent the allegations in Paragraph 30 are not directed at the Underwriter Defendants, consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 31, except admit that certain Underwriter Defendants had involvement in roadshows in connection with the Offering.

32.     The allegations in Paragraph 32 are not directed at the Underwriter Defendants and the Underwriter Defendants are not required to answer such allegations.  Additionally, to the extent the allegations in Paragraph 32 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of the roles of these individuals in the Offering.

### 3.     Underwriter Defendants

33.     To the extent the allegations in Paragraph 33 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 33 are a complete and accurate description of J.P. Morgan Securities LLC's role in the Offering, except (i) admit that it was an underwriter in the Offering and in that capacity was allocated approximately 8,025,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of J.P. Morgan's  role in the Offering and deny any inconsistent allegations in Paragraph 33.

34.     To the extent the allegations in Paragraph 34 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent

a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 34 are a complete and accurate description of Citigroup Global Markets Inc.'s role in the Offering, except (i) admit that it was an underwriter in the Offering and in that capacity was allocated approximately 7,253,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of Citigroup's role in the Offering and deny any inconsistent allegations in Paragraph 34.

35.     To the extent the allegations in Paragraph 35 consist of legal arguments or conclusions or relate to claims that have been dismissed by the Court, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 35 are a complete and accurate description of China International Capital Corporation Hong Kong Securities Limited's role in the Offering, except (i) admit that it was an underwriter in the Offering and in that capacity was allocated approximately 3,253,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of China International Capital's role in the Offering and deny any inconsistent allegations in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 36 are a complete and accurate description of China Renaissance Securities (Hong Kong) Limited's role in the Offering, except (i) admit that it was an underwriter in the Offering and in

that capacity was allocated approximately 606,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of China Renaissance Securities's role in the Offering and deny any inconsistent allegations in Paragraph 36.

37.    To the extent the allegations in Paragraph 37 consist of legal arguments or conclusions or relate to claims that have been dismissed by the Court, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 37 are a complete and accurate description of Haitong International Securities Company Limited's role in the Offering, except (i) admit that it was an underwriter in the Offering and in that capacity was allocated approximately 24,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of Haitong's role in the Offering and deny any inconsistent allegations in Paragraph 37.

38.    To the extent the allegations in Paragraph 38 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 38 are a complete and accurate description of CMB International Capital Limited's role in the Offering, except (i) admit that it was an underwriter in the Offering and in that capacity was allocated approximately 1,253,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of CMB's role in the Offering and deny any inconsistent allegations in Paragraph 38.

39.    To the extent the allegations in Paragraph 39 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 39 are a complete and accurate description of AMTD Global Market Limited's role in the Offering, except (i) admit that it was an underwriter in the Offering and in that capacity was allocated approximately 143,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of AMTD's role in the Offering and deny any inconsistent allegations in Paragraph 39.

40.    To the extent the allegations in Paragraph 40 consist of legal arguments or conclusions or relate to claims that have been dismissed by the Court, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 40 are a complete and accurate description of ICBC International Securities Limited's role in the Offering, except (i) admit that it was an underwriter in the Offering and in that capacity was allocated approximately 41,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of ICBC's role in the Offering and deny any inconsistent allegations in Paragraph 40.

41.    To the extent the allegations in Paragraph 41 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph

41 are a complete and accurate description of Needham & Company, LLC's role in the Offering, except (i) admit that it was an underwriter in the Offering and in that capacity was allocated approximately 219,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of Needham's role in the Offering and deny any inconsistent allegations in Paragraph 41.

42.    To the extent the allegations in Paragraph 42 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 42 are a complete and accurate description of China Merchants Securities (HK) Co., Limited's role in the Offering, except (i) admit that it was an underwriter in the Offering and in that capacity was allocated approximately 141,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of China Merchants Securities's role in the Offering and deny any inconsistent allegations in Paragraph 42.

43.    To the extent the allegations in Paragraph 43 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 43 are a complete and accurate description of ABCI Securities Company Limited's role in the Offering, except (i) admit that it was an underwriter in the Offering and in that capacity was allocated approximately 14,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of ABCI's role in the Offering and deny any inconsistent allegations in Paragraph 43.

