UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>                       Plaintiff,<br><br>          v.<br><br>MISSFRESH LIMITED, et al.,<br><br>                  Defendants. | Case No. 1:22-cv-09836 (JSR) |

**ANSWER OF DEFENDANT MISSFRESH LIMITED TO THE AMENDED**

**COMPLAINT**

Defendant Missfresh Limited ("Missfresh" or the "Company"), through its attorneys Tarter Krinsky & Drogin LLP, submit this Answer ("Answer") to the Amended Complaint (the "Complaint") filed by Plaintiff Juan Chen ("Plaintiff") Amended Complaint (the "Complaint"), states as follows:

**I.      NATURE AND SUMMARY OF THE ACTION[1]**

1.      The allegations in paragraph 1 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

2.      The allegations in paragraph 2 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

---

[1] The headers in the Answer correspond to those contained in the Complaint. The inclusion of these headers is for ease of reference only and no substantive response to them is required.

3. The allegations in paragraph 3 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

4. The allegations in paragraph 4 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

5. The allegations in paragraph 5 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

6. The allegations in paragraph 6 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

7. The allegations in paragraph 7 of the Complaint contains Plaintiff's characterization of Missfresh's enterprise and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

8. The allegations in paragraph 8 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

9. The allegations in paragraph 9 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

**II. JURISDICTION AND VENUE**

10.    The allegations in paragraph 10 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

11.    The allegations in paragraph 11 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

12.    The allegations in paragraph 12 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

13.    Defendant respectfully refers the Court to Missfresh's public filings, for a true and correct statement of its contents.  To the extent the rest of paragraph 13 contains allegations which constitute legal argument and other conclusions as to which no response is required. Furthermore, to the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

14.    The allegations in paragraph 14 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

**III. PARTIES**

**A.  Plaintiffs**

15.    The allegations in paragraph 15 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

16.     The allegations in paragraph 16 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

17.     The allegations in paragraph 17 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

18.     The allegations in paragraph 18 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

19.     The allegations in paragraph 19 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

**B. Defendants**

**1. Corporate Defendants**

20.     Admitted.

21.     Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 21 of the Complaint is required, Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.     The allegations in Paragraph 22 relate to a party other than Defendant to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents and otherwise denies the allegations set forth in paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 relate to a party other than Defendant to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents and otherwise denies the allegations set forth in paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 relate to a party other than Defendant to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents and otherwise denies the allegations set forth in paragraph 24 of the Complaint.

25.     The allegations in Paragraph 25 relate to a party other than Defendant to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents and otherwise denies the allegations set forth in paragraph 25 of the Complaint.

26.     The allegations in Paragraph 26 relate to a party other than Defendant to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents and otherwise denies the allegations set forth in paragraph 26 of the Complaint.

27.     The allegations in Paragraph 27 relate to a party other than Defendant to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents and otherwise denies the allegations set forth in paragraph 27 of the Complaint.

28.     The contents of Paragraph 28 are non-substantive to which no response is required.

29.     Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents and otherwise denies the allegations set forth in paragraph 29 of the Complaint.

30.     The allegations in paragraph 30 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

31.     The allegations in paragraph 31 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

32.     The allegations in paragraph 32 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

### 3.     Underwriter Defendants

33.     Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 33 of the Complaint is required, Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34.     Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 34 of the Complaint is required, Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35.     Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 35 of the Complaint is required, Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 36 of the Complaint is required, Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 37 of the Complaint is required, Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 38of the Complaint is required, Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 39 of the Complaint is required, Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 40 of the Complaint is required, Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 41 of the Complaint is required, Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 42 of the Complaint is required, Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43.    Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 43 of the Complaint is required, Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44.    Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 44 of the Complaint is required, Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45.    Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 45 of the Complaint is required, Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46.    Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 46 of the Complaint is required, Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47.    The contents of Paragraph 47 are non-substantive to which no response is required.

