UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :

JUAN CHEN, Individually and On Behalf of All  :
Others Similarly Situated,
                                                 :

          Plaintiff,             :

v.                                       :     22-cv-09836 (JSR)
                                                 :

MISSFRESH LIMITED, ZHENG XU, JUN     :
WANG, YUAN SUN, ZHAOHUI LI, COLLEEN  :
A. DE VRIES, HANSONG ZHU, J.P. MORGAN  :
SECURITIES LLC, CITIGROUP GLOBAL   :
MARKETS INC., CHINA INTERNATIONAL  :
CAPITAL CORPORATION HONG KONG   :
SECURITIES LIMITED, CHINA RENAISSANCE:
SECURITIES (HONG KONG) LIMITED,    :
HAITONG INTERNATIONAL SECURITIES  :
COMPANY LIMITED, CMB INTERNATIONAL :
CAPITAL LIMITED, AMTD GLOBAL     :
MARKETS LIMITED, ICBC INTERNATIONAL :
SECURITIES LIMITED, NEEDHAM &     :
COMPANY, LLC, CHINA MERCHANTS   :
SECURITIES (HK) CO., LIMITED, ABCI   :
SECURITIES COMPANY LIMITED, GF    :
SECURITIES (HONG KONG) BROKERAGE  :
LIMITED, FUTU INC., TIGER BROKERS (NZ) :
LIMITED, and COGENCY GLOBAL, INC.,  :
                                                 :

          Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS COGENCY GLOBAL INC. AND COLLEEN A. DE VRIES' ANSWER
AND DEFENSES TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

                                        K&L GATES  LLP
                                        599 Lexington Avenue
                                        New York, New York 10022
                                        Telephone: (212) 536-3900

                                        *Attorneys for Defendants Cogency Global Inc.
                                        and Colleen A. De Vries*

Defendants Cogency Global Inc. ("Cogency") and Colleen A. De Vries ("De Vries" and together with Cogency, "the Cogency Defendants"), by and through their undersigned counsel, respectfully submit this Answer to the Amended Class Action Complaint for Violations of the Securities Act of 1933 (ECF No. 34) (the "Amended Complaint") filed by the Court-appointed Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC - Series A, and Star V Partners LLC, and named plaintiff James Sannito ("Plaintiffs").

The Cogency Defendants respond below to the separately numbered paragraphs and prayer for relief contained in the Amended Complaint. To the extent that any allegation is not admitted, it is denied. Moreover, to the extent that the Amended Complaint refers to or quotes from external documents, statutes, or other sources, the Cogency Defendants may refer to such materials for their accurate and complete contents; however, the Cogency Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. The Cogency Defendants are not required to respond to the headings of the Amended Complaint, but, to the extent that any response is required, the Cogency Defendants deny the allegations and characterizations of the allegations set forth in the headings of the Amended Complaint. The Cogency Defendants answer the allegations in the Amended Complaint as follows:

## I.    NATURE AND SUMMARY OF THE ACTION

1.    The allegations contained in paragraph 1 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such

allegations, except admit that Missfresh held an initial public offering in June 2021 and that Plaintiffs purport to bring claims for violations of Sections 11, 12(a)(2) and 15 of the Securities Act.

2.      The Cogency Defendants deny the allegations contained in paragraph 2, except admit that Plaintiffs purport to bring this action as a putative securities class action on behalf of all persons who purchased or otherwise acquired Missfresh ADSs.

3.      The allegations contained in paragraph 3 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

4.      The allegations contained in paragraph 4 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

5.      The allegations contained in paragraph 5 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.  The Cogency Defendants refer to the Offering Documents and July 1, 2022 Press Release for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and press release and any factual inferences or legal conclusions made by Plaintiffs based on them.

6.      The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 6 and refer to the Offering Documents and July 1, 2022 Press Release for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of the Offering Documents and press release and any factual inferences or legal conclusions made by Plaintiffs based on them.

7.     The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 7, and respectfully refer the Court to the Offering Documents and the July 28, 2022 press releases for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of the Offering Documents and press release and any factual inferences or legal conclusions made by Plaintiffs based on them.

8.     The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 8, and respectfully refer the Court to the July 1, 2022 and September 20, 2022 press releases for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of the press releases and any factual inferences or legal conclusions made by Plaintiffs based on them.

