**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>            v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DEVRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>    Defendants. | Case No. 1:22-cv-09836-JSR |

**REPLY IN FURTHER SUPPORT OF DEFENDANT ZHAOHUI LI'S**
**MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

    I.       Plaintiffs' claims against Mr. Li should be dismissed under Rule 12(b)(5) because Plaintiffs failed to properly serve Mr. Li ................................................... 2

          A.    Plaintiffs did not reasonably attempt to effectuate service. ....................... 4

          B.    The Court's intervention was not necessary. ............................................. 5

    II.      The Institutional Plaintiffs' claims must be dismissed because they sold their shares before any alleged corrective disclosure. ............................................ 5

    III.    Plaintiffs' Section 12(a)(2) claim should be dismissed against Mr. Li because they have failed to plead that Mr. Li was a statutory seller. .................... 7

    IV.    Plaintiffs' Section 15 claim against Mr. Li should be dismissed ........................... 8

          A.    Plaintiffs fail to allege a primary Section 11 claim .................................. 8

          B.    Plaintiffs fail to allege that Mr. Li was a control person. ......................... 8

          C.    Plaintiffs fail to allege particularized facts as to Mr. Li's meaningful culpable participation ............................................................. 9

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Aerofoil Techs., AG v. Todaro*,
  2012 WL 299959 (S.D.N.Y. Jan. 31, 2012) ........................................................................... 3

*Atuahene v. City of Hartford*,
  10 F. App'x 33 (2d Cir. 2001) ............................................................................................ 7, 9

*Baliga on behalf of Link Motion Inc. v. Link Motion Inc.*,
  385 F. Supp. 3d 212 (S.D.N.Y. 2019) .................................................................................... 5

*Cheng v. T-Mobile USA, Inc.*,
  2023 WL 6385989 (S.D.N.Y. Sept. 29, 2023) ........................................................................ 4

*Citiline Holdings, Inc. v. iStar Fin. Inc.*,
  701 F. Supp. 2d 506 (S.D.N.Y. 2010) .................................................................................... 7

*Gang Chen v. China Green Agric., Inc.*,
  2021 WL 103306 (S.D.N.Y. Jan. 6, 2021) ............................................................................. 2

*In re GLG Life Tech Corp. Sec. Litig.*,
  287 F.R.D. 262 (S.D.N.Y. 2012) ........................................................................................... 3

*In re Initial Pub. Offering Sec. Litig.*,
  358 F. Supp. 2d 189 (S.D.N.Y. 2004) .................................................................................... 8

*In re Lendingclub Sec. Litig.*,
  282 F. Supp. 3d 1171 (N.D. Cal. 2017) .................................................................................. 6

*In re McKesson HBOC, Inc. Sec. Litig.*,
  126 F. Supp. 2d 1248 (N.D. Cal. 2000) .................................................................................. 6

*In re Velti PLC Sec. Litig.*,
  2015 WL 5736589 (N.D. Cal. Oct. 1, 2015) ........................................................................... 6

*In re Petrobras Sec. Litig.*,
  152 F. Supp. 3d 186 (S.D.N.Y. 2016) .................................................................................... 9

*Jian Zhang v. Baidu.com Inc.*,
  293 F.R.D. 508 (S.D.N.Y. 2013) ........................................................................................... 3

*McMahan & Co. v. Wherehouse Ent., Inc.*,
  65 F.3d 1044 (2d Cir. 1995) .................................................................................................. 6

*P. Stolz Fam. P'ship, L.P. v. Daum*,
  166 F. Supp. 2d 871 (S.D.N.Y. 2001),
  *aff'd in part, rev'd in part*, 355 F.3d 92 (2d Cir. 2004) ........................................................ 9

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*,
    714 F. Supp. 2d 475 (S.D.N.Y. 2010)................................................................................. 9, 10

*Rio Props., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ....................................................................................... 3

*S.E.C. v. Anticevic*,
    2009 WL 361739 (S.D.N.Y. Feb. 13, 2009)................................................................... 3

*Schuler v. NIVS Intellimedia Tech. Grp., Inc.*,
    2013 WL 944777 (S.D.N.Y. Mar. 12, 2013) ........................................................... 5, 6

*Yi Xiang v. Inovalon Holdings, Inc.*,
    254 F. Supp. 3d 635 (S.D.N.Y. 2017)........................................................................... 8

*Youngers v. Virtus Inv. Partners Inc.*,
    195 F. Supp. 3d 499 (S.D.N.Y. 2016)........................................................................... 6

