**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC., <br><br> Defendants. | Civil Action No. 1:22-cv-09836-JSR |

**DECLARATION OF PHILLIP KIM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**

I, Phillip Kim, declare the following pursuant to 28 U.S.C. §1746:

1.      I am a partner at The Rosen Law Firm, P.A., Court-appointed Co-Lead Counsel to in the above-captioned Action. I am admitted to practice before this Court. I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement. I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify thereto.[1]

2.      Given that defendant Missfresh Limited ("Missfresh") is based in mainland People's Republic of China ("China") with no material assets in the United States, an additional risk permeated through the litigation. China does not permit depositions on the mainland or virtual depositions which would require the cooperation of the Individual Defendants and witness to travel out of China for depositions. Additionally, for any documents to be produced to Plaintiffs, Missfresh's counsel would have to review the documents, send them to the appropriate authorities in the Chinese government, and wait for permission to approve their release. Rosen Law, one of the Co-Lead Counsel has been, and currently, involved in litigation with China-based defendants in which discovery has been significantly stalled by this process. Additionally, any documents that were eventually produced will likely be in Chinese which would require translation or the retention of bilingual attorneys to facilitate document review.

3.      There is no agreement between the United States and China to recognize each other's judgments. Moreover, China regularly denies recognition and enforcement of foreign judgments, including from the United States, based on reciprocity or public policy. *See* Shun-Hsiang Chen, *Signed, Sealed, & Undelivered: Unsuccessful Attempts of Foreign Judgment*

---

[1] All capitalized terms used in this memorandum that are not defined have the same meanings as in the Stipulation and Agreement of Settlement, dated June 12, 2024.

*Recognition Between the U.S. and China*, 16 Brook. J. Corp. Fin. & Com. L. 167 (2022) (attached hereto as Exhibit 4). "China's reciprocity system is considered one of the most restrictive in the world and regularly utilized to deny foreign judgment recognition and enforcement." *Id*., at 184. As of June 2022, Chinese courts have only recognized and enforced two judgments from the United States. *Id*. Neither of which were judgments from securities lawsuits.

4.       Further, although Missfresh obtained counsel based in the United States, the risk remains that Missfresh could disengage with its counsel and this litigation. Co-Lead Counsel experienced this first-hand in the action *Vanderhoef v. China Auto Logistics, Inc., et al.*, No. 2:18-cv-10174-CCC-ESK (D.N.J.), involving China Auto Logistics, Inc. ("CALI"), a Nevada corporation with headquarters in China, and China-based individual defendants. Originally, CALI was represented by K&L Gates LLP and the China-based individual defendants had their own counsel. Prior to a decision on CALI's motion to dismiss, the plaintiffs and CALI engaged in court-ordered mediation over two days. As settlement efforts were unsuccessful, CALI's motion was reinstated. The court then denied CALI's and the China-based individual defendants' motions to dismiss. Before CALI's deadline to file an answer, its counsel requested to withdraw from the action as CALI had not paid its attorneys for almost a year. The China-based individual defendants filed an answer, but soon after their attorneys also withdrew as these defendants stopped engaging meaningfully with their counsel and failed to pay their attorneys. In the end, the plaintiffs were forced to voluntarily dismiss their claims against CALI and the China-based individual defendants without prejudice as they did not retain new counsel and ultimately vanished. *See* Exhibit 3 attached hereto, an August 9, 2022 letter filed in *Vanderhoef v. China Auto Logistics, Inc., et al.*, No. 2:18-cv-10174-CCC-ESK (D.N.J.), ECF No. 140.

5.      Similarly, in *In re ChinaCast Education Corporation Securities Litigation*, 2:12-cv-04621-JFW-PLA (C.D.Cal.), for about six years the plaintiffs and The Rosen Law Firm, P.A., Co-Lead Counsel here, diligently pursued a securities class action against ChinaCast Education Corporation ("ChinaCast"), a Delaware company operating in China. The efforts included a successful appeal at the Ninth Circuit which reversed the district court's dismissal decision. ChinaCast's insurers refused to cover litigation costs, however, and the company's counsel withdrew from the action leaving ChinaCast unrepresented. The plaintiffs later secured a default judgment of $65.8 million for the class, but the very next day, ChinaCast filed for bankruptcy. In an attempt to recover the default judgment, plaintiffs spent an additional two years pursuing a lawsuit against ChinaCast's multiple insurers. *See Jayhawk Private Equity Fund II LP v. Liberty Insurance Underwriters*, 2:17-cv-05523-GW-RAO (C.D.Cal.). Unfortunately, the plaintiffs' claims were dismissed due to the expansive exclusion provisions in the insurance policies. Therefore, despite more than seven years of dedicated efforts by the plaintiffs' counsel, there was no financial recovery for the investors from the China-based defendant.

6.      Missfresh owned its operations in China via the variable interest entity ("VIE") structure. In a VIE structure, the U.S.-listed company (here, a Cayman Islands corporation) has a contractual interest in a VIE in China that actually conducts operations and owns the assets, but does not have any ownership or equity interest in such a Chinese company/VIE. Such contractual relationship between the U.S.-listed company and the Chinese operation imposes significant risks to U.S. investors because, as SEC has warned, "[i]f the parties to these contracts do not meet their obligations as intended or there are effects on the enforceability of these arrangements from changes in Chinese law or practice, the U.S.-listed company may lose control over the China-based company, and investments in its securities may suffer significant economic losses." *See* SEC,

"Investor Bulletin: U.S.-Listed Companies Operating Chinese Businesses Through a VIE Structure" (attached hereto as Exhibit 5).

7.      True and correct copies of the following documents are annexed hereto:

Exhibit 1:  Stipulation and Agreement of Settlement, dated as of June 12, 2024

Exhibit 2:  Edward Flores & Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2023 Full-Year Review*, National Economic Research Associates, Inc., January 23, 2024.

Exhibit 3:  August 9, 2022 letter filed in *Vanderhoef v. China Auto Logistics, Inc., et al.*, No. 2:18-cv-10174-CCC-ESK (D.N.J., ECF No. 140).

Exhibit 4:  Shun-Hsiang Chen, *Signed, Sealed, & Undelivered: Unsuccessful Attempts of Foreign Judgment Recognition Between the U.S. and China*, 16 Brook. J. Corp. Fin. & Com. L. 167 (2022).

Exhibit 5:  The U.S. Securities and Exchange Commission Investor Alters and Bulletins, *U.S.-Listed Companies Operating Chinese Businesses Through a VIE Structure*, September 20, 2021, available at https://www.sec.gov/oiea/investor-alerts-and-bulletins/investor-bulletin-us-listed-companies-operating-chinese.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2024.

*Phillip Kim (PPJC for)*

Phillip Kim

4