# Exhibit 1

EXECUTION VERSION

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>              v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>     Defendants. | Case No. 1:22-cv-09836-JSR |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and named plaintiff James Sannito ("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and Missfresh Limited ("Missfresh" or the "Company"); defendant Zheng Xu; Cogency Global Inc. ("Cogency") and Colleen A. De Vries (together with Cogency,

the "Cogency Defendants"); and J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, Haitong International Securities Company Limited, CMB International Capital Limited, AMTD Global Markets Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, GF Securities (Hong Kong) Brokerage Limited, Futu Inc., and Tiger Brokers (NZ) Limited (collectively, the "Underwriter Defendants" and, together with Missfresh, Zheng Xu, and the Cogency Defendants,  the "Settling Defendants"), on the other, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").  The Stipulation is intended by the Plaintiffs and the Settling Defendants to fully, finally and forever compromise, resolve, discharge, release, settle and dismiss with prejudice the Action and the Released Claims, as defined below, upon and subject to the terms and conditions hereof, and is submitted for approval by the Court.

**WHEREAS:**

A.     All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶1 hereof entitled "Definitions."

B.     On July 12, 2022, a securities class action captioned *Chen v. Missfresh Limited, et al.*, 1:22-cv-04065-WFK-VMS, was commenced in the U.S. District Court for the Eastern District of New York asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") for alleged misstatements and omissions in the offering documents for Missfresh's June 25, 2021 initial public offering (the "IPO").

C.     Missfresh's American depository shares ("ADSs") were registered with the Securities and Exchange Commission (the "SEC") pursuant to a registration statement filed with

the SEC on Form F-1 (Registration No. 333-256903), which following one amendment, was declared effective by the SEC on June 24, 2021 (the "Form F-1").  On June 28, 2021, the Defendants filed with the SEC the final prospectus (the "Prospectus"), which forms part of the Registration Statement (the Prospectus and Form F-1, as amended, are referred to collectively as the "Offering Documents").

D.      On July 12, 2022, notice of the action was published pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notifying eligible purchasers of Missfresh ADSs about their right to move for appointment as lead plaintiff.

E.      On October 3, 2022, Judge William F. Kuntz, II of the Eastern District of New York appointed Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC-Series A, and Star V Partners LLC (together, "Lead Plaintiffs") as lead plaintiffs and approved their selection of The Rosen Law Firm, P.A. and Labaton Sucharow LLP, now known as Labaton Keller Sucharow LLP, as co-lead counsel.

F.      On November 10, 2022, upon an ordered stipulation by certain of the parties, the action was transferred to the U.S. District Court for the Southern District of New York and was assigned to Judge Jed S. Rakoff (the "Court").

G.      The operative complaint in the Action is the Amended Class Action Complaint for Violation of the Securities Act of 1933, filed on December 28, 2022 (the "Complaint").  The Complaint alleges violations of Section 11, 12(a)(2) and 15 of the Securities Act on behalf of a class of all who purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Company's Offering Documents and who were damaged thereby.

H.      On January 27, 2023, Defendants Missfresh, Cogency, and De Vries filed a motion to dismiss the Complaint and the Underwriter Defendants filed a joinder to the motion.

Plaintiffs opposed the motion to dismiss and the joinder on February 10, 2023. On February 17, 2023, Defendants Missfresh, Cogency, and De Vries filed a reply brief in further support of their motion and the Underwriter Defendants filed a joinder to that reply.

I.      On September 12, 2023, the Court issued a "bottom-line" order denying the motion to dismiss as to Plaintiffs' claims predicated upon the misstated revenue and sales of online products reported in the Offering Documents but granting the motion to dismiss in all other respects.

J.      On September 28, 2023, the Court held the initial pretrial conference telephonically and issued a case management plan.

K.      On November 6, 2023, the Court issued an opinion setting forth the reasons for the September 12, 2023 bottom-line order granting in part, and denying in part, the motion to dismiss.

L.      On November 6, 2023, Plaintiffs filed a motion for alternative service of process on Defendants Zheng Xu, Zhaohui Li, Hansong Zhu, Jun Wang, and Yuan Sun (collectively, the "Individual Defendants"). On November 13, 2023, Defendant Missfresh opposed the motion.

M.      Plaintiffs, Defendant Missfresh, and Defendant Xu engaged David Murphy of Phillips ADR, a well-respected and experienced mediator, to assist them in exploring a potential negotiated resolution of the claims against Defendants. On October 18, 2023, counsel for Plaintiffs, Defendant Missfresh, and Defendant Xu met with Mediator Murphy in an attempt to reach a settlement. The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements and materials. While these discussions narrowed the differences between the parties, they did not result in a resolution of the Action.

N.      On November 20, 2023, through continued arm's-length efforts by the parties to reach a resolution, Plaintiffs, Defendant Missfresh, and Defendant Xu accepted the Mediator's recommendation and reached an agreement in principle to settle the claims against all of the defendants in the Action.

O.      On November 28, 2023, the parties jointly notified the Court of an agreement in principle to settle the Action.

P.      However, the agreement in principle did not result in a settlement agreement and the parties continued their discussions in an effort to resolve the Action.

Q.      On January 18, 2024, Skadden, Arps, Slate, Meagher & Flom LLP filed a motion to withdraw as counsel to Defendant Missfresh and the Cogency Defendants.  On January 29, 2024, the Court granted the motion to withdraw.

R.      On February 21, 2024, Plaintiffs filed a revised motion for alternative service of process on Defendants Zhaohui Li, Hansong Zhu, Jun Wang, and Yuan Sun.  On February 28, 2024, Defendant Missfresh responded to the motion. On March 5, 2024, the Court granted the motion.

S.      On February 27, 2024 Defendant Missfresh, Defendant Xu, the Underwriter Defendants, and the Cogency Defendants filed answers to the Complaint.

T.      On March 26, 2024, Plaintiffs filed a motion to certify a class of investors in the initial public offering of Defendant Missfresh, appoint Plaintiffs as class representatives, and appoint Co-Lead Counsel as co-class counsel.

U.      On March 27, 2024, Defendant Li filed a motion to dismiss the Complaint.  On April 10, 2024, Plaintiffs opposed Defendant Li's motion to dismiss.  On April 17, 2024, Defendant Li filed a reply brief in further support of his motion to dismiss.

V.      Between November 28, 2023 and April 23, 2024, Plaintiffs and Settling Defendants continued to negotiate at arm's-length, with the assistance of the Mediator, a resolution of the Action.  On April 23, 2024, the parties informed the Court that they reached an agreement in principle to settle all claims in the Action and had signed a term sheet reflecting that agreement in principle.

W.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between Plaintiffs and Settling Defendants.

X.      Plaintiffs, through Co-Lead Counsel, represent that they conducted an extensive investigation into the claims and the underlying events and transactions alleged in the Complaint. Based upon their investigation, prosecution, and mediation of the case, and taking into consideration the immediate and monetary benefit the Settlement Class Members will receive from the Settlement, weighed against the significant risks of continued litigation and trial, Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Settlement, as embodied herein, are fair, reasonable, and adequate to Plaintiffs and to the other Settlement Class Members, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and conditions of this Settlement.

Y.      This Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings relating to this Stipulation, the Settlement of the Action, and any matters arising in connection therewith shall not be (a) offered or received against any Settling Defendant as evidence of, or construed as or deemed to be evidence of, any presumption against, or concession or admission by, any of Settling Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against any Settling Defendant in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing

by any Settling Defendant, or of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Settling Defendant; (b) construed as or received as an admission or concession by, or presumption against, any Settling Defendant that any of his, her, or its defenses are without merit or that any damages would have been recoverable in the Action; or (c) offered or received against any Settling Defendant as evidence of, or construed as or deemed to be evidence of, any presumption against, or concession or admission by, any of Settling Defendants that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or (d) offered or received against any Settling Defendant as evidence that a class should be certified if the Settlement is not consummated.  Settling Defendants do not admit any liability or wrongdoing whatsoever in connection with the allegations set forth in the Action, or any facts related thereto.

Z.    Settling Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  All of Settling Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the Securities Act or otherwise.  Specifically, Settling Defendants expressly have denied, and continue to deny, among other things, each and all of the claims alleged by Plaintiffs in the Action, including without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made.  Settling Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.  In addition, Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

AA.    Settling Defendants are entering into this Stipulation and Settlement solely to eliminate the distraction, burden, and expense of further protracted litigation.    Settling Defendants have taken into account the expense, risks, and uncertainty inherent in any litigation and Settling Defendants have determined that it is desirable and beneficial to them that the Action be settled in the matter and upon the terms and conditions set forth in this Stipulation.    Neither this Stipulation, nor any of the terms of the Settlement of the Action shall in any event be construed as or deemed to be, evidence of, or an admission or concession on the part of any Settling Defendant with respect to any claim, fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Settling Defendants have or could have asserted.

**NOW THEREFORE**, without any concession by Plaintiffs that the Action lacks merit, and without any admission or concession by Settling Defendants of any fault, damages, liability or wrongdoing or lack of merit in any of their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation (the "Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, that, in consideration of the benefits flowing to the Parties hereto, all Released Plaintiff's Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## <u>DEFINITIONS</u>

1.    As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)    "Action" means the civil action captioned *Chen v. Missfresh Limited, et al.* Case No. 22-cv-09836-JSR, pending in the United States District Court for the Southern District of New York before the Honorable Jed S. Rakoff.

(b)    "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c)    "Authorized Claimant" means a Settlement Class Member who submits a valid Claim Form to the Claims Administrator that is accepted for payment.

(d)    "Claimant" means a Person who submits a Claim Form to the Claims Administrator in connection with the Settlement.

(e)    "Claims Administrator" means the firm to be retained by Co-Lead Counsel, subject to Court approval, to provide all notices approved by the Court to potential Settlement Class Members, to process Proof of Claim and Release forms, and to administer the Settlement.

(f)    "Co-Lead Counsel" means Labaton Keller Sucharow LLP and The Rosen Law Firm, P.A.

(g)    "Controlling Person" means a person who holds a majority voting power in, or possesses the power to direct the actions of or to exercise control over, the general or daily operations of, a company or other business entity.

(h)    "Defendants" means, collectively, Missfresh, the Individual Defendants, the Cogency Defendants, and the Underwriter Defendants.

(i)    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶39 below.

(j)    "Escrow Account" means the separate escrow account maintained at Citibank, N.A. (Private Bank), wherein the Settlement Amount shall be deposited and held for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court. "Escrow Agent" means Co-Lead Counsel.

