# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>Defendants. | Civil Action No. 1:22-cv-09836-JSR |

**DECLARATION ON BEHALF OF LEAD PLAINTIFFS MASO CAPITAL INVESTMENTS LIMITED, BLACKWELL PARTNERS LLC-SERIES A, AND STAR V PARTNERS LLC**

I, Manoj Jain, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.     I am the Co-Chief Investment Officer of Maso Capital Partners Limited, the Investment Manager for Court-appointed Lead Plaintiffs Maso Capital Investments Limited, Blackwell Partners LLC-Series A, and Star V Partners LLC (the "Maso Plaintiffs") in the above-captioned securities class action (the "Action").[1] I respectfully submit this declaration, on behalf of the Maso Plaintiffs, in connection with final approval of the proposed Settlement of the Action for $4,903,900 in cash, approval of the proposed Plan of Allocation for distributing the proceeds of the Settlement, and approval of Co-Lead Counsel's request for attorneys' fees and litigation expenses. I also respectfully submit this declaration in support of the Maso Plaintiffs' request for an award, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(4), in connection with the time those representing the Maso Plaintiffs dedicated to the litigation on behalf of the proposed Settlement Class. I have personal knowledge of the statements herein and, if called as a witness, could competently testify about them.

2.     On October 3, 2022, Judge William F. Kuntz, II of the Eastern District of New York appointed the Maso Plaintiffs—together with Chelsea Fan—as Lead Plaintiffs in this Action.

3.     Since that time, I, and others working with me, have been in regular contact with counsel, through various phone calls and emails. The Maso Plaintiffs: gathered and reviewed trade documentation; completed certifications and declarations in support of case filings; received and reviewed material court filings, in both draft and final form, including the Complaint, the briefing for defendants' motions to dismiss the Complaint, and the motion to certify the class; and assisted

---

[1] Unless otherwise indicated, capitalized terms have the meanings given to them in the Stipulation and Agreement of Settlement, dated June 12, 2024. *See* ECF No. 137-1.

with responding to discovery requests. We have received regular updates as to the progress of the litigation and issues of strategy.

4.    I, on behalf of the Maso Plaintiffs, was consulted over the course of the settlement discussions with defendants and was in communication with counsel during the settlement mediations. Ultimately, the Maso Plaintiffs gave counsel settlement authority, and approved the Settlement. The Maso Plaintiffs believe the Settlement is a fair, reasonable, and adequate result for the Settlement Class, given the very significant risks and uncertainties of continued litigation and the difficulty of recovering more from defendants in the future.

5.    The Maso Plaintiffs also believe that Co-Lead Counsel's request, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in the amount of 25% of the Settlement Fund is fair and reasonable under the circumstances of this case. Co-Lead Counsel's request has been evaluated based on the effort required to litigate the case to date and the risks and challenges in the litigation. The Maso Plaintiffs understand that Co-Lead Counsel will also devote additional time in the future to administering the Settlement without seeking additional fees. The Maso Plaintiffs also believe that the litigation expenses to be requested, which will not be greater than $200,000, are reasonable and represent the costs and expenses that were necessary for the prosecution and resolution of this case.

6.    The Maso Plaintiffs understand that reimbursement of a representative plaintiff's costs and expenses in connection with their representation of a class, including lost wages, is authorized under the PSLRA. For this reason, in connection with Co-Lead Counsel's request for expenses, the Maso Plaintiffs seek reimbursement for the time I dedicated to the prosecution of the Action, which was time that otherwise would have been dedicated to our

3

core responsibilities on behalf of the Maso Plaintiffs and, thus, represented a cost to the Maso Plaintiffs.

7.      I estimate that I spent at least 25 hours performing the tasks summarized above in order to achieve a recovery for the Settlement Class. Our effective hourly rate exceeds $1,000 an hour.  I, on behalf of the Maso Plaintiffs, respectfully request reimbursement of $10,000 for these efforts.

4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 3, 2024.

_____
Manoj Jain

5