44.    To the extent the allegations in Paragraph 44 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 44 are a complete and accurate description of GF Securities (Hong Kong) Brokerage Limited's role in the Offering, except (i) admit that it was an underwriter in the Offering and in that capacity was allocated approximately 28,000 ADSs for sale in the Offering, and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of GF Securities's role in the Offering and deny any inconsistent allegations in Paragraph 44.

45.    To the extent the allegations in Paragraph 45 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 45 are a complete and accurate description of Futu Inc.'s role in the Offering, except (i) admit it was an underwriter in the Offering and (ii) respectfully refer the Court to the Offering Documents for a complete and accurate description of Futu's role in the Offering and deny any inconsistent allegations in Paragraph 45.

46.    To the extent the allegations in Paragraph 46 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the Offering Documents contained inaccurate or incomplete information and further deny that the allegations contained in Paragraph 46 are a complete and accurate description of Tiger Brokers (NZ) Limited's role in the Offering, except (i) admit it was an underwriter in the Offering and (ii) respectfully refer the Court to the

Offering Documents for a complete and accurate description of Tiger Brokers's role in the Offering and deny any inconsistent allegations in Paragraph 46.

47.     Paragraph 47 does not contain factual allegations and no response is required.

48.     To the extent the allegations in Paragraph 48 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 48 are a complete and accurate description of their business and role in the Offering, and they respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

49.     The Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the Offering and deny any inconsistent allegations contained in Paragraph 49.

50.     To the extent the allegations in Paragraph 50 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the Offering and deny any inconsistent allegations in Paragraph 50.

51.     To the extent the allegations in Paragraph 51 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants aver that they conducted a reasonable investigation in connection with the Offering and otherwise respectfully refer the Court to the

Offering Documents for a description of the underwriting arrangements related to the Offering and deny any inconsistent allegations in Paragraph 51.

52.     To the extent the allegations in Paragraph 52 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 52, except aver that they conducted a reasonable investigation in connection with the Offering and otherwise respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

53.     To the extent the allegations in Paragraph 53 consist of legal arguments or conclusions, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a description of the Underwriter Defendants' roles in the Offering and deny any inconsistent allegations in Paragraph 53. To the extent Paragraph 53 alleges Plaintiffs purchased Missfresh securities pursuant and/or traceable to the Offering, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations and the allegations are therefore denied.

## SUBSTANTIVE ALLEGATIONS

### A.     Company Background

54.     To the extent the allegations contained in Paragraph 54 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 54 constitute a complete and accurate description of Missfresh and its business and respectfully refer the Court to the Offering Documents for a description of Missfresh's business as of their effective date.

55.     To the extent the allegations contained in Paragraph 55 relate to the Dismissed Claims, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 55 constitute a complete and accurate description of Missfresh and its business and respectfully refer the Court to the Offering Documents for a description of Missfresh's business as of their effective date.

56.     To the extent the allegations contained in Paragraph 56 relate to the Dismissed Claims, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 56 constitute a complete and accurate description of Missfresh and its business and respectfully refer the Court to the Offering Documents for a description of Missfresh's business as of their effective date.

57.     To the extent the allegations contained in Paragraph 57 relate to the Dismissed Claims, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 57 constitute a complete and accurate description of Missfresh and its business and respectfully refer the Court to the Offering Documents for a description of Missfresh's business as of their effective date.

58.     To the extent the allegations contained in Paragraph 58 relate to the Dismissed Claims, no response is required or appropriate.   To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 58 constitute a complete and accurate description of Missfresh and its business and respectfully refer the Court to the Offering Documents for a description of Missfresh's business as of their effective date.

59.     To the extent the allegations contained in Paragraph 59 relate to the Dismissed Claims, no response is required or appropriate.   To the extent a response is required, the

Underwriter Defendants deny that the allegations contained in Paragraph 59 constitute a complete and accurate description of Missfresh and its business and respectfully refer the Court to the Offering Documents for a description of Missfresh's business as of their effective date.

60.    To the extent the allegations contained in Paragraph 60 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 60 constitute a complete and accurate description of Missfresh and its business and respectfully refer the Court to the Offering Documents for a description of Missfresh's business as of their effective date.

**B.    The Offering**

61.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate description of the Offering and corresponding SEC filing and deny any inconsistent allegations in Paragraph 61.