48.    The allegations in paragraph 48 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

49.    The allegations in paragraph 49 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

50.    The allegations in paragraph 50 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

51.     The allegations in paragraph 51 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

52.     The allegations in paragraph 52 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

53.     The allegations in paragraph 53 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

## IV.     SUBSTANTIVE ALLEGATIONS

### A.  Company Background

54.     The allegations in paragraph 54 of the Complaint contains Plaintiff's characterization of Missfresh's enterprise and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

55.     The allegations in paragraph 55 of the Complaint contains Plaintiff's characterization of Missfresh's enterprise and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

56.     The allegations in paragraph 56 of the Complaint contain Plaintiff's characterization of Missfresh's enterprise and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

57.    The allegations in paragraph 57 of the Complaint contain Plaintiff's characterization of Missfresh's enterprise and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

58.    The allegations in paragraph 58 of the Complaint contain Plaintiff's characterization of Missfresh's enterprise and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

59.    The allegations in paragraph 59 of the Complaint contain Plaintiff's characterization of Missfresh's enterprise and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

60.    The allegations in paragraph 60 of the Complaint contain Plaintiff's characterization of Missfresh's enterprise and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

**B.    The Offering**

61.    Defendant respectfully refers the Court to Missfresh's Registration Statement, Prospectus and Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 61 of the Complaint is required, Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62.     Defendant respectfully refers the Court to Missfresh's Offering Documents for a true and correct statement of its contents. To the extent an answer to paragraph 62 of the Complaint is required, Defendant denies the allegations set forth in paragraph 62 of the Complaint.

### C.     The Offering Documents Contained Materially False Statements and Omissions

63.     The allegations in paragraph 63 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

64.     The allegations in paragraph 64 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

65.     The allegations in paragraph 65 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

66.     The allegations in paragraph 66 of the Complaint were dismissed from this Action pursuant to the Opinion and Order issued by the Court on November 6, 2023. (ECF No. 79.) To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

67.     The allegations in paragraph 67 of the Complaint were dismissed from this Action pursuant to the Opinion and Order issued by the Court on November 6, 2023. (ECF No. 79.) To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

**1.    The Offering Documents Contained Inaccurate Statements
of Material Fact and Material Omissions**

68.    Defendant respectfully refers the Court to the document referenced in paragraph 68 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 68 of the Complaint is required, Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69.    Defendant respectfully refers the Court to the document referenced in paragraph 69 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 69 of the Complaint is required, Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70.    Defendant respectfully refers the Court to the document referenced in paragraph 70 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 70 of the Complaint is required, Defendant denies the allegations set forth in paragraph 70 of the Complaint.

71.    The allegations in paragraph 71 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

**2.    The Offering Documents Falsely Portrayed the Sustainability of the
Company's Historic Net Revenues Derived from Online Platforms**

72.    Defendant respectfully refers the Court to the document referenced in paragraph 72 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 72 of the Complaint is required, Defendant denies the allegations set forth in paragraph 72 of the Complaint.

73. The allegations in paragraph 73(a) and (f) of the Complaint constitute legal argument and other conclusions as to which no response is required. The allegations in paragraph 73(b), (c), (d), and (e) were dismissed from this Action pursuant to the Opinion and Order issued by the Court on November 6, 2023. (ECF No. 79.) To the extent this paragraph and its subsections can be construed to contain factual allegations against the Defendant, they are denied.

### 3. The Offering Documents Failed to Disclose Material Factors that Made the Offering More Speculative and Risky

74. The allegations in paragraph 74 of the Complaint were dismissed from this Action pursuant to the Opinion and Order issued by the Court on November 6, 2023. (ECF No. 79.) To the extent this paragraph and its subsections can be construed to contain factual allegations against the Defendant, they are denied.

75. The allegations in paragraph 75(a) of the Complaint constitute legal argument and other conclusions as to which no response is required. The allegations in paragraph 75(b)-(g) were dismissed from this Action pursuant to the Opinion and Order issued by the Court on November 6, 2023. (ECF No. 79.) To the extent this paragraph and its subsections can be construed to contain factual allegations against the Defendant, they are denied.