9.     The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 9 and refer to the Offering Documents for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

## II.    JURISDICTION AND VENUE

10.     The allegations contained in paragraph 10 state legal conclusions for which no response is required; to the extent any response is required, the Cogency Defendants admit that Plaintiffs purport to assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act.

11.     The allegations contained in paragraph 11 regarding the jurisdiction of this Court state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants admit that paragraph 11 purports to describe the basis for the Court's subject matter jurisdiction.

12. The allegations contained in paragraph 12 regarding venue state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants admit that paragraph 12 purports to describe the basis for venue in the Southern District of New York, and otherwise deny the remaining allegations in paragraph 12.

13. The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 13, and respectfully refer the Court to the Offering Documents for their complete and accurate contents. The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

14. To the extent the allegations contained in paragraph 14 are directed at the Cogency Defendants, they deny such allegations.

## III. PARTIES

### A. Plaintiffs

15. The Cogency Defendants lack sufficient information to admit or deny the allegations in paragraph 15.

16. The Cogency Defendants lack sufficient information to admit or deny the allegations in paragraph 16.

17. The Cogency Defendants lack sufficient information to admit or deny the allegations in paragraph 17.

18. The Cogency Defendants lack sufficient information to admit or deny the allegations in paragraph 18.

19. The Cogency Defendants lack sufficient information to admit or deny the allegations in paragraph 19.

### B.    Defendants

#### 1.    Corporate Defendants

20.    The Cogency Defendants admit the factual allegations contained in paragraph 20.

21.    The Cogency Defendants admit the factual allegations contained in paragraph 21.

#### 2.    Individual Defendants

22.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 22, except admit that Defendant Xu was the Company's Chief Executive Officer, Chairman of the Company's Board of Directors.  The Cogency Defendants refer to the Offering Documents for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

23.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 23, except admit that Defendant Wang was the Company's Chief Financial Officer and a director on its Board of Directors.  The Cogency Defendants refer to the Offering Documents for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

24.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 24, except admit that Defendant Sun was a director on Missfresh's Board of Directors.  The Cogency Defendants refer to the Offering Documents for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

25. The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 25, except admit that Defendant Li was a director on Missfresh's Board of Directors. The Cogency Defendants refer to the Offering Documents for their complete and accurate contents. The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

26. The allegations contained in paragraph 26 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations, except admit that Defendant De Vries signed the Registration Statement on behalf of Defendant Cogency Global, which was the Company's designated duly authorized representative in the United States at the time of the Offering.

27. The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 27, except admit that Defendant Zhu was a director on Missfresh's Board of Directors.

28. Paragraph 28 contains no factual allegations and no answer is required.

29. The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 29 and refer to the Offering Documents for their complete and accurate contents. The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

30. The Cogency Defendants deny the allegations contained in paragraph 30 as to the Cogency Defendants and lack sufficient information to admit or deny the allegations contained in paragraph 30 as to the other Individual Defendants.

7

31.    The Cogency Defendants deny the allegations contained in paragraph 31 as to the Cogency Defendants and lack sufficient information to admit or deny the allegations contained in paragraph 31 as to the other Individual Defendants.

32.    The Cogency Defendants deny the allegations contained in paragraph 32 as to the Cogency Defendants and lack sufficient information to admit or deny the allegations contained in paragraph 32 as to the other Individual Defendants.

### 3.    Underwriter Defendants

33.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 33, except admit that Defendant J.P. Morgan Securities LLC ("J.P. Morgan") was an underwriter for the Offering.  The allegations contained in paragraph 33 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

34.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 34, except admit that Defendant Citigroup Global Markets Inc. ("Citigroup") was an underwriter for the Offering.  The allegations contained in paragraph 34 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

35.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 35, except admit that Defendant China International Capital Corporation Hong Kong Securities Limited ("China International Capital") was an underwriter for the Offering.  The allegations contained in paragraph 35 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

36.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 36, except admit that Defendant China Renaissance Securities (Hong Kong) Limited ("China Renaissance Securities") was an underwriter for the Offering.  The allegations contained in paragraph 36 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

37.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 37, except admit that Defendant Haitong International Securities Company Limited ("Haitong") was an underwriter for the Offering.  The allegations contained in paragraph 37 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

38.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 38, except admit that Defendant CMB International Capital Limited ("CMB") was an underwriter for the Offering.  The allegations contained in paragraph 38 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