**PRELIMINARY STATEMENT**

Nothing in Plaintiffs' Opposition changes the fact that their request for alternative service was inaccurate and should have been denied.  As Mr. Li explained, Plaintiffs failed to show that (1) they reasonably attempted service on Mr. Li because they did not bother to attempt service at the address provided for him in the Registration Statement on which they sue, or (2) this Court's intervention was necessary to serve him at that correct address.  Plaintiffs represented to the Court that Mr. Li was still on the Missfresh board when they attempted service upon him at its headquarters—when in truth he had left the board a year earlier—and that they could find no better address for him even though, again, it was in the Registration Statement on which they sue.  Plaintiffs give weak excuses for their conduct, such as the length of the Registration Statement and the size of the font, while blaming Missfresh for their failures, as if that could affect Mr. Li's rights.  And none of their excuses changes the fact that Plaintiffs did not establish *either* of the two prerequisites for their alternative service request.  Now that the Court knows the facts, the Court should set aside its ruling permitting alternative service and dismiss the Complaint as to Mr. Li for improper service.

Plaintiffs resort to more of the same in connection with the merits of their claims: They ignore much of the caselaw Mr. Li cited and try to sidestep the flaws in their pleading.  They fail to rebut Mr. Li's argument that the Institutional Plaintiffs could not have suffered any injury from the alleged misstatements because they sold all of their Missfresh shares months before any alleged corrective disclosure.  Because this inability to establish an injury resulting from the alleged misrepresentations dooms their claims as a matter of law, it is properly considered and dismissed at the pleading stage and does not present disputed fact issues.

Plaintiffs also fail to rebut Mr. Li's arguments that he was not a statutory seller or that he was a control person who had meaningful culpable participation in the alleged wrongdoing.  The

only specific allegation they make as to Mr. Li is that, as an outside director, he signed a registration statement.  But that is insufficient to establish either Section 12 or Section 15 liability as a matter of law.

For the reasons set forth in the Motion and this Reply, the Court should grant Mr. Li's motion in its entirety.

## ARGUMENT

**I.      Plaintiffs' claims against Mr. Li should be dismissed under Rule 12(b)(5) because Plaintiffs failed to properly serve Mr. Li.**

As Mr. Li explained in his Motion (Mem. at 5–6), the "law is clear . . . that before the Court will authorize alternative service pursuant to Rule 4(f)(3), the moving party must make some showing of the need for judicial intervention."  *Gang Chen v. China Green Agric., Inc.*, 2021 WL 103306, at *2 (S.D.N.Y. Jan. 6, 2021).[1]  Plaintiffs acknowledged their need to meet this standard in their motion for alternative service: "Courts will permit alternative process under Rule 4(f)(3) where ***the moving party shows*** that (1) the plaintiff has reasonably attempted to effectuate service on the defendant, ***and*** (2) the circumstances are such that the court's intervention is necessary." (Dkt. 104 at 5.)  They argued that they met this standard by falsely stating that (a) they had no address at which to properly serve Mr. Li, when in fact his address was provided in the Registration Statement on which they base their claims; and (b) they had attempted to serve him at Missfresh headquarters mere days before he left its board, when in fact, he had resigned a year earlier.  (*See* Mem. at 7–8.)  Unable to dispute these facts, they resort to backtracking on the standard they previously conceded as applicable, claiming that they need not

---

[1] Citations to "Mem." are to the Memorandum of Law in Support of Zhaohui Li's Motion to Dismiss the Amended Class Action Complaint (Dkt. No. 128).  Unless otherwise noted, all emphasis is added in, and internal citations and quotation marks are omitted from, quoted passages.

make such a showing.  (*See* Opp. at 7.)  But Plaintiffs take this new position relying on *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002), a case in which "[t]he parties agree[d], however, that the Hague Convention does not apply . . . because Costa Rica is not a signatory."  *Id*. at 1015 n.4.  And even then, the Ninth Circuit explained that while the plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief," it needed "to demonstrate that the facts and circumstances of the present case necessitated the district court's intervention."  *Id.* at 1016.  The district court cases relying on *Rio Properties* that Plaintiffs cite (Opp. at 7)  are no different.  *See Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *1–2 (S.D.N.Y. Jan. 31, 2012) (denying motion for alternative service because "district courts cannot circumvent the Hague Convention at whim" and "[t]his is not a matter where the foreign state has refused to take action or where service has been unduly delayed by the foreign state"); *S.E.C. v. Anticevic*, 2009 WL 361739, at *3–4 (S.D.N.Y. Feb. 13, 2009) (finding good faith efforts made to warrant substitute service where defendant's current address was unknown and plaintiff twice attempted to serve defendant in two different countries).[2]

Because Plaintiffs cannot show either (1) that they reasonably attempted to effectuate service on the defendant, or (2) that the circumstances are such that the Court's intervention is necessary, the Court should reconsider and set aside its prior order and dismiss the claims against Mr. Li under Rule 12(b)(5).