(k)    "Fee and Expense Application" means Co-Lead Counsel's application for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including any expenses of Plaintiffs pursuant to 15 U.S.C. § 77z-1(a)(4) of the PSLRA.

(l)    "Final," with respect to a court order means the later of: (i) if there is an appeal from a court order the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order, shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to the Plan of Allocation of the Net Settlement Fund (as submitted or subsequently modified), the Court's award of attorneys' fees or expenses, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(m)    "Immediate Family(ies)" means, as set forth in 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, Spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  "Spouse" as used in this definition means a husband, a wife, or a partner in a state-recognized domestic partnership, civil union, or marriage.

(n)    "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(o)    "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(p)    "Lead Plaintiffs" mean Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC.

(q)    "Litigation Expenses" means costs and expenses incurred by Co-Lead Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class pursuant to the PSLRA), for which Co-Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(r)    "Mediator" means David M. Murphy of Phillips ADR Enterprises.

(s)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(t)    "Notice" means the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

(u)    "Notice and Administration Expenses" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Plaintiffs' Counsel in connection with (i) providing notices to the Class, and (ii) administering the Settlement, including but not limited to, the claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(v)    "Offering" means Missfresh's June 25, 2021 initial public offering.

(w)    "Offering Documents" means Missfresh's registration statement on Form F-1, which after an amendment on Form F-1/A dated June 22, 2021, was declared effective by the SEC on June 24, 2021 (the "Registration Statement") and Missfresh's final prospectus for the Offering, dated June 28, 2021, on Form 424B4, which forms part of the Registration Statement.

(x)    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company or corporation, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(y)    "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, The Rosen Law Firm, P.A., and The Schall Law Firm.

(z)    "Plan of Allocation" means the proposed Plan of Allocation of Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(aa)    "Postcard Notice" means the postcard notice of the pendency of the Action, the Settlement, and motion for attorneys' fees and expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-4.

(bb)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(cc)    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 2 to Exhibit A.

(dd)    "Released Defendant Parties" means Settling Defendants and each and all of their Related Parties and Settling Defendants' Counsel.

(ee)    "Related Parties" means each of a Settling Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts,

trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in- interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Settling Defendant has or had a Controlling Interest, any Immediate Family Member of an Individual Defendant, any trust of which any Settling Defendant is the settlor or which is for the benefit of any Settling Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Settling Defendants.

(ff)    "Released Defendants' Claims" mean all claims and causes of action of any nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Settling Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

(gg)    "Released Parties" mean the Released Defendant Parties and the Released Plaintiff Parties.

(hh)    "Released Plaintiff's Claims" mean any and all claims, including both known claims or Unknown claims (as defined below), demands, losses, rights, and causes of action of any nature whatsoever, whether individual, class, direct, representative, on behalf of

others, legal, equitable, or of any other type or in any other capacity, whether brought directly or indirectly, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Plaintiffs, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendant Parties, which (a) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, and (b) arise out of, are based upon, or relate to in any way the purchase, acquisition, holding, sale, or disposition of Missfresh's ADSs issued pursuant and/or traceable to the Offering Documents.  For the avoidance of doubt, Released Plaintiff's Claims do not include claims relating to the enforcement of the Settlement or any claims of Persons who submit a request for exclusion that is accepted by the Court.

(ii)    "Released Plaintiff Parties" mean each and every Settlement Class Member, Plaintiffs, Co-Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Spouses, members of the Immediate Families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(jj)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(kk)    "Settlement Amount" means the total principal amount of four million nine hundred three thousand and nine hundred U.S. dollars ($4,903,900) in cash.

(ll)    "Settlement Class" or "Settlement Class Member" means all persons and entities who or which purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and were damaged thereby.  Excluded from the Settlement Class are: (i)  Defendants; (ii) Immediate Families of the Individual Defendants; (ii) any person who was an officer, director, or control person of Missfresh, the Underwriter Defendants, or Cogency (at all relevant times, and members of their Immediate Families); (iii) Missfresh's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Missfresh ADSs through any such plan(s); (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class will be any Persons who or which exclude themselves from the Settlement Class by submitting a timely and valid request for exclusion that is accepted by the Court.  However, any Investment Vehicle (as defined above) will not be excluded from the Settlement Class.  Settling Defendants stipulate, agree, and consent to the definitions of "Settlement Class" and "Settlement Class Member" for the sole purpose of the Settlement, and without prejudice to their right to contest class certification if the Settlement is not approved by the Court, is terminated or cancelled, or fails to become effective for any reason.

(mm)   "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(nn)   "Settlement Hearing" means the hearing to be held by the Court to determine whether (i) the proposed Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate; and (iii) Co-Lead Counsel's request for an award of attorneys' fees and Litigation Expenses on behalf of Plaintiffs' Counsel, including an award to Plaintiffs pursuant to the PSLRA, is reasonable and should be approved.

(oo)   "Settling Defendants" means Missfresh, the Cogency Defendants, Defendant Xu, and the Underwriter Defendants.

(pp)   "Settling Defendants' Counsel" means the law firms of Allen Overy Shearman Sterling US LLP, Stinson LLP, and K&L Gates LLP.

(qq)   "Stipulation" means this Stipulation and Agreement of Settlement.

(rr)   "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 3 to Exhibit A.

(ss)   "Taxes" mean all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(tt)   "Unknown Claims" means (i) any and all Released Plaintiff's Claims against Released Defendant Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date which, if known by such

party, might have affected such party's settlement with and release of the Released Defendant

Parties, or might have affected such party's decision not to object to this Settlement and (ii) any

and all Released Defendants' Claims that any Settling Defendant does not know or suspect to

exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if

known by him, her, or it might have affected his, her, or its decision(s) with respect to the

Settlement, including the decision to object to the terms of the Settlement or to exclude himself,

herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiff's Claims

and Released Defendants' Claims, the Parties stipulate and agree that, by operation of the

Judgment or Alternative Judgment, upon the Effective Date, Plaintiffs and Settling Defendants

shall have expressly waived, and each other Settlement Class Member shall be deemed to have

waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent

permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits

conferred by any law of any state or territory of the United States or foreign law, or principle of

common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which

provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts,

legal theories, or authorities in addition to or different from those which he, she, or it now knows

or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the

Released Defendants' Claims, but Plaintiffs and Settling Defendants shall expressly, fully, finally,

and forever settle and release, and each Settlement Class Member shall be deemed to have settled

and released, and upon the Effective Date and by operation of the Judgment or Alternative

Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## <u>SCOPE AND EFFECT OF SETTLEMENT</u>

2.      The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiff's Claims and Released Defendants' Claims.

3.      For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶1(ll); (ii) the appointment of Plaintiffs as Class Representatives for the Settlement Class; and (iii) the appointment of Co-Lead Counsel as Co-Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).  In the event that the Judgment or Alternate Judgment, if applicable, does not become Final or the Settlement fails to become effective for any reason, the Parties reserve all their rights on all issues.  In such an event, Settling Defendants reserve all rights to object to and oppose class certification or challenge the standing of Plaintiffs or any other intervening plaintiff, and this Stipulation shall not be offered as evidence of any agreement, admission, or concession that any class should be or remain certified in the Action or that any plaintiff has standing.

4.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and any other Person claiming (now or in the future) through or on behalf of them, in their capacities as such, (regardless of whether any such Person ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any disbursement from the Settlement Fund), shall be deemed to have, and by operation of the Judgement or Alternative Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties, (ii) covenanted not to sue any Settling Defendant or Released Defendant Parties with respect to all such Released Plaintiff's Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, maintaining, or participating in the prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties.

5.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and any other Person claiming (now or in the future) through or on behalf of them, in their capacities as such, shall be deemed to have, and by operation of the Judgement or Alternative Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties, (ii) covenanted not to sue any Released Plaintiff Party with respect

to all such Released Defendants' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, maintaining, or participating in the prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

6.    In full and complete settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶4-5, above, all of which the Parties agree are good and valuable consideration, Settling Defendants agree to pay or cause the payment of the Settlement Amount, which shall be paid by or on behalf of Settling Defendants in accordance with such confidential allocation as between Settling Defendants, which they alone shall determine, into the Escrow Account in accordance with the following schedule: (i) $1,500,000 within sixty (60) calendar days following the execution of this Stipulation; (ii) $750,000 within thirty (30) business days of preliminary approval of the Settlement; and (iii) $2,653,900 within one hundred (100) calendar days of preliminary approval of the Settlement. Settling Defendants' obligations to pay or cause to be paid the Settlement Amount shall be several and not joint and is subject to allocation among them pursuant to an agreement of allocation among Settling Defendants. Co-Lead Counsel shall provide Settling Defendants' counsel with complete particulars for payment by wire transfer or check, as well as a W-9 for the Settlement Fund, within three (3) business days of execution of this Stipulation.

7.    With the sole exceptions of Settling Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶6, Settling Defendants' obligation pursuant to ¶21, and Settling Defendants' obligation pursuant to ¶37, Settling Defendants and Settling Defendants' Counsel shall have no responsibility for, interest in, or

liability whatsoever with respect to: (i) any act, omission, or determination by Co-Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

8.    Other than the obligation of Settling Defendants to cause the payment of the Settlement Amount pursuant to ¶6, Settling Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

9.    The Settlement Amount includes all Plaintiffs' attorneys' fees and expenses, any court-approved award to any Plaintiff, all Plaintiffs' litigation costs, and all Notice and Administration Expenses, including but not limited to fees and costs incurred by the independent Claims Administrator (to be appointed by the Court) in actually providing notice to the Settlement Class.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

10.    The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv)

to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

11.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶22–35 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Settling Defendants and Settling Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund. After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Amount being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, Co-Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 11, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the

responsibility of Co-Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Co-Lead Counsel or their successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 11.

(b)    All Taxes shall be paid out of the Settlement Fund.  In all events, Settling Defendants and Settling Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority.  Settling Defendants shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority.  In the event any Taxes are owed by any of Settling Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)     Taxes with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Co-Lead Counsel out of the Settlement Fund without prior order from the Court or approval by Settling Defendants.   Co-Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).   The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 11.

12.     This is not a claims-made settlement.  As of the Effective Date, Settling Defendants, and/or any other Person funding the Settlement on a Settling Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason once the Judgment becomes Final and all the conditions set forth in ¶39 have been satisfied.