62.    The Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete and accurate statement of their content and deny any inconsistent allegations contained in Paragraph 62.

**C.    The Offering Documents Contained Materially False Statements and Omissions**

63.    To the extent the allegations in Paragraph 63 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 63.

64.    To the extent the allegations in Paragraph 64 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering

Documents and statute referenced in Paragraph 64 for a complete and accurate statement of their content and deny any inconsistent allegations in Paragraph 64.

65.     To the extent the allegations in Paragraph 65 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 65 and respectfully refer the Court to the Offering Documents, SEC Regulation C, and Rule 408, 17 C.F.R. § 230.408(a) referenced in Paragraph 65 for a complete and accurate statement of their content.

66.     To the extent the allegations in Paragraph 66 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 66, and respectfully refer the Court to Part I, Item 5(D) Form 20-F,Item 303 of Regulation S-K, 17 C.F.R. § 229.303, and the SEC's related interpretive releases referenced in Paragraph 66 for a complete and accurate statement of their content.

67.     To the extent the allegations in Paragraph 67 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 67, and respectfully refer the Court to Item 105 of Regulation S-K, 17 C.F.R. § 229.105 and the SEC's related interpretive releases referenced in Paragraph 67 for a complete and accurate statement of their content.

### 1.    The Offering Documents Contained Inaccurate Statements of Material Fact and Material Omissions

68.    To the extent the allegations in Paragraph 68 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 68, and respectfully refer the Court to the Offering Documents referenced in Paragraph 68 for a complete and accurate statement of their content.

69.    To the extent the allegations in Paragraph 69 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 69, and respectfully refer the Court to the Offering Documents referenced in Paragraph 69 for a complete and accurate statement of their content.

70.    To the extent the allegations in Paragraph 70 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced in Paragraph 70 for a complete and accurate statement of their content and deny any inconsistent allegations in Paragraph 70.

71.    To the extent the allegations in Paragraph 71 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 71, and respectfully refer the Court to the Offering Documents and restatement referenced in Paragraph 71 for a complete and accurate statement of their content.

**2.  The Offering Documents Falsely Portrayed the Sustainability of the Company's Historic Net Revenues Derived from Online Platforms**

72.  Paragraph 72 relates to the Dismissed Claims and no response is required or appropriate.

73.  Paragraph 73 relates to the Dismissed Claims and no response is required or appropriate.

**3.  The Offering Documents Failed to Disclose Material Factors that Made the Offering More Speculative and Risky**

74.  To the extent the allegations in Paragraph 74 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 74, and respectfully refer the Court to the Offering Documents referenced in Paragraph 74 for a complete and accurate statement of their content.

75.  To the extent the allegations in Paragraph 75 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 75, and respectfully refer the Court to the Offering Documents referenced in Paragraph 75 for a complete and accurate statement of their content.

76.  To the extent the allegations in Paragraph 76 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 76, and respectfully refer the Court to the Offering Documents referenced in Paragraph 76 for a complete and accurate statement of their content.

77. To the extent the allegations in Paragraph 77 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 77, and respectfully refer the Court to the Offering Documents referenced in Paragraph 77 for a complete and accurate statement of their content.

78. To the extent the allegations in Paragraph 78 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the Offering Documents referenced in Paragraph 78 for a complete and accurate statement of their content and deny any inconsistent allegations in Paragraph 78.

79. To the extent the allegations in Paragraph 79 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 79, and respectfully refer the Court to the Offering Documents referenced in Paragraph 79 for a complete and accurate statement of their content.

**D.      Post-Offering Events**

80. To the extent the allegations in Paragraph 80 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced filing for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 80.

81. To the extent the allegations in Paragraph 81 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter

Defendants respectfully refer the Court to the referenced press release for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 81.

82. To the extent the allegations in Paragraph 82 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced press release for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 82.

83. To the extent the allegations in Paragraph 83 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced press release for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 83.

84. To the extent the allegations in Paragraph 84 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced press release for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 84.

85. To the extent the allegations in Paragraph 85 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced press release for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 85.

86. To the extent the allegations in Paragraph 86 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced South China Morning Post article and

Missfresh announcement for a complete and accurate statement of their content and deny any inconsistent allegations in Paragraph 86.