76. The allegations in paragraph 76 of the Complaint were dismissed from this Action pursuant to the Opinion and Order issued by the Court on November 6, 2023. (ECF No. 79.) To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

77. The allegations in paragraph 77(a)-(f) of the Complaint were dismissed from this Action pursuant to the Opinion and Order issued by the Court on November 6, 2023. (ECF No. 79.) To the extent this paragraph and its subsections can be construed to contain factual allegations against the Defendant, they are denied.

78.    The allegations in paragraph 78 of the Complaint were dismissed from this Action pursuant to the Opinion and Order issued by the Court on November 6, 2023. (ECF No. 79.) To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

79.    The allegations in paragraph 79(b), (d), and (e)- (i) of the Complaint constitute legal argument and other conclusions as to which no response is required. The allegations in paragraph 78 (a), (c), (j) and (k) of the Complaint were dismissed from this Action pursuant to the Opinion and Order issued by the Court on November 6, 2023. (ECF No. 79.) To the extent this paragraph and its subsections can be construed to contain factual allegations against the Defendant, they are denied.

80.    Defendant respectfully refers the Court to the document referenced in paragraph 80 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 80 of the Complaint is required, Defendant denies the allegations set forth in paragraph 80 of the Complaint.

81.    Defendant respectfully refers the Court to the document referenced in paragraph 81 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 81 of the Complaint is required, Defendant denies the allegations set forth in paragraph 81 of the Complaint.

82.    Defendant respectfully refers the Court to the document referenced in paragraph 82 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 82 of the Complaint is required, Defendant denies the allegations set forth in paragraph 82 of the Complaint.

83.     Defendant respectfully refers the Court to the document referenced in paragraph 83 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 83 of the Complaint is required, Defendant denies the allegations set forth in paragraph 83 of the Complaint.

84.     Defendant respectfully refers the Court to the document referenced in paragraph 84 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 84 of the Complaint is required, Defendant denies the allegations set forth in paragraph 84 of the Complaint.

85.     Defendant respectfully refers the Court to the document referenced in paragraph 85 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 85 of the Complaint is required, Defendant denies the allegations set forth in paragraph 85 of the Complaint.

86.     Defendant respectfully refers the Court to the document referenced in paragraph 86 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 86 of the Complaint is required, Defendant denies the allegations set forth in paragraph 86 of the Complaint.

87.     Defendant respectfully refers the Court to the document referenced in paragraph 87 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 87 of the Complaint is required, Defendant denies the allegations set forth in paragraph 87 of the Complaint.

88.     Defendant respectfully refers the Court to the document referenced in paragraph 88 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph

88 of the Complaint is required, Defendant denies the allegations set forth in paragraph 88 of the Complaint.

89.    Defendant respectfully refers the Court to the document referenced in paragraph 89 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 89 of the Complaint is required, Defendant denies the allegations set forth in paragraph 89 of the Complaint.

90.    Defendant respectfully refers the Court to the document referenced in paragraph 90 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 90 of the Complaint is required, Defendant denies the allegations set forth in paragraph 90 of the Complaint.

91.    The allegations in paragraph 91 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

92.    Defendant respectfully refers the Court to the document referenced in paragraph 92 of the Complaint for its legal or factual significance, if any.  To the extent an answer to paragraph 92 of the Complaint is required, Defendant denies the allegations set forth in paragraph 92 of the Complaint.

93.    The allegations in paragraph 93 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

94.    The allegations in paragraph 94 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

95.     The allegations in paragraph 95 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

## V.     CLASS ACTION ALLEGATIONS

96.     The allegations in paragraph 96 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

97.     The allegations in paragraph 97 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

98.     The allegations in paragraph 98 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

99.     The allegations in paragraph 99 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

100.    The allegations in paragraph 100 of the Complaint constitute legal argument and other conclusions as to which no response is required. To the extent this paragraph can be construed to contain factual allegations against the Defendant, they are denied.