39.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 39, except admit that Defendant AMTD Global Markets Limited ("AMTD") was an underwriter for the Offering.  The allegations contained in paragraph 39 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

40.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 40, except admit that Defendant ICBC International Securities Limited ("ICBC") was an underwriter for the Offering.  The allegations contained in paragraph 40

also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

41.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 41, except admit that Defendant Needham & Company, LLC ("Needham") was an underwriter for the Offering.  The allegations contained in paragraph 41 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

42.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 42, except admit that Defendant China Merchants Securities (HK) Co., Limited ("China Merchants Securities") was an underwriter for the Offering.  The allegations contained in paragraph 42 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

43.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 43, except admit that Defendant ABCI Securities Company Limited ("ABCI") was an underwriter for the Offering.  The allegations contained in paragraph 43 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

44.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 44, except admit that Defendant GF Securities (Hong Kong) Brokerage Limited ("GF Securities") was an underwriter for the Offering.  The allegations contained in paragraph 44 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

10

45. The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 45, except admit that Defendant Futu Inc. ("Futu") was an underwriter for the Offering. The allegations contained in paragraph 45 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

46. The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 46, except admit that Defendant Tiger Brokers (NZ) Limited ("Tiger Brokers") was an underwriter for the Offering. The allegations contained in paragraph 46 also state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

47. Paragraph 47 contains no factual allegations and no answer is required.

48. The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 48.

49. The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 49.

50. The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 50.

51. The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 51.

52. The allegations contained in paragraph 52 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants lack sufficient information to admit or deny the allegations in paragraph 52.

53.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 53.

## IV.    SUBSTANTIVE ALLEGATIONS

54.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 54.

55.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 55.

56.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 56.

57.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 57.

58.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 58.

59.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 59.

60.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 60.

61.    The Cogency Defendants lack sufficient information to admit or deny the allegations contained in paragraph 61, except admit that (i) on or about June 8, 2021, Missfresh filed with the SEC a registration statement on Form F-1; (ii) on or about June 22, 2021, Missfresh filed with the SEC an amendment to the registration statement on Form F-1/A; (iii) on or about June 24, 2021, the SEC declared the amended registration statement effective; (iv) on or about June 25, 2021, Missfresh commenced its initial public offering; (v) on or about June 28, 2021,

Missfresh filed with the SEC its final prospectus, dated June 24, 2021, on Form 424B4.  The Cogency Defendants refer to the Offering Documents for their complete and accurate contents. The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

62.    The Cogency Defendants deny the allegations contained in paragraph 62 and refer to the Offering Documents for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

63.    The allegations contained in paragraph 63 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

64.    The allegations contained in paragraph 64 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

65.    The allegations contained in paragraph 65 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

66.    The allegations contained in paragraph 66 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

67.    The allegations contained in paragraph 67 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

68.     The Cogency Defendants deny the allegations contained in paragraph 68 and refer to the Offering Documents for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

69.     The Cogency Defendants deny the allegations contained in paragraph 69 and refer to the Offering Documents and July 1, 2022 Press Release for their complete and accurate contents. The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and press release and any factual inferences or legal conclusions made by Plaintiffs based on them.

70.     The Cogency Defendants deny the allegations contained in paragraph 70 and refer to the Offering Documents for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

71.     The allegations contained in paragraph 71 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations and refer to the Offering Documents and July 1, 2022 Press Release for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and press release and any factual inferences or legal conclusions made by Plaintiffs based on them.

72.     The allegations contained in paragraph 72 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79).  Accordingly, no response is required.  To the extent any response is required, the Cogency Defendants deny the allegations in paragraph 72 and refer to the Offering Documents for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing

14

or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

73. The allegations contained in paragraph 73 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79). Accordingly, no response is required. To the extent any response is required, the Cogency Defendants deny the allegations in paragraph 73.

74. The allegations contained in paragraph 74 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79). Accordingly, no response is required. To the extent any response is required, the Cogency Defendants deny the allegations in paragraph 74 and refer to the Offering Documents for their complete and accurate contents. The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

75. The allegations contained in paragraph 75 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79). Accordingly, no response is required. To the extent any response is required, the Cogency Defendants deny the allegations in paragraph 75.