---

[2] *See also Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 512 n.1 (S.D.N.Y. 2013) (permitting alternative service where plaintiffs had already made "fruitless efforts to serve [defendant] through the Hague Convention and [there was a] low probability that communication through diplomatic channels would resolve the problem"); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265–66 (S.D.N.Y. 2012) (noting that showing of reasonable attempts and necessity of court intervention "has been viewed as necessary in order to prevent parties from whimsically seeking alternate means of service").

**A.    Plaintiffs did not reasonably attempt to effectuate service.**

As Mr. Li explained in the Motion, Plaintiffs' limited service attempts on Mr. Li were not reasonable.

First, Plaintiffs attempted to serve Mr. Li at the wrong address, despite being provided the correct address.  Mr. Li is not suggesting, as Plaintiffs argue, that they be "omniscient" (Opp. at 7, 8), but only that they exercise some modicum of diligence.  Their complaint that the Registration Statement was too lengthy for them to find the address (*id.* at 8) falls flat, when presumably they read the entire document in order to have a good-faith basis to allege that it misled investors.  And a simple CTRL-F search for "Zhaohui Li" would lead to his address in under 30 seconds, despite their grievance that it was in a "font size much smaller than" other text (*id.* at 9).  Plaintiffs' attempt to blame Missfresh's counsel for their failure to locate his address (*id.*) likewise misses the mark.  Mr. Li had left the Missfresh board eight months before this suit was filed, and his due process rights and international comity cannot be neutered by mistakes of other parties.  In short, Plaintiffs' excuses for their failure to identify Mr. Li's address do not change the fact that the motion for alternative service was granted on false pretenses and should be reconsidered.

Second, Plaintiffs do not even acknowledge that they attempted to serve Mr. Li at Missfresh's address *a year after* he had left Missfresh's board, but told the Court it was a few days *before*.  (*See* Mem. at 7.)  Plaintiffs effectively concede that their service attempt was not reasonable. *See Cheng v. T-Mobile USA, Inc.*, 2023 WL 6385989, at *6 (S.D.N.Y. Sept. 29, 2023) ("[P]laintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument.").  And on this falsehood to the Court, Plaintiffs do not even attempt to muster an excuse.

**B.    The Court's intervention was not necessary.**

Plaintiffs do not even attempt to show—now that the truth has been told to the Court—that the Court's intervention was necessary.  And they admit that, in light of Mr. Li's Motion, they have now dispatched service via the Hague Convention on Mr. Li at his correct address (Opp. at 4), precluding a showing that the Court's assistance was necessary to serve Mr. Li. Plaintiffs note that the Court has set a discovery schedule that cannot be met as to Mr. Li if they have to wait for that service to be properly effected.  (Opp. at 5.)  But as Mr. Li explained in his opening brief (*see* Mem. at 9–10), a "desire to move quickly" is "no excuse to flout procedural rules."  *Baliga on behalf of Link Motion Inc. v. Link Motion Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019).  And it is especially true here, where the delay was self-inflicted.  The discovery deadlines are untenable in any event for all the individual defendants who have not been properly served, have not appeared, or have not had their motions to dismiss resolved.

**II.    The Institutional Plaintiffs' claims must be dismissed because they sold their shares before any alleged corrective disclosure.**

Mr. Li showed in his opening brief that the Institutional Plaintiffs were "in-and-out traders" whose claims are properly dismissed on the pleadings because they cannot "even conceivably . . . prove loss causation" and therefore lack standing to pursue a claim.  (Mem. at 11 (quoting *Schuler v. NIVS Intellimedia Tech. Grp., Inc.*, 2013 WL 944777, at *10 (S.D.N.Y. Mar. 12, 2013).)  Plaintiffs respond by noting the Court's decision on the other defendants' motion to dismiss was denied because the Court found that defendants' price impact argument could not be resolved on a motion to dismiss.  Plaintiffs purposefully miss the nuance here.  Mr. Li is not arguing that all plaintiffs' claims must be dismissed for lack of price impact, but that the specific plaintiffs who ***admit*** they sold before any corrective disclosure lack standing to bring a claim.  In contrast to the loss-causation arguments previously considered by the Court, this

argument does not depend on evidence or expert analysis—the Institutional Plaintiffs **admit** the chronology.  (*See* Mem at 10.)  And numerous cases hold that this absolute bar to a claim can and should be assessed on a motion to dismiss.  (*See* Mem. at 10–12 (citing *Schuler*, 2013 WL 944777, at *10–11, and *In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *29 (N.D. Cal. Oct. 1, 2015)).)  Plaintiffs do not even bother addressing these cases.