### ATTORNEYS' FEES AND LITIGATION EXPENSES

13.     Co-Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including reimbursement to Plaintiffs pursuant to the PSLRA, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.

14.     The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and Litigation Expenses awarded by the Court shall be payable from the Settlement Fund to Co-Lead Counsel in accordance with the Order awarding such attorneys' fees and Litigation Expenses, notwithstanding the existence of any

timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.

15.    Any payment of attorneys' fees and Litigation Expenses pursuant to ¶¶13–14 above shall be subject to Co-Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order.    Co-Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.    Co-Lead Counsel, as a condition of receiving any such award of attorneys' fees and Litigation Expenses, agree that they are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph and ¶¶13–14 above.

16.    With the sole exception of Settling Defendants' obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶6, Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Co-Lead Counsel in the Action that may occur at any time.

17.    Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses in the Action, or to any other

Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

18.    Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment for any award of attorneys' fees and expenses ordered by the Court.

19.    The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Co-Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein. Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶40 or otherwise based on the Court's or any appellate court's ruling with respect to any Fee and Expense Application in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

20.    Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

21.    Prior to the Effective Date, without further approval from Settling Defendants or further order of the Court, Co-Lead Counsel may expend up to $300,000 from the Settlement Fund to pay Notice and Administration Expenses actually incurred. Additional sums for this purpose

prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Parties

or order of the Court. The foregoing notwithstanding, fees related to the Escrow Account and

investment of the Settlement Fund may be paid as incurred, without further approval of Settling

Defendants or further order of the Court.  After the Effective Date, without approval of Settling

Defendants or further order of the Court, Notice and Administration Expenses may be paid as

incurred.  Settling Defendants and/or Released Defendant Parties shall have no responsibility for,

and no liability whatsoever with respect to, notice to the Settlement Class or any Notice and

Administrative Expenses, except as set forth in ¶37 below and Settling Defendants shall be

responsible for providing any required notice under the Class Action Fairness Act of 2005

("CAFA"), if any, at their own expense.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

22.     Except as otherwise provided herein, the Settlement Fund shall be held in the

Escrow Account until the Effective Date.

23.     The Claims Administrator, subject to such supervision and direction of Co-Lead

Counsel and/or the Court as may be necessary or as circumstances may require, shall administer

the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of

Allocation, and subject to the jurisdiction of the Court.  None of the Released Defendant Parties

shall have responsibility (except as stated in ¶¶6 and 37 hereof) for, interest in, or liability

whatsoever with respect to the administration of the Settlement or the actions or decisions of the

Claims Administrator, and shall have no liability whatsoever to any Person, including, but not

limited to, Plaintiffs, any member of the Settlement Class, and Co-Lead Counsel in connection

with such administration.

24. The Claims Administrator shall receive claims and determine, *inter alia*, whether the claim is valid, in whole or part, and each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

25. Settling Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of the Settlement or this Stipulation and it is not a condition of the Settlement or this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶40 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Settling Defendants and Settling Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

26. Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

27. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their

checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make

further distributions, any balance that still remains in the Net Settlement Fund after re-

distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and

attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of America, a

non-sectarian, not-for-profit charitable organization serving the public interest, or such other non-

sectarian, not-for-profit charitable organization approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

28.    Any Settlement Class Member who fails to timely submit a valid Claim Form

(substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any distribution

from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Co-Lead

Counsel in their discretion, but will otherwise be bound by all of the terms of this Stipulation and

the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the

Action and all releases provided for herein, and will be barred and enjoined, to the fullest extent

permitted by law, from commencing, instituting, prosecuting, maintaining, or participating in the

prosecution of any action or other proceeding, in any forum, asserting any and all of the Released

Plaintiff's Claims against any and all of the Released Defendant Parties..

29.    Co-Lead Counsel shall be responsible for supervising the administration of the

Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Co-Lead

Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive

what Co-Lead Counsel deems to be *de minimis* or formal or technical defects in any Claim Form

submitted.  Settling Defendants and Released Defendant Parties shall have no liability, obligation

or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund,

or the reviewing or challenging claims.   Co-Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

30.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Co-Lead Counsel in their discretion or by Order of the Court.   Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Co-Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, maintaining, or participating in the prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties.   A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.   In all other cases, the Claim

Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Co-Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)    Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Co-Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

31.    Each Claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.  In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

32.    Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants.  All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, maintaining, or participating in the prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties.

33.    All proceedings with respect to the administration, processing, and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

34.     No Person shall have any claim of any kind against the Released Defendant Parties or Settling Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶28–35) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

35.     No Person shall have any claim against Plaintiffs, Co-Lead Counsel, or the Claims Administrator, or other agent designated by Co-Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

36.     Plaintiffs shall use best efforts to file this Stipulation and move for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A, within five (5) calendar days of the execution of this Stipulation.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

37.     Missfresh, to the extent it has not already done so, shall use its best efforts to obtain and provide to Co-Lead Counsel, or the Claims Administrator, at no cost, as soon as practicable after entry of the Preliminary Approval Order, records from Missfresh's transfer agents in electronic searchable form, to the extent readily available, showing the names and addresses of Persons who purchased or otherwise acquired publicly traded Missfresh ADSs pursuant and/or traceable to the Offering Documents.

## TERMS OF THE JUDGMENT

38.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

39.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     Settling Defendants have not exercised their option to terminate the Settlement pursuant to ¶41 and the Supplemental Agreement (as defined below), and the option to do so has expired in accordance with the terms of this Stipulation and the Supplemental Agreement;

(d)     final approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(e)     a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

40.     Each of Settling Defendants and each of the Plaintiffs, through their respective counsel, shall, in each of their separate discretions, have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part thereof; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Second Circuit, or the Supreme Court of the United States.  For the avoidance of doubt, Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application, the Plan of Allocation, or any other plan of allocation.  For the further avoidance of doubt, Settling Defendants shall deem any decision, ruling, or order that purports to limit the scope of the Released Plaintiff's Claims or the Released Defendant Parties to constitute a material change for purposes of the foregoing.

41.     In addition to the foregoing, Settling Defendants shall also have the right, at their sole discretion, to terminate the Settlement in the event the Opt-Out Threshold (defined below) has been reached.

(a)     Simultaneously herewith, Settling Defendants' Counsel and Co-Lead Counsel are executing a Confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which each Settling Defendant shall have the sole option to terminate the Settlement and render

this Stipulation null and void as to that Settling Defendant only, in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Opt-Out Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Opt-Out Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶46–49, which shall continue to apply.

42.    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Co-Lead Counsel shall provide Settling Defendants' Counsel with copies of any requests for exclusion from the Settlement Class, and any written retractions of requests for exclusion, on a rolling basis as expeditiously as possible, by email. In any event, upon receiving any request for exclusion or a written retraction of such a request, Co-Lead Counsel shall promptly, and in no event no later than three (3) calendar days after receiving a request for exclusion or a written retraction of such a request, or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Settling Defendants' Counsel of such request for exclusion, or written retraction of a request for exclusion, and provide copies of such request for exclusion or retraction and any documentation accompanying them by email.

43.     In addition to all of the rights and remedies that Plaintiffs have under the terms of this Stipulation, Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶6 above, but only if Plaintiffs have first provided written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fifteen (15) business days of such written notice.

44.     If, before the Effective Date, any Settling Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Settling Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment or Alternative Judgment entered in favor of that Settling Defendant and that Settling Defendant and Plaintiffs and the members of the Settlement Class shall be restored to their litigation positions as of November 20, 2023.  All releases and the Judgment or Alternative Judgment as to other Settling Defendants shall remain unaffected.

45.     Settling Defendants warrant, as to the payments they make as to themselves and the payments made on their respective behalves, pursuant to this Stipulation, that, at the time of such payment, they will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

46.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶40–44 above: (i) neither Settling Defendants nor Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Settling Defendants or Plaintiffs, as applicable.

47.     With the exception of the provisions of ¶¶46–49 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 20, 2023; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered.  In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action or any other action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Plaintiffs, in any court filing, deposition, at trial, or otherwise.

48.     In the event the Settlement is terminated, as provided herein, or fails to become effective, any portion of the Settlement Amount previously paid into the Escrow Account, including without limitation any attorneys' fees and expenses advanced or paid to Co-Lead Counsel in accordance with ¶¶13-14, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to those who funded the Settlement Amount within fifteen (15) business days after written notification of such event in accordance with instructions provided by Settling Defendants' Counsel to Co-Lead Counsel.  Co-Lead Counsel or their designees shall

apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to those who funded the Settlement or as otherwise directed by Settling Defendants.

## NO ADMISSION

49.     Except as set forth in ¶50 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the mediation, the Stipulation, the Settlement, the Supplemental Agreement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of Settling Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Settling Defendants or the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiff's Claims, or of any liability, damages, negligence, fault or wrongdoing of any of Settling Defendant, the Released Defendant Parties, or any Person or entity whatsoever, or of any infirmity in any defenses of Settling Defendants;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of Settling Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect

to any statement or written document approved or made by Settling Defendants or the Released Defendant Parties, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of Settling Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of Settling Defendants or the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of Settling Defendants or the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

50.    Notwithstanding ¶49 above, the Parties, and their respective counsel, and the other Released Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any

action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them hereunder or under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Parties and Settlement Class Members submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## **MISCELLANEOUS PROVISIONS**

51.     Nothing contained herein shall bar the Parties from bringing any action or claim to enforce the terms of this Stipulation, the Judgment, or the Alternative Judgment.

52.     All of the exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits), and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

53.     Plaintiffs and Co-Lead Counsel agree that they will not intentionally assist or cooperate with any Person to publicly disparage Settling Defendants or the Released Defendant Parties with respect to any matter relating to the subject matter of this Action.

54.     The Parties intend this Stipulation and the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties and any other member of the Settlement Class with respect to the Released Plaintiff's Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil

Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel, including through a mediation process, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

55.    This Stipulation, along with its exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Settling Defendants (or their successors-in-interest), who would be materially and adversely affected by the modification, amendment, or waiver, by counsel for the Parties hereto.

56.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

57.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and implementing and enforcing the terms of this Stipulation, including any Plan of Allocation and the distribution of the Net Settlement Fund to Authorized Claimants. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

58.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party of any other prior or subsequent breach of this Stipulation.

59.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement and this Stipulation and its exhibits supersede any prior or contemporaneous written or oral agreements or understandings between the Parties.  All Parties acknowledge that no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

60.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

61.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

62.     All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

63.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

64.     The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third-party beneficiaries with respect to the releases in this Stipulation and Settlement.