87.     To the extent the allegations in Paragraph 87 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced Reuters article and Beijing Consumer Association statement for a complete and accurate statement of their content and deny any inconsistent allegations in Paragraph 87.

88.     To the extent the allegations in Paragraph 88 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced press release for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 88.

89.     To the extent the allegations in Paragraph 89 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced press release for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 89.

90.     To the extent the allegations in Paragraph 90 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced annual report for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 90.

91.     To the extent the allegations in Paragraph 91 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter

Defendants respectfully refer the Court to the referenced annual report and statement by Shandong Haoxin for a complete and accurate statement of their content and deny any inconsistent allegations in Paragraph 91.

92. To the extent the allegations in Paragraph 92 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced annual report for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 92.

93. To the extent the allegations in Paragraph 93 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced annual report for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 93.

94. To the extent the allegations in Paragraph 94 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the referenced annual report for a complete and accurate statement of its contents and deny any inconsistent allegations in Paragraph 94.

95. To the extent the allegations in Paragraph 95 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to the publicly reported market services for the trading prices for Missfresh ADSs and deny any inconsistent allegations in Paragraph 95.

**CLASS ACTION ALLEGATIONS**

96.     Paragraph 96 does not contain factual allegations and no response is required.  To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations in Paragraph 96.

97.     To the extent the allegations in Paragraph 97 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations in Paragraph 97.

98.     To the extent the allegations in Paragraph 98 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations in Paragraph 98.

99.     To the extent the allegations in Paragraph 99 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations in Paragraph 99.

100.    To the extent the allegations in Paragraph 100 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations in Paragraph 100.

101.    To the extent the allegations in Paragraph 101 consist of legal arguments or conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny that this case is appropriate for class-action treatment and otherwise deny the allegations in Paragraph 101.

## CAUSES OF ACTION

### COUNT I
**For Violation of Section 11 of the Securities Act**
**Against All Defendants**

102.    The Underwriter Defendants repeat each and every response to Plaintiff's allegations above as if fully set forth herein.  To the extent the remaining allegations in paragraph 102 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 102.

103.    To the extent the allegations of Paragraph 103 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they admit that Plaintiffs purport to bring the claim described in Paragraph 103.

104.    To the extent the allegations of Paragraph 104 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 104, except they admit that Plaintiffs purport to bring the claim on the bases alleged.

105.    To the extent the allegations of Paragraph 105 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 105.

106.    To the extent the allegations of Paragraph 106 consist of legal arguments or conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 106.

107.    To the extent the allegations of Paragraph 107 consist of legal arguments or conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 107.

108.    To the extent the allegations of Paragraph 108 consist of legal arguments or conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 108.

109.    The allegations contained in Paragraph 109 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.

110.    To the extent the allegations of Paragraph 110 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 110.

111.    To the extent the allegations of Paragraph 111 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 111.

112.    To the extent the allegations of Paragraph 112 consist of legal arguments or conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 112.

113.    To the extent the allegations of Paragraph 113 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 and the allegations are therefore denied.

114.    To the extent the allegations of Paragraph 114 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 114.

115.    To the extent the allegations of Paragraph 115 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 115.

116.    To the extent the allegations of Paragraph 116 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 116.

**COUNT II**
**For Violation of Section 12(a)(2) of the Securities Act**
**Against All Defendants**

117.    The Underwriter Defendants repeat each and every response to Plaintiff's allegations above as if fully set forth herein.  To the extent the remaining allegations in paragraph 117 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 117.

118.    To the extent the allegations of Paragraph 118 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations, except they admit that Plaintiffs purport to bring the claim described in Paragraph 118.

119.    To the extent the allegations of Paragraph 119 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 119, except they admit that Plaintiffs purport to bring the claim on the bases alleged.

120.    To the extent the allegations of Paragraph 120 consist of legal arguments or conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 120.

121.    To the extent the allegations of Paragraph 121 consist of legal arguments or conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 121.

33

122.    To the extent the allegations of Paragraph 122 consist of legal arguments or conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 122.

123.    To the extent the allegations of Paragraph 123 consist of legal arguments or conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 123.