## VI.    CAUSES OF ACTION

### COUNT I

### For Violation of Section 11 of the Securities Act

101.    Defendant denies the allegations set forth in paragraph 101 of the Complaint.

102.    Defendant denies the allegations set forth in paragraph 102 of the Complaint.

17

103.    Defendant denies the allegations set forth in paragraph 103 of the Complaint.

104.    Defendant denies the allegations set forth in paragraph 104 of the Complaint.

105.    Defendant denies the allegations set forth in paragraph 105 of the Complaint.

106.    Defendant denies the allegations set forth in paragraph 106 of the Complaint.

107.    Defendant denies the allegations set forth in paragraph 107 of the Complaint.

108.    Defendant denies the allegations set forth in paragraph 108 of the Complaint.

109.    Defendant denies the allegations set forth in paragraph 109 of the Complaint.

110.    Defendant denies the allegations set forth in paragraph 110 of the Complaint.

111.    Defendant denies the allegations set forth in paragraph 111 of the Complaint.

112.    Defendant denies the allegations set forth in paragraph 112 of the Complaint.

113.    Defendant denies the allegations set forth in paragraph 113 of the Complaint.

114.    Defendant denies the allegations set forth in paragraph 114 of the Complaint.

115.    Defendant denies the allegations set forth in paragraph 115 of the Complaint.

**COUNT II**
**For Violation of Section 12(a)(2) of the Securities Act**
**Against All Defendants**

116.    Defendant repeats and realleges its responses to the preceding paragraphs of the Complaint as set forth herein.

117.    Defendant denies the allegations set forth in paragraph 117 of the Complaint.

118.    Defendant denies the allegations set forth in paragraph 118 of the Complaint.

119.    Defendant denies the allegations set forth in paragraph 119 of the Complaint.

120.    Defendant denies the allegations set forth in paragraph 120 of the Complaint.

121.    Defendant denies the allegations set forth in paragraph 121 of the Complaint.

122.    Defendant denies the allegations set forth in paragraph 122 of the Complaint.

123.    Defendant denies the allegations set forth in paragraph 123 of the Complaint.

**COUNT III**
**For Violation of Section 15 of the Securities Act**
**Against All Defendants Except the Underwriter Defendants**

124.    Defendant repeats and realleges its responses to the preceding paragraphs of the Complaint as set forth herein.

125.    Defendant denies the allegations set forth in paragraph 125 of the Complaint.

126.    Defendant denies the allegations set forth in paragraph 126 of the Complaint.

127.    Defendant denies the allegations set forth in paragraph 127 of the Complaint.

128.    Defendant denies the allegations set forth in paragraph 128 of the Complaint.

129.    Defendant denies the allegations set forth in paragraph 129 of the Complaint.

130.    Defendant denies the allegations set forth in paragraph 130 of the Complaint.

131.    Defendant denies the allegations set forth in paragraph 131 of the Complaint.

**ANSWER TO PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to the relief requested in the Prayer for Relief section of the Complaint.

**VIII. JURY DEMAND**

Defendant denies that Plaintiffs are entitled to a trial by jury.

**GENERAL DENIAL**

Defendant generally denies any liability to Plaintiffs. To the extent any allegation in the Complaint has not been specifically admitted or denied, it is hereby denied.

19

**WHEREFORE,** Defendant respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice, and grant Defendant such other relief as the Court shall deem equitable and just.

Dated: New York, New York
          February 27, 2024

**TARTER KRINSKY & DROGIN LLP**

By:   */s/ Richard J.L. Lomuscio*
        Richard J.L. Lomuscio
        1350 Broadway
        New York, New York 10018
        Tel: (212) 216-8000
        Facsimile: (212) 216-8001
        Email: rlomuscio@tarterkrinsky.com

        *Attorneys for Defendant Missfresh Limited*

20