76. The allegations contained in paragraph 76 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79). Accordingly, no response is required. To the extent any response is required, the Cogency Defendants deny the allegations in paragraph 76 and refer to the Offering Documents for their complete and accurate contents. The Cogency Defendants deny any paraphrasing, summarizing

or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

77.     The allegations contained in paragraph 77 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79).  Accordingly, no response is required.  To the extent any response is required, the Cogency Defendants deny the allegations in paragraph 77.

78.     The allegations contained in paragraph 78 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79).  Accordingly, no response is required.  To the extent any response is required, the Cogency Defendants deny the allegations in paragraph 78 and refer to the Offering Documents for their complete and accurate contents.  The Cogency Defendants deny any paraphrasing, summarizing or characterization of those filings and any factual inferences or legal conclusions made by Plaintiffs based on those filings.

79.     The allegations contained in paragraph 79 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79).  Accordingly, no response is required.  To the extent any response is required, the Cogency Defendants deny the allegations in paragraph 79.

80.     The Cogency Defendants deny the allegations contained in paragraph 80, except admit that Missfresh filed a Notification of Late Filing on Form 12b-25 on or about April 29, 2022. The Cogency Defendants refer to that filing for its complete and accurate contents, and deny any paraphrasing, summarizing or characterization of that press release and any factual inferences or legal conclusions made by Plaintiffs based on it.

81.    The Cogency Defendants deny the allegations contained in paragraph 81, except admit that Missfresh issued a press release on or about May 24, 2022.  The Cogency Defendants refer to that press release for its complete and accurate contents, and deny any paraphrasing, summarizing or characterization of that press release and any factual inferences or legal conclusions made by Plaintiffs based on it.

82.    The Cogency Defendants deny the allegations contained in paragraph 82, except admit that Missfresh issued a press release on or about July 1, 2022.  The Cogency Defendants refer to that press release for its complete and accurate contents, and deny any paraphrasing, summarizing or characterization of that press release and any factual inferences or legal conclusions made by Plaintiffs based on it.

83.    The Cogency Defendants deny the allegations contained in paragraph 83, except admit that Missfresh issued a press release on or about July 1, 2022.  The Cogency Defendants refer to that press release for its complete and accurate contents, and deny any paraphrasing, summarizing or characterization of that press release and any factual inferences or legal conclusions made by Plaintiffs based on it.

84.    The allegations contained in paragraph 84 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79).  Accordingly, no response is required.  To the extent any response is required, the Cogency Defendants deny the allegations contained in paragraph 84, except admit that Missfresh issued a press release on or about July 14, 2022.  The Cogency Defendants refer to that press release for its complete and accurate contents, and deny any paraphrasing, summarizing or characterization of that press release and any factual inferences or legal conclusions made by Plaintiffs based on it.

85.    The allegations contained in paragraph 85 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79).  Accordingly, no response is required.  To the extent any response is required, the Cogency Defendants deny the allegations contained in paragraph 85, except admit that Missfresh issued a press release on or about July 28, 2022.  The Cogency Defendants refer to that press release for its complete and accurate contents, and deny any paraphrasing, summarizing or characterization of that press release and any factual inferences or legal conclusions made by Plaintiffs based on it.

86.    The allegations contained in paragraph 86 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79).  Accordingly, no response is required.  To the extent any response is required, the Cogency Defendants deny the allegations contained in paragraph 86, except admit that the *South China Morning Post* published an article on or about July 29, 2022 discussing Missfresh.  The Cogency Defendants refer to that article for its complete contents and deny any paraphrasing, summarizing or characterization of that article and any factual inferences or legal conclusions made by Plaintiffs based on it.  The Cogency Defendants lack sufficient information to admit or deny the factual allegations in the article.

87.    The allegations contained in paragraph 87 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79).  Accordingly, no response is required.  To the extent any response is required, the Cogency Defendants deny the allegations contained in paragraph 87, except admit that *Reuters* published an article on or about August 9, 2022 discussing Missfresh.  The Cogency Defendants refer to that article for its complete contents and deny any paraphrasing, summarizing or characterization of that article and any factual inferences or legal conclusions made by Plaintiffs based on it.  The

Cogency Defendants lack sufficient information to admit or deny the factual allegations in the article.

88.    The allegations contained in paragraph 88 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79). Accordingly, no response is required. To the extent any response is required, the Cogency Defendants deny the allegations contained in paragraph 88, except admit that Missfresh issued a press release on or about September 9, 2022. The Cogency Defendants refer to that press release for its complete and accurate contents, and deny any paraphrasing, summarizing or characterization of that press release and any factual inferences or legal conclusions made by Plaintiffs based on it.