Where, as here, there "is no allegation in the complaint that any corrective disclosures reached the market" before the Institutional Plaintiffs sold all their shares, it "reveals that the Section 11 defendants have an absolute negative causation defense . . . for any [Missfresh] shareholders who disposed of their shares prior to the corrective disclosure." *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1262 (N.D. Cal. 2000).

While Plaintiffs quibble about whether the Court should assess damages based on differences in price or value (Opp. at 11–12), that does not change the fact that they cannot possibly have suffered any injury caused by the alleged misrepresentation.  Indeed, Plaintiffs' own cases (*see id.*) recognize that negative loss causation applies where a plaintiff "sold shares prior to the corrective disclosure." *In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d 1171, 1181 (N.D. Cal. 2017) (rejecting loss-causation defense because plaintiff "retained 1.7 million shares though the end of the class period"); *see also McMahan & Co. v. Wherehouse Ent., Inc.*, 65 F.3d 1044, 1049 (2d Cir. 1995) ("[A]s a general rule, a price decline before disclosure may not be charged to defendants."); *Youngers v. Virtus Inv. Partners Inc.*, 195 F. Supp. 3d 499, 511 (S.D.N.Y. 2016) ( "[T]o establish loss causation, a plaintiff must allege . . . that the misstatement or omission concealed something from the market that, **when disclosed**, negatively affected the value of the security.").

### III.    Plaintiffs' Section 12(a)(2) claim should be dismissed against Mr. Li because they have failed to plead that Mr. Li was a statutory seller.

Mr. Li showed in his opening brief that that he was not a statutory seller because he did not pass title to or solicit Plaintiffs' purchase of securities.  (Mem. at 12–13.)  Plaintiffs do not dispute that Mr. Li did not pass title to the securities to any Plaintiff but contend that he "solicited" Plaintiffs' purchases because the "Individual Defendants" (defined to include Mr. Li) allegedly "reviewed, edited, approved, and disseminated to investors the Offering Documents and Offerings' roadshow presentations, talking points, and scripts, and conducted the roadshows along with the Underwriter Defendants," as well as "signed or authorized the signing of the Registration Statement . . . , prepared and disseminated the Offering Documents and Offerings' roadshow materials, participated in the Offering, and solicited the purchase of Missfresh ADSs to serve their financial interests and those of the Company."  (Opp. at 12–13.)  But those conclusory, boiler-plate, group-pleading allegations do not meet Plaintiffs pleading burden.  (*See* Mem. at 13 (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).)  Plaintiffs do not even acknowledge this argument, much less rebut it.

To the extent Plaintiffs' argument is that signing the Registration Statement is enough for Section 12(a)(2) liability, that argument rests on outdated law (*see* Opp. at 13 n.5), all from before Judge Sullivan decided *Citiline Holdings, Inc. v. iStar Financial Inc.*, 701 F. Supp. 2d 506 (S.D.N.Y. 2010).  In *Citiline*, the court held that "an individual's signing a registration statement does not itself suffice as solicitation under Section 12(a)(2)" because "[w]hile Section 11 expressly imposes liability upon every signer of the registration statement, Section 12 does not do so."  *Id.* at 512 ("Every Court of Appeals to have considered the issue . . . has held that an individual's signing a registration statement does not itself suffice as solicitation under Section 12(a)(2).").  "Courts in this District have consistently followed the rule from *Citiline* since the

7

decision was issued." *Yi Xiang v. Inovalon Holdings, Inc.*, 254 F. Supp. 3d 635, 646 (S.D.N.Y. 2017)).