65.    This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

66.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, including the Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

67.    The construction, interpretation, operation, effect, and validity of this Stipulation, including the Supplemental Agreement, and all documents necessary to effectuate the Settlement, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

68.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

69.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

70.    Plaintiffs and Co-Lead Counsel represent and warrant that Plaintiffs are Settlement Class Members and that none of Plaintiffs' claims or causes of action against one or more Settling Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Settling Defendants in the Action, have been assigned, encumbered or in any manner transferred in whole or in part.

71.     Except in the event of a termination as otherwise provided in this Stipulation, the Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement, and to agree promptly upon and execute all such other documentation as reasonably may be required to schedule the Settlement Hearing and obtain Final approval by the Court of the Settlement.

72.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notices shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs: | Labaton Keller Sucharow LLP<br>Attn:  Alfred L. Fatale, III<br>140 Broadway<br>New York, NY  10005<br>Telephone: (212) 907-0700<br>afatale@labaton.com |
| | The Rosen Law Firm, P.A.<br>Attn:  Phillip Kim<br>275 Madison Avenue, 40th Floor<br>New York, NY  10016<br>Telephone: (212) 686-1600<br>pking@rosenlegal.com |
| If to Missfresh and Zheng Xu: | Stinson LLP<br>Attn:  Richard J.L. Lomuscio<br>100 Wall St., Suite 201<br>New York, NY  10005<br>Telephone: (646) 883-7675<br>richard.lomuscio@stinson.com |
| If to the Underwriter Defendants: | Allen Overy Shearman Sterling US LLP<br>Attn:  Daniel C. Lewis<br>599 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 848-4000<br>daniel.lewis@aoshearman.com |

| If to Cogency Global Inc. and Colleen A. De Vries: | K&L Gates LLP<br>Attn: Joanna A. Diakos<br>599 Lexington Ave.<br>New York, NY 10022<br>Telephone: (212) 536-3900<br>Facsimile: (212) 536-3901<br>Joanna.diakoskordalis@klgates.com |
|---|---|

73.     If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶36 above, those disputes (after good faith attempts at resolution between the Parties) will be resolved by the Mediator first by way of expedited telephonic mediation and, if unsuccessful, then by final, binding, non-appealable resolution by the Mediator.

74.     Except as otherwise provided herein, each Party shall bear its own costs.

75.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, drafts, and proceedings in connection with negotiating the Stipulation confidential, unless disclosure is compelled by the Court or required under applicable laws, rules, or regulations.

76.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

77.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties to the Settlement or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax

consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

78.     The Parties further understand and agree that Settling Defendants deny all of the Settlement Class and Plaintiffs' claims and material allegations asserted in this proceeding; and that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.


**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 12, 2024.

**LABATON KELLER SUCHAROW LLP**

Jonathan Gardner
Alfred L. Fatale III
David J. Schwartz
Charles Wood
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jgardner@labaton.com
afatale@labaton.com
dschwartz@labaton.com
cwood@labaton.com

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim
Laurence M. Rosen
Jing Chen
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

78.    The Parties further understand and agree that Settling Defendants deny all of the Settlement Class and Plaintiffs' claims and material allegations asserted in this proceeding; and that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.


**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 12, 2024.

**LABATON KELLER SUCHAROW LLP**


_____
Jonathan Gardner
Alfred L. Fatale III
David J. Schwartz
Charles Wood
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jgardner@labaton.com
afatale@labaton.com
dschwartz@labaton.com
cwood@labaton.com

**THE ROSEN LAW FIRM, P.A.**

_Phillips Kim (PPJc for)_

Phillip Kim
Laurence M. Rosen
Jing Chen
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

- 48 -

pkim@rosenlegal.com
lrosen@rosenlegal.com
jchen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs and the
Proposed Settlement Class*

**STINSON LLP**


_____
Richard J.L. Lomuscio
100 Wall St., Suite 201
New York, NY  10005
Telephone: (646) 883-7675
richard.lomuscio@stinson.com
*Attorneys for Defendants Missfresh and Zheng Xu*


**K&L GATES LLP**



_____
Joanna A. Diakos
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 536-3900
Facsimile: (212) 536-3901
Joanna.diakoskordalis@klgates.com

*Counsel for Cogency Global Inc. and Colleen A.
De Vries*

**ALLEN OVERY SHEARMAN STERLING US
LLP**



_____
Daniel C. Lewis
Joshua T. Ebersole
Benjamin Klebanoff
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000

pkim@rosenlegal.com
lrosen@rosenlegal.com
jchen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs and the*
*Proposed Settlement Class*

**STINSON LLP**

_____

Richard J.L. Lomuscio
100 Wall St., Suite 201
New York, NY 10005
Telephone: (646) 883-7675
richard.lomuscio@stinson.com
*Attorneys for Defendants Missfresh and Zheng Xu*

**K&L GATES LLP**

_____

Joanna A. Diakos
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 536-3900
Facsimile: (212) 536-3901
Joanna.diakoskordalis@klgates.com

*Counsel for Cogency Global Inc. and Colleen A.*
*De Vries*

**ALLEN OVERY SHEARMAN STERLING US**
**LLP**

_____

Daniel C. Lewis
Joshua T. Ebersole
Benjamin Klebanoff
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000

pkim@rosenlegal.com
lrosen@rosenlegal.com
jchen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs and the
Proposed Settlement Class*

**STINSON LLP**

_____

Richard J.L. Lomuscio
100 Wall St., Suite 201
New York, NY 10005
Telephone: (646) 883-7675
richard.lomuscio@stinson.com
*Attorneys for Defendants Missfresh and Zheng Xu*

**K&L GATES LLP**

_____

Joanna A. Diakos
599 Lexington Ave.
New York, NY 10022
Telephone: (212) 536-3900
Facsimile: (212) 536-3901
Joanna.diakoskordalis@klgates.com

*Counsel for Cogency Global Inc. and Colleen A.
De Vries*

**ALLEN OVERY SHEARMAN STERLING US
LLP**

_____

Daniel C. Lewis
Joshua T. Ebersole
Benjamin Klebanoff
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000

daniel.lewis@aoshearman.com
joshua.ebersole@aoshearman.com
benjamin.klebanoff@aoshearman.com

**ALLEN OVERY SHEARMAN STERLING US LLP**
Grace J. Lee
401 9th Street NW, Suite 800
Washington, D.C. 20004-2128
Phone: (202) 508-8065
grace.lee@aoshearman.com

*Attorneys for Underwriter Defendants*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>              v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>     Defendants. | Case No. 1:22-cv-09836-JSR |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

    A.    On June 12, 2024, Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited,

Blackwell Partners LLC – Series A, and Star V Partners LLC, and named plaintiff James Sannito

("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one

hand, and Missfresh Limited ("Missfresh" or the "Company"); defendant Zheng Xu; Cogency Global Inc. ("Cogency"); and Colleen A. De Vries (together with Cogency, the "Cogency Defendants"); and J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, Haitong International Securities Company Limited, CMB International Capital Limited, AMTD Global Markets Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, GF Securities (Hong Kong) Brokerage Limited, Futu Inc., and Tiger Brokers (NZ) Limited (collectively, the "Underwriter Defendants" and, together with Missfresh, Zheng Xu, and the Cogency Defendants, the "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Amended Class Action Complaint for Violation of the Securities Act of 1933, filed on December 28, 2022, on the merits and with prejudice (the "Settlement");

B.    The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.    The Parties to the Stipulation have consented to the entry of this order; and

D.    All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2024 that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or which purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and were damaged thereby.  Excluded from the Settlement Class are: (i)  Defendants; (ii) Immediate Families of the Individual Defendants; (ii) any person who was an officer, director, or control person of Missfresh, the Underwriter Defendants, or Cogency (at all relevant times, and members of their Immediate Families); (iii) Missfresh's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Missfresh ADSs through any such plan(s); (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class are those members of the Settlement Class who or which exclude themselves from the Settlement Class in accordance with the requirements set forth below and in the Notice.  However, any Investment Vehicle (as defined in the Stipulation) will not be excluded from the Settlement Class.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)    there are questions of law and fact common to the Settlement Class Members;

(c)    the claims of Plaintiffs are typical of the Settlement Class's claims;

(d)    Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Plaintiffs are preliminarily certified as Class Representatives for the Settlement Class.  The law firms of Labaton Keller Sucharow LLP ("Labaton") and The Rosen Law Firm, P.A. ("Rosen Law") are preliminarily appointed Class Counsel for the Settlement Class.

5.    A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely

at the Court's discretion, on _____, 2024, at __:____ _.m. for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiff's Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firms of Labaton and Rosen Law should be finally appointed as Class Counsel for the Settlement Class;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Plaintiffs for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it

has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website for the Settlement.

7.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1, 2, and 4, respectively, and finds they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), and the Rules of this Court.

8.    The Court approves the retention of Verita Global, LLC ("Claims Administrator") as the Claims Administrator. The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto as Exhibit 4, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. Missfresh, to the extent it has not already done so, shall use its best efforts to obtain and provide to Co-Lead Counsel, or the Claims Administrator, at no cost to Co-Lead Counsel or the Claims

Administrator, as soon as practicable after entry of this Preliminary Approval Order, records from Missfresh's transfer agent in electronic searchable form, to the extent readily available, containing the names, addresses, and emails (to the extent available) of Persons who purchased or otherwise acquired publicly traded Missfresh ADSs pursuant and/or traceable to the Offering Documents. The Claims Administrator may, alternatively, email the Postcard Notice or a link to the Postcard Notice to Settlement Class Members, to the extent it is provided with email addresses.

9.      The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired publicly traded Missfresh ADSs pursuant and/or traceable to the Offering Documents as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, provide a list of the names, addresses, and emails of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator mail them to all such beneficial owners or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners.   Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the Postcard was sent and shall retain their records for use in connection with any further notices that may be provided in the Action.  Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to:

$0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

10.    Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively, to be posted on a webpage to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded.  The Claims Administrator shall also mail copies of the Notice and Claim Form upon request.  Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Claim Form.