124.    To the extent the allegations of Paragraph 124 consist of legal arguments or conclusions or relate to the Dismissed Claims or claims that are not directed to the Underwriter Defendants, no response is required or appropriate.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 124.

**COUNT III**
**For Violation of Section 15 of the Securities Act**
**Against All Defendants Except the Underwriter Defendants**

125.    The allegations contained in paragraphs 125–132 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent Plaintiffs repeat and reallege allegations the Underwriter Defendants have already responded to, the Underwriter Defendants incorporate the responses to such allegations herein.

126.    The allegations contained in paragraphs 125–132 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent Plaintiffs repeat and reallege allegations the Underwriter

34

Defendants have already responded to, the Underwriter Defendants incorporate the responses to such allegations herein.

127. The allegations contained in paragraphs 125–132 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent Plaintiffs repeat and reallege allegations the Underwriter Defendants have already responded to, the Underwriter Defendants incorporate the responses to such allegations herein.

128. The allegations contained in paragraphs 125–132 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent Plaintiffs repeat and reallege allegations the Underwriter Defendants have already responded to, the Underwriter Defendants incorporate the responses to such allegations herein.

129. The allegations contained in paragraphs 125–132 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent Plaintiffs repeat and reallege allegations the Underwriter Defendants have already responded to, the Underwriter Defendants incorporate the responses to such allegations herein.

130. The allegations contained in paragraphs 125–132 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations. To the extent Plaintiffs repeat and reallege allegations the Underwriter Defendants have already responded to, the Underwriter Defendants incorporate the responses to such allegations herein.

131.    The allegations contained in paragraphs 125–132 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.    To the extent Plaintiffs repeat and reallege allegations the Underwriter Defendants have already responded to, the Underwriter Defendants incorporate the responses to such allegations herein.

132.    The allegations contained in paragraphs 125–132 are not directed at the Underwriter Defendants, and, therefore, the Underwriter Defendants are not required to answer such allegations.    To the extent Plaintiffs repeat and reallege allegations the Underwriter Defendants have already responded to, the Underwriter Defendants incorporate the responses to such allegations herein.

### PRAYER FOR RELIEF

The Underwriter Defendants deny that Plaintiffs or members of the putative class are entitled to the requested relief, or any relief, against the Underwriter Defendants, and the Underwriter Defendants request that the Court dismiss all claims against them with prejudice, enter judgment in their favor and against Plaintiffs, award them attorneys' fees, costs and expenses, and order such further relief as the Court deems just and proper.

### JURY DEMAND

The Underwriter Defendants deny the allegations in the jury demand, except admit that Plaintiffs purport to demand a jury trial.

### AFFIRMATIVE DEFENSES

The Underwriter Defendants state the following defenses and reserve their right to assert other and additional defenses, cross-claims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.

In asserting these defenses, the Underwriter Defendants do not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon Plaintiffs and members of the putative class.

## FIRST DEFENSE

1.      Plaintiffs' and members of the putative class's claims are barred, in whole or in part, against the Underwriter Defendants as to which this Court lacks general or specific personal jurisdiction including, but not limited to, due to insufficient service of process.

## SECOND DEFENSE

2.      The Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

3.      The Underwriter Defendants are not liable to Plaintiffs and members of the putative class because they did not make any material misstatements or material omissions, the Registration Statement and Prospectus bespoke caution about the risks of investing in Missfresh, and the Underwriter Defendants are not responsible in law or fact for any material misstatements or material omissions by others.

## FOURTH DEFENSE

4.      The Underwriter Defendants are not liable to Plaintiffs and members of the putative class because they had no duty to disclose any facts allegedly not disclosed.

## FIFTH DEFENSE

5.      The Underwriter Defendants are not liable to Plaintiffs and members of the putative class because any alleged misrepresentations or omissions for which the Underwriter Defendants are allegedly responsible were not material.

## SIXTH DEFENSE

6.      The Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## SEVENTH DEFENSE

7.      The Underwriter Defendants are not liable to Plaintiffs and members of the putative class because:  (i) the Offering Documents did not fail to state any trend, event or uncertainty under Item 303 of Regulation S-K; (ii) even if there was a trend, event or uncertainty, it was not known to the Missfresh Defendants at the time of the Offering; and (iii) even if there was a trend, event or uncertainty that was known to the Missfresh Defendants at the time of the Offering, the Missfresh Defendants could not reasonably expect that such known trend, event or uncertainty would have a material impact on Missfresh's net sales or revenues or income from continuing operations.