89.    The allegations contained in paragraph 89 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79). Accordingly, no response is required. To the extent any response is required, the Cogency Defendants deny the allegations contained in paragraph 89, except admit that Missfresh issued a press release on or about September 30, 2022. The Cogency Defendants refer to that press release for its complete and accurate contents, and deny any paraphrasing, summarizing or characterization of that press release and any factual inferences or legal conclusions made by Plaintiffs based on it.

90.    The Cogency Defendants deny the allegations contained in paragraph 90, except admit that Missfresh filed its 2021 Annual Report on Form 20-F on or about November 14, 2022. The Cogency Defendants refer to the 2021 Annual Report release for its complete and accurate contents, and deny any paraphrasing, summarizing or characterization of that report and any factual inferences or legal conclusions made by Plaintiffs based on it.

91. The allegations contained in paragraph 91 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79). Accordingly, no response is required. To the extent any response is required, the Cogency Defendants deny the allegations contained in paragraph 91 and refer to the 2021 Annual Report release for its complete and accurate contents. The Cogency Defendants deny any paraphrasing, summarizing or characterization of that report and any factual inferences or legal conclusions made by Plaintiffs based on that report.

92. The allegations contained in paragraph 92 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79). Accordingly, no response is required. To the extent any response is required, the Cogency Defendants deny the allegations contained in paragraph 92 and refer to the 2021 Annual Report release for its complete and accurate contents. The Cogency Defendants deny any paraphrasing, summarizing or characterization of that report and any factual inferences or legal conclusions made by Plaintiffs based on that report.

93. The allegations contained in paragraph 93 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No. 79). Accordingly, no response is required. To the extent any response is required, the Cogency Defendants deny the allegations contained in paragraph 93 and refer to the 2021 Annual Report release for its complete and accurate contents. The Cogency Defendants deny any paraphrasing, summarizing or characterization of that report and any factual inferences or legal conclusions made by Plaintiffs based on that report.

94. The allegations contained in paragraph 94 were dismissed pursuant to the Court's Order dated September 12, 2023 (ECF No. 69) and Opinion dated November 6, 2023 (ECF No.

79). Accordingly, no response is required. To the extent any response is required, the Cogency Defendants deny the allegations contained in paragraph 94 and refer to the 2021 Annual Report release for its complete and accurate contents. The Cogency Defendants deny any paraphrasing, summarizing or characterization of that report and any factual inferences or legal conclusions made by Plaintiffs based on that report.

95. The Cogency Defendants deny the allegations contained in paragraph 95, except admit that (i) the Offering price for Missfresh's ADS was $13.00 per ADS, and (ii) on July 12, 2022, the price of Missfresh's ADS closed at $0.39 per ADS.

## V. CLASS ACTION ALLEGATIONS

96. The Cogency Defendants deny the allegations contained in paragraph 96, except admit that Plaintiffs purport to bring this action as a class action on behalf of all persons and entities who purchased or otherwise acquired publicly traded Missfresh ADSs pursuant and/or traceable to the Offering Documents.

97. The allegations in paragraph 97 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations, except admit the Company offered more than 24 million ADSs in the Offering.

98. The allegations in paragraph 98 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

99. The allegations in paragraph 99 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

100. The allegations in paragraph 100 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

101. The allegations in paragraph 101 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

## VI.    CAUSES OF ACTION

### Count I

### For Violations of Section 11 of the Securities Act Against All Defendants

102. Paragraph 102 purports to "repeat and reallege each and every allegation above" as support for Count I. In response, the Cogency Defendants repeat and reallege each of their corresponding answers above.

103. The Cogency Defendants deny the allegations contained in paragraph 103, except admit that Plaintiffs purport to bring a cause of action under Section 11 of the Securities Act, 15 U.S.C. § 77k, against Defendant Missfresh, Defendant Cogency Global, each of the Individual Defendants, and each of the Underwriter Defendants.

104. The allegations in paragraph 104 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

105. The allegations in paragraph 105 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

106. The allegations in paragraph 106 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

107. The allegations in paragraph 107 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny the allegations against them and lack sufficient information to admit or deny the allegations against the other Defendants.