## IV.    Plaintiffs' Section 15 claim against Mr. Li should be dismissed.

Mr. Li showed in his opening brief that Plaintiffs failed to plead a control person liability claim against him.  (Mem. at 14–16.)  Plaintiffs assert that Mr. Li's argument is a "red herring" because, in their view, Mr. Li is primarily liable under Section 11.  If so, then Plaintiffs' Section 15 claim should be dismissed as duplicative of the Section 11 claim.  *See In re Initial Pub. Offering Sec. Litig.*, 358 F. Supp. 2d 189, 213 (S.D.N.Y. 2004) (dismissing Section 15 control person claim as "duplicative given that the Individual Defendants are alleged to be primary violators under section 11").  Plaintiffs are simply wasting the Court's and Mr. Li's time with a duplicative claim.

### A.    Plaintiffs fail to allege a primary Section 11 claim.

To the extent the Court dismisses the Institutional Plaintiffs' Section 11 claim, it should also dismiss their concomitant Section 15 claim.  (*See* Mem. at 14.)  Plaintiffs contend that the Court has already held that Plaintiffs have stated a primary violation (Opp. at 14), but Mr. Li has shown why the Institutional Plaintiffs in particular have failed to state a primary Section 11 claim (*see* Mem. at 10–12; *see also supra* at 5–6).

### B.    Plaintiffs fail to allege that Mr. Li was a control person.

Mr. Li showed in his opening brief that Plaintiffs not only failed to allege that Mr. Li was a control person, but they in fact allege that he was controlled by Missfresh, the primary violator, and thus could not possibly be a control person of the primary violator.  (Mem. at 14–15.) Plaintiffs again do not address Mr. Li's argument and instead point to conclusory group-pleading allegations to argue that Mr. Li was a control person.  (*See* Opp. at 14.)  They note that they alleged that the "Individual Defendants . . . each were control persons of Missfresh by virtue of

8

their positions as directors and/or senior officers and/or major shareholders of the Company," among other things.  (Opp. at 14–15.)  But by "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [Plaintiffs'] complaint failed to satisfy [Rule 8's] minimum standard."  *Atuahene*, 10 F. App'x at 34 (affirming dismissal of complaint).  All they say about Mr. Li is that he was an outsider director who signed a registration statement.  But a defendant's "alleged primary violation cannot serve as the basis of a § 15 claim against him" because "[c]ontrol person liability is separate from § 11 liability."  *In re Petrobras Sec. Litig.*, 152 F. Supp. 3d 186, 198 (S.D.N.Y. 2016) (Rakoff, J.) (rejecting argument that signing registration statement is sufficient to state Section 15 control-person claim).

> ### C.    Plaintiffs fail to allege particularized facts as to Mr. Li's meaningful culpable participation.

Plaintiffs' Section 15 claims also fail because they do not plead particularized facts suggesting Mr. Li engaged in meaningful culpable conduct.  (Mem. at 15–16.)  Plaintiffs concede they have not alleged culpable participation and instead argue that other courts in this circuit find that Plaintiffs need not plead this element.  But this Court has been clear that such a pleading is required: "to make out a Section 15 'control person' claim (as opposed to a strict liability claim under Section 11 for someone who signed the relevant regulation statements or was a director or officer at the time), ***plaintiffs must also allege . . . 'meaningful culpable conduct*** [by an individual defendant] beyond mere status as a director or officer.'"  *Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 714 F. Supp. 2d 475, 485 (S.D.N.Y. 2010) (Rakoff, J.); *accord P. Stolz Fam. P'ship, L.P. v. Daum*, 166 F. Supp. 2d 871, 873 (S.D.N.Y. 2001) (Rakoff, J.), *aff'd in part, rev'd in part*, 355 F.3d 92 (2d Cir. 2004).  And this Court has rejected the argument that culpable participation is not an element of a Section 15 claim.  *Compare Merrill*

9

*Lynch*, 714 F. Supp. 2d at 485 (requiring meaningful culpable conduct for a Section 15 claim), *with* Case No. 1:08-cv-10841-JSR, ECF No. 81 (opposing motion to dismiss control-person claim by citing cases with no culpable participation requirement).

## CONCLUSION

The Court should grant Mr. Li's motion to dismiss for insufficient service or, in the alternative, motion to dismiss all claims of the Institutional Plaintiffs and all Section 12(a)(2) and Section 15 claims against him.

Dated:  April 17, 2024
      New York, New York

Respectfully submitted,


   */s/ Abby F. Rudzin*
Abby F. Rudzin
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10026
Telephone: (212) 326-2000
Email: arudzin@omm.com

William K. Pao
(*pro hac vice* forthcoming)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone:  (213) 430-6000
Email: wpao@omm.com

*Counsel for Defendant Zhaohui Li*

10