11.    The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Co-Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities

Act of 1933, 15 U.S.C. § 77z-1(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.    In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator: (a) at the address indicated in the Claim Form, postmarked no later than five (5) calendar days before the Settlement Hearing; or (b) submitted electronically through the website for the Settlement no later than five (5) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Co-Lead Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)    The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed (including name, address, phone number and email address (if any)), signed and

submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Co-Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

15.     Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number, and email address (if any) of the Person seeking exclusion, must state that the

sender requests to be "excluded from the Settlement Class in *Chen v. Missfresh Limited, et al.,* Case No. 22-cv-09836-JSR (S.D.N.Y.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADS's initial public offering in June 2021. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's application for attorneys' fees and expenses. Any objections must: (a) state the name, address, telephone number, and e-mail address (if any) of the objector and must be signed by the objector; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in *Chen v. Missfresh Limited, et al.,* Case No. 22-cv-09836-JSR (S.D.N.Y.);" (c) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of Missfresh ADSs purchased or acquired pursuant and/or traceable to the Offering Documents, as

well as the dates and prices of each such purchase, acquisition, and sale.  The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Co-Lead Counsel: Alfred L. Fatale III, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005 and Phillip Kim, The Rosen Law Firm, P.A., 275 Madison Ave., 40th Floor, New York, New York 10016; and Settling Defendants' Counsel: Richard J.L. Lomuscio, Stinson LLP, 100 Wall St., Suite 201, New York, NY 10005; Joanna A. Diakos, K&L Gates LLP, 599 Lexington Avenue, New York, NY, 10022; and Daniel C. Lewis, Allen Overy Shearman Sterling US LLP, 599 Lexington Avenue, New York, New York, 10022; and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys'

fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiff's Claims against the Released Defendant Parties.

20.    As provided in the Stipulation, prior to the Effective Date, Co-Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $300,000 without further approval from Settling Defendants and without further order of the Court. Additional sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Parties or order of the Court.

21.    All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22.    No person who is not a Settlement Class Member or Co-Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24.    Neither Settling Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Co-Lead Counsel or Plaintiffs and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 20, 2023.

26.    Neither this Order, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could

14

have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to  any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

27.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of  _____, 2024

BY THE COURT:

_____
Honorable Jed S. Rakoff
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>    Defendants. | Case No. 1:22-cv-09836-JSR |

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

If you purchased or otherwise acquired Missfresh Limited ("Missfresh" or the "Company") ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021 ("IPO") and were damaged thereby, you may be entitled to a payment from a class action settlement.

***A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.***

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $4,903,900 cash fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes. This is an average recovery of approximately $0.XX per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and $0.XX per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and named plaintiff James Sannito ("Plaintiffs"), that have been asserted on behalf of the Settlement Class (defined below) against Missfresh; defendant Zheng Xu; Cogency Global Inc. ("Cogency") and Colleen A. De Vries (together with Cogency, the "Cogency Defendants"); and J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, Haitong International Securities Company Limited, CMB International Capital Limited, AMTD Global Markets Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, GF Securities (Hong Kong) Brokerage Limited, Futu Inc., and Tiger Brokers (NZ) Limited (collectively, the "Underwriter Defendants" and, together with Missfresh, Zheng Xu, and the Cogency Defendants, the "Settling Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2024** | The only way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2024** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiff's Claims. *See* Question 10 for details. |
| **OBJECT BY _____, 2024** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Co-Lead Counsel's Fee |

---

[1]     The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated June ___, 2024 (the "Stipulation"), which can be viewed at www._____.com. All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

| | |
|---|---|
| | and Expense Application.  If you object, you will still be in the Settlement Class.  *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2024 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2024** | Ask to speak in Court at the Settlement Hearing about the Settlement.  *See* Question 18 for details. |
| **DO NOTHING** | Get no payment.  Give up rights.  Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement.  Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

What Is this Notice About?                                                                Page \_\_
How do I know if I am part of the Settlement Class?                          Page \_\_
Are there exceptions to being included?                                          Page \_\_
Why is this a class action?                                                              Page \_\_
What is this case about and what has happened so far?                    Page \_\_
What are the reasons for the Settlement?                                        Page \_\_
What does the Settlement provide?                                                  Page \_\_
How can I receive a payment?                                                          Page \_\_
What am I giving up to receive a payment and by staying in the
 Settlement Class?                                                                          Page \_\_
How do I exclude myself from the Settlement Class?                        Page \_\_
If I do not exclude myself, can I sue Defendants and the other
 Released Defendant Parties for the same reasons later?                   Page \_\_
Do I have a lawyer in this case?                                                      Page \_\_
How will the lawyers be paid?                                                          Page \_\_
How do I tell the Court that I do not like something about the
 proposed Settlement?                                                                    Page \_\_
What is the difference between objecting and seeking exclusion?      Page \_\_
When and where will the Court decide whether to approve the
 Settlement?                                                                                   Page \_\_
Do I have to come to the Settlement Hearing?                                Page \_\_
May I speak at the Settlement Hearing?                                          Page \_\_
What happens if I do nothing at all?                                              Page \_\_
Are there more details about the Settlement?                                 Page \_\_
How will my claim be calculated?                                                   Page \_\_
Special notice to securities brokers and nominees.                          Page \_\_

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.      Plaintiffs have entered into the proposed Settlement with the Settling Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $4,903,900 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Plaintiffs' consulting damages expert's estimate of the number of shares of Missfresh ADSs eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.XX per allegedly damaged share.  If the Court approves Co-Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.XX per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Missfresh ADSs the Settlement Class Member purchased or acquired pursuant and/or traceable to the Offering Documents; and (iv) whether and when the Settlement Class Member sold Missfresh ADSs.  *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Settling Defendants and Plaintiffs disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Plaintiffs were to

prevail on each claim.  The issues that the Settling Defendants and Plaintiffs disagree about include, for example: (i) whether the Offering Documents contained untrue statements of material fact or omitted material facts necessary to make the statements in the documents not misleading; (ii) the extent to which external factors, such as general market, economic, and industry conditions, influenced the trading prices of Missfresh ADSs at various times; (iii) the appropriate economic models for measuring damages; and (iv) whether class members suffered any damages.

3.      Settling Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Co-Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel,[2] for attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest, or $XXXXX, plus accrued interest.  Co-Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $XXXXX, plus accrued interest, which may include an application pursuant to the PSLRA for the reasonable costs and expenses (including lost wages) of Plaintiffs directly related to their representation of the Settlement Class.  If the Court approves Co-Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.XX per allegedly damaged share of Missfresh ADSs.  A copy of the Fee and Expense Application will be posted on www. _____ after it has been filed with the Court.

---

[2] "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, The Rosen Law Firm, P.A., and The Schall Law Firm.

**Reasons for the Settlement**

5.      For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Settling Defendants; the uncertainty of having a class certified; the uncertainty inherent in the parties' various and competing theories of liability, causation and damages; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in complex class action litigation.

6.      For the Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.      Plaintiffs and the Settlement Class are represented by Co-Lead Counsel, Alfred L. Fatale III, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com; and Phillip Kim, Esq., The Rosen Law Firm, P.A., 275 Madison Ave., 40th Floor, New York, NY 10016, www.rosenlegal.com.

8.      Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: _____, (_____) ____-____, www._____com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| 1.  What Is this Notice About? |
|---|

9.      The Court authorized that this Notice be provided to you because you or someone in your family may have purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and been damaged thereby.  **Receipt of this Notice or the Postcard Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit a Claim Form.  *See* Question 8 below.**

10.     The Court authorized that this Notice be provided to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.     The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *Chen v. Missfresh Limited, et al.* Case No. 22-cv-09836-JSR.  The Action is assigned to the Honorable Jed. S. Rakoff, United States District Judge.

| 2.  How do I know if I am part of the Settlement Class? |
|---|

12.     The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

**All persons and entities who or which purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and were damaged thereby.**

13.    If one of your mutual funds purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased or otherwise acquired Missfresh ADSs in the IPO.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.  The parties do not independently have access to your trading information.

---

**3.  Are there exceptions to being included?**

---

14.    Yes.   There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i)  Defendants; (ii) Immediate Families of the Individual Defendants; (ii) any person who was an officer, director, or control person of Missfresh, the Underwriter Defendants, or Cogency (at all relevant times, and members of their Immediate Families); (iii) Missfresh's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Missfresh ADSs through any such plan(s); (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  However, "Investment Vehicles" will not be excluded from the Settlement Class.[3]

---

[3] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone

15.    Also excluded from the Settlement Class will be any person or entity who or which excludes themselves from the Settlement Class by submitting a timely and valid request for exclusion in accordance with the procedures described in Question 10 below.

---

**4.  Why is this a class action?**

---

16.    In a class action, one or more persons or entities (in this case, Plaintiffs), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC to serve as Lead Plaintiffs and has appointed Labaton Keller Sucharow LLP and The Rosen Law, P.A. Firm to serve as Co-Lead Counsel.

---

**5.  What is this case about and what has happened so far?**

---

17.    The operative complaint in the Action is the Amended Class Action Complaint for Violation of the Securities Act of 1933, filed on December 28, 2022 (the "Complaint") and alleges violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") relating to Missfresh's initial public offering of 24,150,000 American depository shares ("ADSs"), including the Underwriter Defendants' overallotment, for $13.00 per ADS to the investing public on or about June 25, 2021 (the IPO or "Offering").  Missfresh's ADSs were registered with the Securities and Exchange Commission (the "SEC") pursuant to a registration

---

or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

statement filed with the SEC on Form F-1 (Registration No. 333-256903), which following one amendment, was declared effective by the SEC on June 24, 2021 (the "Form F-1").  On June 28, 2021, the Defendants filed with the SEC the final prospectus (the "Prospectus"), which forms part of the Registration Statement (the Prospectus and Form F-1, as amended, are referred to collectively as the "Offering Documents").

18.    The initial complaint filed in the action, was filed in the United States District Court for the Eastern District of New York on July 12, 2022 and was captioned *Chen v. Missfresh Limited, et al.*, 1:22-cv-04065-WFK-VMS.

19.    On October 3, 2022, Judge William F. Kuntz, II of the Eastern District of New York appointed Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC-Series A, and Star V Partners LLC (together, "Lead Plaintiffs") as lead plaintiffs and approved their selection of The Rosen Law Firm, P.A. and Labaton Sucharow LLP, now known as Labaton Keller Sucharow LLP, as Co-Lead Counsel.

20.    On November 10, 2022, upon an ordered stipulation by certain of the parties, the action was transferred to the U.S. District Court for the Southern District of New York and was assigned to Judge Jed S. Rakoff (the "Court").

21.    On December 28, 2022, Plaintiffs filed the operative Amended Class Action Complaint for Violation of the Securities Act of 1933 (the "Complaint") alleging violations of Section 11, 12(a)(2) and 15 of the Securities Act on behalf of a class of all who purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Company's Offering Documents and who were damaged thereby.