## EIGHTH DEFENSE

8.      Plaintiffs and members of the putative class lack standing to maintain some or all of their claims under Section 11 of the Securities Act to the extent Plaintiffs and members of the putative class did not purchase stock in or traceable to the Offering and lack standing to maintain some or all of their claims under Section 12(a)(2) of the Securities Act to the extent Plaintiffs and members of the putative class did not purchase stock directly from the Underwriter Defendant against whom such claim is asserted.

## NINTH DEFENSE

9.      The Underwriter Defendants are not liable to Plaintiffs and members of the putative class because they had, after reasonable and diligent investigation, reasonable grounds to believe,

and did believe, at the time the Registration Statement and Prospectus became effective, that the statements in the Registration Statement and Prospectus were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## TENTH DEFENSE

10.     The Underwriter Defendants are not liable to Plaintiffs and members of the putative class to the extent that the acts or omissions alleged in the Amended Complaint relate to portions of the Offering Documents reviewed by experts retained to assist in preparing such documents including but not limited to independent auditors, tax specialists, and legal counsel, as to which the Underwriter Defendants had no reasonable grounds to believe, and did not believe, that any statements contained therein were misleading, including without limitation that the Underwriter Defendants were entitled to rely and did rely reasonably and in good faith upon the written opinion of issuer's counsel and other representations and opinions provided to the Underwriter Defendants in connection with the Offering Documents that, subject to the conditions stated therein, the Offering Documents did not violate Section 11 or 12(a)(2) of the Securities Act.

## ELEVENTH DEFENSE

11.     The conduct of persons and/or entities other than the Underwriter Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiffs and members of the putative class.

## TWELFTH DEFENSE

12.     The Underwriter Defendants are not liable to Plaintiffs and members of the putative class for any damages to the extent Plaintiffs and members of the putative class have incurred no legally cognizable injury or damages.

**THIRTEENTH DEFENSE**

13.    Plaintiffs' and members of the putative class's claims against the Underwriter Defendants are barred in whole, or in part, because the depreciation in the market price of Missfresh's securities resulted from factors other than the purported misstatements or omissions alleged in the Amended Complaint.

**FOURTEENTH DEFENSE**

14.    Plaintiffs' and members of the putative class's claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of Plaintiffs and members of the putative class or others over which the Underwriter Defendants had no control.

**FIFTEENTH DEFENSE**

15.    Plaintiffs' and members of the putative class's damages, if any, are due to the negligence, or other acts or omissions, of persons or entities other than the Underwriter Defendants; however, in the event that a finding is made that negligence exists on the part of the Underwriter Defendants, which proximately contributed to Plaintiffs' and members of the putative class's damages alleged in the Amended Complaint, the Underwriter Defendants' liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the comparative negligence, or other acts or omissions, of such other person or entities contributed to the happening of the incident and alleged damages upon which Plaintiffs and members of the putative class seek recovery.

**SIXTEENTH DEFENSE**

16.    If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, and if any of the

Plaintiffs and members of the putative class were aware of that statement or omission, then such Plaintiffs and members of the putative class cannot prevail.

## SEVENTEENTH DEFENSE

17.    In the event one or more defendants enters into a settlement with Plaintiffs and/or members of the putative class, any subsequent judgment against the Underwriter Defendants must be reduced by the greater of the dollar value or amount of the settlement or the settling defendant(s)' proportional fault.

## EIGHTEENTH DEFENSE

18.    Plaintiffs' and members of the putative class's claims against the Underwriter Defendants are barred in whole or in part because of Plaintiffs' and members of the putative class's inequitable conduct and unclean hands.

## NINETEENTH DEFENSE

19.    The Underwriter Defendants are not liable to Plaintiffs and members of the putative class in connection with any purchase of securities offered in the Offering that (i) were not offered in the United States pursuant to the Registration Statement and Prospectus, or (ii) were not sold or purchased in the United States.