108. The allegations in paragraph 108 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny the allegations against them and lack sufficient information to admit or deny the allegations against the other Defendants.

109. The allegations in paragraph 109 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations, except admit that Cogency Global (i) served as Missfresh's Authorized U.S. Representative for the Offering, and (ii) employed Ms. De Vries, who signed the Registration Statement on behalf of Cogency Global.

110. The allegations in paragraph 110 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations, except admit that the Underwriter Defendants served as the underwriters for the Offering.

111. The allegations in paragraph 111 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

112. The allegations in paragraph 112 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny the allegations against them and lack sufficient information to admit or deny the allegations against the other Defendants.

113. The allegations in paragraph 113 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants lack sufficient information to admit or deny such allegations.

114. The allegations in paragraph 114 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

115.    The allegations in paragraph 115 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants lack sufficient information to admit or deny such allegations.

116.    The allegations in paragraph 116 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants lack sufficient information to admit or deny such allegations, except admit that less than three years elapsed between the time that the securities upon which this cause of action is brought were offered to the public and the time this action was commenced.

## Count II

### For Violation of Section 12(a)(2) of the Securities Act Against All Defendants

117.    Paragraph 117 purports to "repeat and reallege each and every allegation above" as support for Count II.  In response, the Cogency Defendants repeat and reallege each of their corresponding answers above.

118.    The Cogency Defendants deny the allegations contained in paragraph 118, except admit that Plaintiffs purport to bring a cause of action under Section 12 of the Securities Act, 15 U.S.C. § 77*l*(a)(2), against Defendant Missfresh, Defendant Cogency Global, each of the Individual Defendants, and each of the Underwriter Defendants.

119.    The allegations in paragraph 119 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

120.    The allegations in paragraph 120 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

121.    The allegations in paragraph 121 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

24

122.    The allegations in paragraph 122 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

123.    The allegations in paragraph 123 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

124.    The allegations in paragraph 124 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

## Count III

### For Violations of Section 15 of the Securities Act Against all Defendants Except the Underwriter Defendants

125.    Paragraph 125 purports to "repeat and reallege each and every allegation above" as support for Count III.  In response, the Cogency Defendants repeat and reallege each of their corresponding answers above.

126.    The Cogency Defendants deny the allegations contained in paragraph 126, except admit that Plaintiffs purport to bring a cause of action under Section 15 of the Securities Act, 15 U.S.C. § 77o, against Defendant Missfresh, Defendant Cogency Global, and each of the Individual Defendants.

127.    The allegations in paragraph 127 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

128.    The allegations in paragraph 128 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

129.    The allegations in paragraph 129 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations, except admit that Cogency Global (i) served as Missfresh's Authorized U.S. Representative for the Offering, and (ii) employed Ms. De Vries, who signed the Registration Statement on behalf of

25

Cogency Global. The Cogency Defendants specifically deny that they had control over Missfresh or the contents of the Offering Documents.

130. The allegations in paragraph 130 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants lack sufficient information to admit or deny the allegations.

131. The allegations in paragraph 131 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

132. The allegations in paragraph 132 state legal conclusions for which no response is required; to the extent a response is required, the Cogency Defendants deny such allegations.

## VII. PRAYER FOR RELIEF

133. The Cogency Defendants deny that Plaintiffs are entitled to any of the relief requested or to any other relief based on the allegations in the Amended Complaint.

## VIII. JURY DEMAND

134. The Cogency Defendants reserve the right to challenge Plaintiffs' demand for a jury trial.

**AFFIRMATIVE AND OTHER DEFENSES**

As separate defenses to the Amended Complaint, and without assuming the burden of proof on matters as to which they have no such burden, the Cogency Defendants state as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state any cause of action against the Cogency Defendants upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the facts that Plaintiffs allege were misstated or omitted from the Offering Documents were not material to the investment decisions of a reasonable investor and/or Plaintiffs.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Offering Documents at issue in the Amended Complaint bespoke caution about the risks of investing in the securities issued.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Cogency Defendants were not the actual or proximate cause of any injury to Plaintiffs or the putative class.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because there are intervening and superseding causes of alleged harm, if any, suffered by Plaintiffs and/or the putative class.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' and the putative class's damages, if any, are speculative and thus are not recoverable.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class seek damages that exceed those permitted under federal securities laws and other applicable laws.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they are "without merit" within the meaning of the last sentence of Section 11(e) of the Securities Act.

**NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class did not acquire their ADSs pursuant or traceable to the Offering Documents at issue.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Cogency Defendants at all times acted with proper justification and in a reasonable and appropriate manner; in good faith; for a fair, honest and lawful reason; and in compliance with legal requirements, including the Securities Act of 1933, and all applicable rules and regulations promulgated thereunder.  The Cogency Defendants did not know, and could not have known, that the Offering Documents contained any material misstatements or omissions.  The Cogency Defendants acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations or causes of action.

**ELEVENTH DEFENSE**

Plaintiffs' cause of action under Section 15 of the Securities Act is barred, in whole or in part, because Plaintiffs and the putative class cannot establish the primary liability necessary for a claim for control person liability.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because, upon information and belief, Plaintiffs and the putative class have no damages compensable under Section 11 of the Securities Act.

**FOURTEENTH DEFENSE**

Plaintiffs' claims against Ms. DeVries are barred, in whole or in part, under Sections 11 and 15 of the Securities Act of 1933, because Ms. DeVries did not sign the IPO Registration Statement as Missfresh's authorized U.S. representative, but rather as an individual employee of Missfresh's authorized U.S. representative; was not a director of Missfresh; and did not fall within any of the other specifically enumerated categories of potential defendants under Section 11 of the Securities Act.   Ms. DeVries was not a culpable participant in any of the alleged acts and also did not exercise control under Section 15 of the Securities Act over any person alleged to have committed a primary violation of Section 11 of the Securities Act.

**FIFTEENTH DEFENSE**

Plaintiffs' claims against the Cogency Defendants are barred in whole or in part because the Cogency Defendants had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist and, to the extent that lack of culpable participation is an element of any defense, did not culpably participate in any violation of the Securities Act.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' claims are not properly maintainable as class action claims.

**SEVENTEENTH DEFENSE**

The Cogency Defendants are entitled to recover contribution and/or indemnity from others for any liability they incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Amended Complaint.

29

**EIGHTEENTH DEFENSE**

Plaintiffs' claims against the Cogency Defendants are barred, in whole or in part, because Cogency Global received *de minimis* compensation in exchange for serving as Missfresh's duly authorized representative under Section 6(a) of the Securities Act.

**NINETEENTH DEFENSE**

The Cogency Defendants adopt and incorporate by reference herein any applicable affirmative or other defenses asserted or to be asserted by any of the other defendants to the extent that the Cogency Defendants may share in such a defense.

**TWENTIETH DEFENSE**

The recovery of damages allegedly incurred by Plaintiffs, if any, is subject to offset in the amount of any benefits, including the amount of any tax benefits, actually received by Plaintiffs.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims against the Cogency Defendants is barred, in whole or in part, because of the contractual and/or administrative nature of the role that the Cogency Defendants performed.

**TWENTY-SECOND DEFENSE**

Any recovery of damages allegedly incurred by Plaintiffs or members of the putative class is barred, in whole or in part, by the damages limitations in Section 11(g) of the Securities Act.

**RESERVATION OF RIGHTS**

The Cogency Defendants reserve the right to amend this Answer or to assert other defenses, cross-claims and third-party claims as this action proceeds.  Based upon all the foregoing, as well as other grounds, the Cogency Defendants deny any wrongdoing, deny that they are liable to Plaintiffs, and deny that Plaintiffs are entitled to any relief.

## PRAYER FOR RELIEF

Based on the foregoing, the Cogency Defendants respectfully request that (1) judgment be entered in favor of the Cogency Defendants; (2) the Amended Complaint be dismissed against the Cogency Defendants with prejudice; (3) this Court award the Cogency Defendants' costs of suit, including attorneys' fees incurred in defense of this action; and (4) the Court grant such other and further relief as it deems just and appropriate.

Dated:  February 27, 2024

Respectfully submitted,

K&L GATES LLP

By: /s/ Joanna A. Diakos
    Joanna A. Diakos, Esq.
    K&L Gates LLP
    599 Lexington Avenue
    New York, New York 10022
    Tel.:  (212) 536-3900
    Fax:  (212) 536-3901
    Email:joanna.diakoskordalis@klgates.com

*Attorneys for Defendant Cogency Global Inc. and Colleen A. De Vries*

31