22.    On January 27, 2023, Defendants Missfresh, Cogency, and De Vries filed a motion to dismiss the Complaint and the Underwriter Defendants filed a joinder to the motion.  Plaintiffs

opposed the motion to dismiss and the joinder on February 10, 2023. On February 17, 2023, Defendants Missfresh, Cogency, and De Vries filed a reply brief in further support of their motion and the Underwriter Defendants filed a joinder to that reply.

23.    On September 12, 2023, the Court issued a "bottom-line" order denying the motion to dismiss as to Plaintiffs' claims predicated upon the misstated revenue and sales of online products reported in the Offering Documents, but granting the motion to dismiss in all other respects.

24.    On September 28, 2023, the Court held the initial pretrial conference telephonically and issued a case management plan.

25.    On November 6, 2023, the Court issued an opinion setting forth the reasons for the September 12, 2023 bottom-line order granting in part, and denying in part, the motion to dismiss.

26.    On November 6, 2023, Plaintiffs filed a motion for alternative service of process on Defendants Zheng Xu, Zhaohui Li, Hansong Zhu, Jun Wang, and Yuan Sun (collectively, the "Individual Defendants"). On November 13, 2023, Defendant Missfresh opposed the motion.

27.    Plaintiffs, Defendant Missfresh and Defendant Xu engaged David Murphy of Phillips ADR, a well-respected and experienced mediator, to assist them in exploring a potential negotiated resolution of the claims against Defendants. On October 18, 2023, counsel for Plaintiffs, Defendant Missfresh, and Defendant Xu met with Mediator Murphy in an attempt to reach a settlement. The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements and materials. While these discussions narrowed the differences between the parties, they did not result in a resolution of the Action.

28.     On November 20, 2023, through continued arm's-length efforts by the parties to reach a resolution, Plaintiffs, Defendant Missfresh, and Defendant Xu accepted the Mediator's recommendation and reached an agreement in principle to settle the claims against all of the defendants in the Action.

29.     On November 28, 2023, the parties jointly notified the Court of an agreement in principle to settle the Action.

30.     However, the agreement in principle did not result in a settlement agreement and the parties continued their discussions in an effort to resolve the Action.

31.     On January 18, 2024, Skadden, Arps, Slate, Meagher & Flom LLP filed a motion to withdraw as counsel to Defendant Missfresh and the Cogency Defendants.  After briefing, on January 29, 2024, the Court granted the motion to withdraw.

32.     On February 21, 2024, Plaintiffs filed a revised motion for alternative service of process on Defendants Zhaohui Li, Hansong Zhu, Jun Wang, and Yuan Sun.  On February 28, 2024, Defendant Missfresh responded to the motion.  On March 5, 2024, the Court granted the motion.

33.     On February 27, 2024, Defendant Missfresh, Defendant Xu, the Underwriter Defendants, and the Cogency Defendants filed answers to the Complaint.

34.     On March 26, 2024, Plaintiffs filed a motion to certify a class of investors in the initial public offering of Missfresh ADSs, appoint Plaintiffs as class representatives, and appoint Co-Lead Counsel as co-class counsel.

35.     On March 27, 2024, Defendant Li filed a motion to dismiss the Complaint.  On April 10, 2024, Plaintiffs opposed Defendant Li's motion to dismiss.  On April 17, 2024, Defendant Li filed a reply brief in further support of his motion to dismiss.

36.    Between November 28, 2023 and April 23, 2024, Plaintiffs and Settling Defendants continued to negotiate at arm's-length a resolution of the Action, with the assistance of the Mediator.  On April 23, 2024, the parties informed the Court that they had reached an agreement in principle to settle all claims in the Action and had signed a term sheet reflecting that agreement in principle.

37.    Before agreeing to a settlement, Plaintiffs, through Co-Lead Counsel, conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) regulatory filings made by Missfresh with the U.S. Securities and Exchange Commission ("SEC"), (ii) public reports and news articles; (iii) research reports by securities and financial analysts; (iv) press releases, transcripts of earnings calls, and other public statements issued by and disseminated by the Company; (v) other publicly available material and data; (vi) consultation with relevant consulting experts; and (vi) the applicable law governing the claims and potential defenses.

**6.  What are the reasons for the Settlement?**

38.    The Court did not finally decide in favor of Plaintiffs or the Settling Defendants.  Instead, both sides agreed to a settlement.  Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Plaintiffs and the class.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Plaintiffs and Co-Lead Counsel believe that

the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

39.    Settling Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  All of Settling Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the Securities Act or otherwise.  Specifically, Settling Defendants expressly have denied and continue to deny, among other things, each and all of the claims alleged in the Action, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made.  Settling Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.  In addition, Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Action.  Nonetheless, Settling Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

**7.  What does the Settlement provide?**

40.    In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties (*see* Question 9 below), Settling Defendants have agreed to cause a four million nine hundred three thousand and nine hundred ($4,903,900) cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes,

and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

| **8.  How can I receive a payment?** |
| --- |

41.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  You may obtain one from the website dedicated to the Settlement: www._____.com, or from Co-Lead Counsel's websites: www.labaton.com and www.rosenlegal.com, or submit a claim online at www._____.com.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____.

42.    Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than _____, 2024.**

| **9.  What am I giving up to receive a payment and by staying in the Settlement Class?** |
| --- |

43.    If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff's Claims" against the "Released Defendant Parties."  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    **"Released Plaintiff's Claims"** mean any and all claims, including both known claims or Unknown claims (as defined below), demands, losses, rights, and causes of action of any nature whatsoever, whether individual, class, direct, representative, on behalf of others, legal,

equitable, or of any other type or in any other capacity, whether brought directly or indirectly, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Plaintiffs, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendant Parties, which (a) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, and (b) arise out of, are based upon, or relate to in any way the purchase, acquisition, holding, sale, or disposition of Missfresh's ADSs issued pursuant and/or traceable to the Offering Documents.  For the avoidance of doubt, Released Plaintiff's Claims do not include claims relating to the enforcement of the Settlement or any claims of Persons who submit a request for exclusion that is accepted by the Court.

(b)      **"Released Defendant Parties"** mean Settling Defendants and each and all of their Related Parties and Settling Defendants' Counsel.

(c)      **"Related Parties"** mean each of a Settling Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors,

16

predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Settling Defendant has or had a Controlling Interest, any Immediate Family Member of an Individual Defendant, any trust of which any Settling Defendant is the settlor or which is for the benefit of any Settling Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Settling Defendants.

(d)    "**Unknown Claims**" mean (i) any and all Released Plaintiff's Claims against Released Defendant Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Defendant Parties, or might have affected such party's decision not to object to this Settlement and (ii) any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, the Parties stipulate and agree that, by operation of the Judgment or Alternative Judgment, upon the Effective Date, Plaintiffs and Settling Defendants shall have expressly waived, and each other Settlement Class Member shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred

by any law of any state or territory of the United States or foreign law, or principle of common

law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts,

legal theories, or authorities in addition to or different from those which he, she, or it now knows

or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the

Released Defendants' Claims, but Plaintiffs and Settling Defendants shall expressly, fully, finally,

and forever settle and release, and each Settlement Class Member shall be deemed to have settled

and released, and upon the Effective Date and by operation of the Judgment or Alternative

Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff's

Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery

or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and

Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall

be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and

was a material element of the Settlement.

     44.     The "Effective Date" will occur when an Order entered by the Court approving

the Settlement becomes Final and is not subject to appeal.

45.     Upon the "Effective Date," Settling Defendants will also provide a release of any claims against Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

46.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiff's Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  Settling Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10.  How do I exclude myself from the Settlement Class?** |
| --- |

47.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Chen v. Missfresh Limited, et al.* Case No. 22-cv-09836-JSR (S.D.N.Y.)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the person or entity requesting exclusion; (ii) state the number of shares of Missfresh ADSs the person or entity purchased or acquired in the IPO, as well as the dates and prices of each purchase, acquisition, and sale of such shares; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion must be mailed so that it is **received no later than _____, 2024** at:

*Missfresh Securities Litigation*
c/o _____
P.O. Box _____
_____

48.    This information is needed to determine whether you are a member of the Settlement Class. Your exclusion request must comply with these requirements in order to be valid.

49.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you. If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| **11.** | **If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?** |
|---|---|

50.    No. Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2024.**

### THE LAWYERS REPRESENTING YOU

| **12. Do I have a lawyer in this case?** |
|---|

51.    Labaton Keller Sucharow LLP and The Rosen Law Firm, P.A. are Co-Lead Counsel in the Action and represent all Settlement Class Members. You will not be separately charged for these lawyers. The Court will determine the amount of attorneys' fees and Litigation

Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **13.  How will the lawyers be paid?** |
|---|

52.    Plaintiffs' Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work.  Co-Lead Counsel will seek, on behalf of Plaintiffs' Counsel, an attorneys' fee award of no more than 25% of the Settlement Fund, or $XXXXXX, plus accrued interest.[4]  Co-Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $XXX,XXX, plus accrued interest, which may include an application by Plaintiffs for their reasonable costs and expenses (including lost wages) related to their representation of the Settlement Class, pursuant to the PSLRA.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

| **14.  How do I tell the Court that I do not like something about the proposed Settlement?** |
|---|

53.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Co-Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

---

[4] The Rosen Law Firm has agreed to share its awarded fees with The Schall Law Firm.