## TWENTIETH DEFENSE

20.    Plaintiffs' and members of the putative class's claims are not properly maintainable as a class action.

## TWENTY-FIRST DEFENSE

21.    Plaintiffs and members of the putative class are not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

41

**TWENTY-SECOND DEFENSE**

22.     Plaintiffs and members of the putative class are not entitled to any recovery under the Securities Act from the Underwriter Defendants because the Underwriter Defendants did not know, and in the exercise of reasonable care, could not have known, of the alleged misstatements or omissions of fact in the offering materials.

**TWENTY-THIRD DEFENSE**

23.     None of the Underwriter Defendants are liable under Section 11 of the Securities Act for damages in excess of the total price at which the specific offered securities underwritten and distributed by such underwriter to the public were offered to the public.

**TWENTY-FOURTH DEFENSE**

24.     Plaintiffs and members of the putative class's claims are barred in whole, or in part, because certain of the challenged statements contain expressions of opinion that Plaintiffs have not alleged, and cannot prove, either were not honestly held or contained embedded statements of false, material facts.

**TWENTY-FIFTH DEFENSE**

25.     Plaintiffs and members of the putative class's claims are barred in whole, or in part, because the offering materials complied with applicable statutes, rules and regulations of the SEC and any other statutes, rules or regulations in effect at the time of the conduct alleged in the Amended Complaint.

**TWENTY-SIXTH DEFENSE**

26.     Plaintiffs and members of the putative class's claims are barred in whole, or in part, because Plaintiffs assumed the risks disclosed in the Offering Documents associated with the securities in question and any alleged losses were caused by those risks coming to fruition.

**TWENTY-SEVENTH DEFENSE**

27.     Plaintiffs and members of the putative class's claims are barred in whole, or in part, to the extent they seek damages "which exceed the price at which the security was offered to the public." 15 U.S.C. § 77k(g).

**TWENTY-EIGHTH DEFENSE**

28.     Plaintiffs and members of the putative class's claims are barred in whole, or in part, to the extent that they held, disposed of or could have disposed of the securities at a price in excess of the offering price.

**TWENTY-NINTH DEFENSE**

29.     Without admitting that Plaintiffs or members of the putative class suffered damages in any amount, or that any defendants are or should be liable for any such damages, to the extent that Plaintiffs failed to mitigate, minimize or avoid any loss or damage referred to in the Amended Complaint, any recovery against the Underwriter Defendants must be reduced by that amount or eliminated.

**THIRTIETH DEFENSE**

30.     The Underwriter Defendants reserve all separate or affirmative defenses or rights that they may have against the putative class and its members.  It is not necessary at this time for the Underwriter Defendants to delineate such defenses because no class has been certified and the putative class members are not parties to the litigation.

**THIRTY-FIRST DEFENSE**

31.     The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.   The Underwriter

Defendants adopt and incorporate any and all separate defenses asserted by other defendants in this action, to the extent that such defenses are applicable to the Underwriter Defendants.

DATED:  February 27, 2024

**SHEARMAN & STERLING LLP**

By: /s/ *Daniel C. Lewis*
Daniel C. Lewis
Joshua T. Ebersole
Benjamin Klebanoff
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
daniel.lewis@shearman.com
joshua.ebersole@shearman.com
benjamin.klebanoff@shearman.com

Grace J. Lee
401 9th Street NW, Suite 800
Washington, D.C. 20004-2128
Telephone: (202) 508-8065
grace.lee@shearman.com

*Counsel for Defendants J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, Haitong International Securities Company Limited, CMB International Capital Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, GF Securities (Hong Kong) Brokerage Limited, Futu Inc. (n/k/a Moomoo Financial Inc.), and Tiger Brokers (NZ) Limited*

44

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 27, 2024, the foregoing document was served

by the CM/ECF system on the following:

**LABATON SUCHAROW LLP**
Alfred L. Fatale III
David J. Schwartz
Charles Wood
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
afatale@labaton.com
dschwartz@labaton.com
cwood@labaton.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence M. Rosen
Jing Chen
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
jchen@rosenlegal.com

*Lead Counsel for Plaintiffs and the
Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0482
Email: brian@schallfirm.com

*Additional Counsel*

*/s/ Daniel C. Lewis*
*Attorney for Underwriter Defendants*