54.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*Chen v. Missfresh Limited, et al.* Case No. 22-cv-09836-JSR (S.D.N.Y.)."  The objection must also state: (i) the name, address, telephone number, and e-mail address (if any) of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of Missfresh ADSs acquired in the IPO as well as the dates and prices of each such purchase, acquisition, and sale.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application.    Your objection must be filed with the Court **no later than** _____, 2024 **and** be mailed or delivered to the following counsel so that it is **received no later than** _____, 2024:

| **Court** | **Co-Lead Counsel** | **Settling Defendants' Counsel** |
| --- | --- | --- |

| **Clerk of the Court** | **Labaton Keller Sucharow LLP** | **Stinson LLP** |
|---|---|---|
| United States District Court | Alfred L. Fatale, III Esq. | Richard J.L. Lomuscio, Esq. |
| Southern District of New York | 140 Broadway | 100 Wall Street |
| Daniel Patrick Moynihan U.S. Courthouse | New York, NY 10005 | New York, NY 10005 |
| 500 Pearl Street | | **Allen Overy Shearman & Sterling US LLP** |
| New York, NY 10007 | **The Rosen Law Firm, P.A.** | Daniel C. Lewis, Esq. |
| | Phillip Kim, Esq. | 599 Lexington Avenue |
| | 275 Madison Avenue, 40th Floor | New York, NY 10022 |
| | New York, NY 10016 | **K&L Gates LLP** |
| | | Joanna A. Diakos, Esq. |
| | | 599 Lexington Avenue |
| | | New York, NY 10022 |

55.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**15.  What is the difference between objecting and seeking exclusion?**

56.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Co-Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

23

## THE SETTLEMENT HEARING

| 16. When and where will the Court decide whether to approve the Settlement? |
| --- |

57.      The Court will hold the Settlement Hearing on **_____, 2024 at ____ _.m.**, either remotely or in person, in Courtroom 14B at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

58.      At this hearing, the Honorable Jed S. Rakoff will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Co-Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

59.      The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without an individual notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www._____.com to see if the Settlement Hearing stays as scheduled or is changed.

| 17. Do I have to come to the Settlement Hearing? |
| --- |

60.      No. Co-Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or

24

she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2024**.

| **18.  May I speak at the Settlement Hearing?** |
|---|

61.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____ __, 2024,** submit a statement that you, or your attorney, intend to appear in "*Chen v. Missfresh Limited, et al.* Case No. 22-cv-09836-JSR (S.D.N.Y.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

| **19.  What happens if I do nothing at all?** |
|---|

62.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

| **20. Are there more details about the Settlement?** |
|---|

63.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation and other documents filed in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

64.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www._____.com, or the websites of Co-Lead Counsel, www.labaton.com and www.rosenlegal.com.  You may also call the Claims Administrator toll free at (_____) ____-_____ or write to the Claims Administrator at *Missfresh Securities Litigation,* c/o_____.  **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| **21. How will my claim be calculated?** |
|---|

65.     The Plan of Allocation below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Plaintiffs and Co-Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website at: _____ and at www.labaton.com and www.rosenlegal.com.

66.    The $4,903,900 Settlement Amount and the interest it earns is the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund.  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the Plan of Allocation approved by the Court ("Authorized Claimants"). Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

67.    The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Claimants who allegedly suffered economic losses as a result of the alleged violations of the Securities Act of 1933 asserted in the Action and, more specifically, with respect to shares of Missfresh ADSs purchased or otherwise acquired during the period from June 25, 2021, the date of Missfresh's IPO, through July 12, 2022 (the "Relevant Period").

68.    To design this Plan of Allocation, Co-Lead Counsel conferred with Plaintiffs' consulting damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Plaintiffs and Co-Lead Counsel believe were recoverable in the Action.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.  An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the Claimant purchased or acquired Missfresh publicly traded ADSs; and (iii) whether and when the Claimant

sold his, her, or its shares of Missfresh publicly traded ADSs. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

69.    Claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the "Recognized Loss Amounts" in this Plan of Allocation. Section 11 of the Securities Act provides a statutory formula for the calculation of damages under that provision. The formulas stated below, which were developed by Plaintiffs' consulting damages expert, generally track the statutory formula.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

70.    For purposes of determining whether a Claimant has a "Recognized Loss Amount," if a Settlement Class Member has more than one purchase/acquisition or sale of Missfresh ADSs during the Relevant Period, purchases, acquisitions, and sales of Missfresh ADSs pursuant and/or traceable IPO will first be matched on a First In/First Out ("FIFO") basis. Relevant Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Relevant Period.

71.    A "Recognized Loss Amount" will be calculated as stated below for each purchase of Missfresh ADSs during the Relevant Period from June 25, 2021 through July 12, 2022, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.[5]

---

[5] On October 17, 2022, Missfresh effected a 1-for-30 reverse stock split of Missfresh ADSs. All figures in the Plan regarding Missfresh ADSs, including (but not limited to) the price per ADS and number of ADSs traded, are in these post-reverse split terms unless otherwise specified.

To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero.

72.    The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

73.    **For each Missfresh ADS purchased or otherwise acquired from June 25, 2021, through and including July 12, 2022, and**:

    A. Sold before the opening of trading on July 12, 2022,[6] the Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price at the Offering of $390.00) ***minus*** the sale price.

    B. Sold after the opening of trading on July 12, 2022 through the close of trading on July 18, 2022,[7] the Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price at the Offering of $390.00) ***minus*** the sale price (not less than $11.66, the closing share price on July 12, 2022).

    C. Retained through the close of trading on July 18, 2022, the Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price at the Offering of $390.00) ***minus*** $11.66, the closing share price on July 12, 2022.

### ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

74.    Purchases, acquisitions, and sales of Missfresh ADSs will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement," "payment," or "sale" date.

75.    The receipt or grant by gift, inheritance or operation of law of Missfresh ADSs during the Relevant Period shall not be deemed a purchase, acquisition, or sale of shares of

---

[6] For purposes of the statutory calculations, July 12, 2022, the date the initial complaint was filed in the Action, is the date of suit.

[7] For purposes of the statutory calculations, July 18, 2022 is the proxy for the statutory date of judgment because after July 18, 2022, Missfresh ADSs never traded above $11.66 per ADS, the closing price on July 12, 2022.

Missfresh ADSs for the calculation of a Claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such Missfresh ADSs, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Relevant Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Missfresh; and (iii) it is specifically so provided in the instrument of gift or assignment.

76.    The Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a Claimant newly establishes a short position during the Relevant Period, the earliest subsequent Relevant Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

77.    Missfresh ADSs are the only security eligible for a recovery under this Plan of Allocation.  With respect to Missfresh ADSs purchased or sold through the exercise of an option, the purchase/sale date of such Missfresh ADSs is the exercise date of the option and the purchase/sale price is the exercise price of the option.

78.    An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's proportional *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net

Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

79.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

80.    Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Final Judgment of the Court dismissing this Action, unless they have timely and validly sought exclusion.

81.    Distributions of the Net Settlement Fund will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least six months after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions in an economical manner, after payment of any unpaid Notice and Administration Expenses and Taxes.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of any unpaid Notice and Administration Expenses and Taxes, shall be contributed to Consumer

Federation of America, a non-sectarian, not-for-profit charitable organization serving the public interest, or such other non-sectarian, not-for-profit charitable organization approved by the Court.

82.    Payment pursuant to this Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, their damages expert, or other agent designated by Co-Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

83.    If you purchased or acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with Missfresh's June 2021 IPO for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE OF THE SETTLEMENT**, **YOU MUST EITHER**: (a) **WITHIN TEN (10) CALENDAR DAYS**, provide a list of the names, addresses, and emails of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send a Postcard Notice promptly to such identified beneficial owners; or (b) **WITHIN TEN (10) CALENDAR DAYS** of receipt of notice (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those Postcard Notices from the

Claims Administrator, mail them to all such beneficial owners or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners. Nominees who elect to send the Postcard Notice to their beneficial owners **SHALL ALSO** send a statement to the Claims Administrator confirming that the Postcard Notice was sent and shall retain their records for use in connection with any further notices that may be provided in the Action. Upon **FULL AND TIMELY** compliance with these directions, nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

84.    All communications concerning the foregoing should be addressed to the Claims Administrator:

*Missfresh Securities Litigation*
c/o _____

____

_____

_____

Dated: _____, 2024                    BY ORDER OF THE UNITED STATES
                                         DISTRICT COURT
                                         SOUTHERN DISTRICT OF NEW YORK

# Exhibit A-2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>    Defendants. | Case No. 1:22-cv-09836-JSR |

## PROOF OF CLAIM AND RELEASE

### A.  GENERAL INSTRUCTIONS

1.      To recover as a member of the Settlement Class based on your claims in the class action entitled *Chen v. Missfresh Limited, et al.* Case No. 22-cv-09836-JSR (S.D.N.Y.) (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW._____.COM NO LATER THAN _____, 2024 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, 2024, ADDRESSED AS FOLLOWS**:

*Missfresh Securities Litigation*
Claims Administrator
P.O. Box ___
_____
CITY, STATE  ZIP
www.s_____.com

3.    If you are a member of the Settlement Class, and you do not timely request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.  RECEIPT OF THIS CLAIM FORM DOES NOT MEAN YOU ARE A MEMBER OF THE SETTLEMENT CLASS.

## B.  CLAIMANT IDENTIFICATION

4.    If you purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and held the shares in your name, you are the beneficial purchaser as well as the record purchaser. However, if you purchased or otherwise acquired Missfresh ADSs through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

5.    Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Missfresh ADSs whose ownership forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S) OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S).  All joint owners must sign this claim.

6.    Executors, administrators, guardians, conservators, custodians, trustees, and legal representatives must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of the claim or result in rejection of the claim.

## C.  IDENTIFICATION OF TRANSACTIONS

7.    Use **Part II** of this form entitled "Schedule of Transactions in Missfresh ADSs" to supply all required details of your transaction(s) in Missfresh ADSs.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

8.    On the schedules, provide all of the requested information with respect to your purchases/acquisitions and all of your sales of Missfresh ADSs from June 25, 2021 through July

18, 2022, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to all of the shares of MissFresh ADSs you held at the close of trading on July 18, 2022. Failure to report all such transactions may result in the rejection of your claim.

9.      Copies of broker confirmations or other documentation of your transactions in Missfresh ADSs must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE CLAIMS ADMINISTRATOR AND THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN MISSFRESH ADSs.**

10.      NOTICE REGARDING ELECTRONIC FILING: Certain Claimants with large numbers of transactions may request, either personally or through a legal representative, to submit information regarding their transactions in electronic files. This is different than submitting your claim online using the Settlement website. All such Claimants MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (XXX) XXX-XXXX or efile@_____ to obtain the required file layout. The Claims Administrator may also request that Claimants with a large number of transactions file their claims electronically. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

| Beneficial Owner Name | | |
|---|---|---|
| Co-Beneficial Owner Name | | |
| Address 1 (Street Name and Number) | | |
| Address 2 (apartment or unit number) | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Telephone Number (home) | Telephone Number (work) | |
| Email Address | | |

- 3 -

| Account Number (if filing for multiple accounts, file a separate Claim Form for each account) | | |
|---|---|---|
| Last Four Digits of Social Security Number (for individuals): | OR | Last Four Digits of Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

Claimant Account Type (check appropriate box):

| | | |
|---|---|---|
| Individual (includes joint owner accounts) | Pension Plan | Trust |
| Corporation | Estate | |
| IRA/401K | Other _____ (please specify) | |

## PART II – SCHEDULE OF TRANSACTIONS IN MISSFRESH ADSs

| 1.  BEGINNING HOLDINGS. – State the total number of Missfresh ADSs held as of the opening of trading on June 25, 2021.  (Must be documented.)  If none, write "zero" or "0."  _____ (It is unlikely that you will have an opening position given that the IPO occurred on or about June 25, 2021.) | | | | Confirm Proof of Position  Enclosed ○ |
|---|---|---|---|---|
| **2.  PURCHASES/ACQUISITIONS FROM JUNE 25, 2021 THROUGH JULY 18, 2022.**   Separately list each and every purchase/acquisition of Missfresh ADSs from after the opening of trading on June 25, 2021 through and including the close of trading on July 18, 2022.  (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of ADSs Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **3.  SALES FROM JUNE 25, 2021 THROUGH JULY 18, 2022** – Separately list each and every sale of Missfresh ADSs from after the opening of trading on June 25, 2021 through and including the close of trading on July 18, 2022.  (Must be documented.) | | | | **IF NONE, CHECK HERE** |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of ADSs Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **4. HOLDINGS AS OF THE CLOSE OF TRADING ON JULY 18, 2022** – State the total number of Missfresh ADSs held as of the close of trading on July 18, 2022. (Must be documented.)  If none, write "zero" or "0."  _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐

## PART III – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

**YOU MUST READ AND SIGN THE RELEASE BELOW.  FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

1.      I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement, dated June ___, 2024 (the "Stipulation").  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Missfresh securities) if requested to do so.  I (We) have not submitted any other claim in the Action covering the same transactions in Missfresh ADSs during the Relevant Period and know of no other person having done so on my (our) behalf.

2.      I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined above, and that I am (we are) not excluded from the Settlement Class.

3.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiff's Claims each and all of the Released Defendant Parties, both as defined in the Stipulation.  This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Missfresh ADSs that are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

6.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.

                                (Month / Year)             (City)             (State/Country)

_____

Signature of Claimant

_____

Print Name of Claimant

_____

Signature of Joint Claimant, if any

_____

Print Name of Joint Claimant, if any

(Capacity of person(s) signing, *e.g.*, Beneficial Owner, Executor or Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and acknowledgement.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to:

    *Missfresh Securities Litigation.*
    c/o _____
    P.O. Box _____
    STREET
    CITY, STATE ZIP
    www._____/
    (XXX) XXX-XXXX

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

# Exhibit A-3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-09836-JSR |
| Plaintiff, | |
| v. | |
| MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC., | |
| Defendants. | |

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To: All persons and entities who or which purchased or otherwise acquired Missfresh Limited ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and were damaged thereby (the "Settlement Class")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the United States District Court for the Southern District of New

York, that Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC –

Series A, and Star V Partners LLC, and James Sannito ("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class; and Missfresh Limited ("Missfresh"); defendant Zheng Xu; Cogency Global Inc. ("Cogency") and Colleen A. De Vries (together with Cogency, the "Cogency Defendants"); and J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, Haitong International Securities Company Limited, CMB International Capital Limited, AMTD Global Markets Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, GF Securities (Hong Kong) Brokerage Limited, Futu Inc., and Tiger Brokers (NZ) Limited (collectively, the "Underwriter Defendants" and, together with Missfresh, Zheng Xu, and the Cogency Defendants, the "Settling Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") and related claims in the amount of $4,903,900 (the "Settlement").

A hearing will be held before the Honorable Jed S. Rakoff, either in person or remotely in the Court's discretion, on _____, 2024, at ____ ____.m. in Courtroom 14B at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated June __, 2024; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Co-Lead Counsel's Fee and Expense Application. The Court may change the date

2

of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a long-form Notice and Claim Form, you may obtain copies by visiting the website for the Settlement, www._____, or by contacting the Claims Administrator at:

*Missfresh Securities Litigation*
c/o _____
P.O. Box_____
_____
City, State Zipcode
www._____
____ ____-_____

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel:

**LABATON KELLER SUCHAROW LLP**
Alfred Fatale III, Esq.
140 Broadway
New York, NY 10005
settlementquestions@labaton.com
(888) 219-6877

**The Rosen Law Firm, P.A.**
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
www.rosenlegal.com
(___) ___-____

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than _____ __, 2024.*** If you are a Settlement Class Member and do not timely submit a valid

3

Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the long-form Notice so that it is *received no later than* _____ __*, 2024.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, but you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the parties in accordance with the instructions in the long-form Notice, so that they are *received no later than* _____ __*, 2024*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____, 2024  BY ORDER OF THE COURT
           UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF NEW YORK

# Exhibit A-4

Missfresh Securities Settlement
Claims Administrator
P.O. Box _____
City, State  Zip Code

**COURT-ORDERED LEGAL NOTICE**

*Chen v. Missfresh Limited, et al.*
Case No. 22-cv-09836-JSR (S.D.N.Y.).

**Your legal rights may be affected by this securities class action settlement. You may be eligible for a cash payment. Please read this postcard carefully.**

**For more information, please visit**
**www.XXXX.com**
**or call XXXXXXXXXXXXX**
**or email XXX**

---

*THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.XXXXX.COM FOR MORE INFORMATION.*

Plaintiffs in the class action *Chen v. Missfresh Limited, et al.* Case No. 22-cv-09836-JSR (S.D.N.Y.), have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve a lawsuit in which Plaintiffs alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933. Settling Defendants deny any liability or wrongdoing. You received this Postcard Notice because you, or an investment account for which you serve as a custodian, may be a member of the following Settlement Class: **all persons and entities who or which purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and were damaged thereby.**

Pursuant to the Settlement, Settling Defendants will pay $4,903,900. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement and procedures, please review the full long-form Notice available at www.XXXX.com.** Your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and when you purchased shares of Missfresh ADSs. If all Settlement Class Members participate in the Settlement, the estimated average recovery will be $_____ per allegedly damaged share before deduction of Court-approved fees and expenses and approximately $_____ after. Your share of the Settlement proceeds will be determined by the plan of allocation set forth in the Notice, or such other plan that may be approved by the Court.

**To qualify for payment, you must submit a timely and valid Claim Form. Receipt of this Postcard does not mean you are eligible.** The Claim Form can be found at www.XXXX.com, or you can request that one be mailed to you. You can also submit a claim online via the website. **Claim Forms must be postmarked (if mailed), or submitted online, by _____, 2024. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class by _____, 2024. If you want to object to any aspect of the Settlement, you must file and serve an objection by _____, 2024.** If you exclude yourself, you may be able to sue Defendants about the claims being settled, but you cannot get money from the Settlement. The Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on _____, 2024 at _____ __.m, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 25% of the Settlement Fund in attorneys' fees, plus expenses of no more than $_____. You may attend the hearing and ask to be heard by the Court, but you do not have to.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-09836-JSR |
|      Plaintiff, | |
|                v. | |
| MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC., | |
|      Defendants. | |

## [PROPOSED] FINAL JUDGMENT

**WHEREAS:**

A.    As of _____, 2024, Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and named plaintiff James Sannito ("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one hand, and Missfresh Limited ("Missfresh" or the "Company");

defendant Zheng Xu; Cogency Global Inc. ("Cogency") and Colleen A. De Vries (together with Cogency, the "Cogency Defendants"); and J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, Haitong International Securities Company Limited, CMB International Capital Limited, AMTD Global Markets Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, GF Securities (Hong Kong) Brokerage Limited, Futu Inc., and Tiger Brokers (NZ) Limited (collectively, the "Underwriter Defendants" and, together with Missfresh, Zheng Xu, and the Cogency Defendants, the "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, 2024 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2024 at __:___ __.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action and the Plan of Allocation on the terms and conditions provided for in the Stipulation are fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Co-Lead Counsel's Fee and Expense Application;

C.    The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, or emailed on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through

reasonable effort, that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be made available to Settlement Class Members; and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.     The notices advised potential Settlement Class Members of the date and purpose of the Settlement Hearing.  The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2024;

E.     The provisions of the Preliminary Approval Order as to notice were complied with;

F.     On _____, 2024, Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on _____, 2024 at which time all interested Persons were afforded the opportunity to be heard; and

G.     This Court has duly considered Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2024; and (ii) the notices, which were filed with the Court on _____, 2024.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of:  all persons and entities who or which purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and were damaged thereby.  Excluded from the Settlement Class are: (i)  Defendants; (ii) Immediate Families of the Individual Defendants; (ii) any person who was an officer, director, or control person of Missfresh, the Underwriter Defendants, or  Cogency (at all relevant times, and members of their Immediate Families); (iii) Missfresh's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Missfresh ADSs through any such plan(s); (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those persons and entities who or which have sought exclusion from the Settlement Class by submitting a timely and valid request for exclusion. [Exhibit A attached hereto lists the requests for exclusion that are being accepted by the Court.] However, any Investment Vehicle will not be excluded from the Settlement Class.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Plaintiffs as Class Representatives for the Settlement Class; and finally appoints the law firms of Labaton Keller Sucharow LLP and The Rosen Law Firm, P.A. as Class Counsel for the Settlement Class.

5.      The Court finds that the dissemination and publication of the Postcard Notice, Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Co-Lead Counsel's request for an award of attorney's fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7).

6.      [There have been no objections to the Settlement.]

7.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Plaintiffs and Co-Lead Counsel have adequately represented

the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.     The Amended Class Action Complaint for Violation of the Securities Act of 1933, filed on December 28, 2022 (the "Complaint"), is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     Upon the Effective Date, Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and any other Person claiming (now or in the future) through or on behalf of them, in their capacities as such, (regardless of whether any such Person ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any disbursement from the Settlement Fund), shall be deemed to have, and by operation of

this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties, (ii) covenanted not to sue any Settling Defendant or Released Defendant Parties with respect to all such Released Plaintiff's Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, maintaining, or participating in the prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties.

11. Upon the Effective Date, Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and any other Person claiming (now or in the future) through or on behalf of them, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties, (ii) covenanted not to sue any Released Plaintiff Party with respect to all such Released Defendants' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, maintaining, or participating in the prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12. Notwithstanding paragraphs 10–11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

14. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiff's Claims, or of any liability, damages, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)    do not constitute, and shall not be construed against any of the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

15.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and

in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 48 of the Stipulation.

17.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19.    A separate order shall be entered regarding Co-Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _____ day of  _____, 2024

BY THE COURT:

_____
Honorable Jed S. Rakoff
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**