# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-09836-JSR |
| Plaintiff, | |
| vs. | |
| MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC., | |
| Defendants. | |

**DECLARATION OF LANCE CAVALLO REGARDING:**
**(A) PROVISION OF POSTCARD NOTICE AND NOTICE PACKET;**
**(B) PUBLICATION OF SUMMARY NOTICE; (C) ESTABLISHMENT OF**
**TELEPHONE HOTLINE AND SETTLEMENT WEBSITE; AND**
**<u>(D) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE</u>**

I, Lance Cavallo, declare and state as follows, pursuant to 28 U.S.C. § 1746:

1.      I am a Vice President of Class Actions at Verita Global, LLC ("Verita").  Pursuant

to the Court's July 3, 2024 Order Granting Preliminary Approval of Class Action Settlement,

Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement ("Preliminary Approval Order," ECF. No. 144), the Court approved the retention of Verita as Claims Administrator in connection with the proposed Settlement of the above-captioned litigation (the "Action").[1] *See* Preliminary Approval Order ¶8.  I have personal knowledge of the matters stated herein and, if called upon, could and would testify thereto.

### MAILING OF THE POSTCARD NOTICE AND NOTICE PACKET

2.    Pursuant to the Preliminary Approval Order, Verita is responsible for disseminating notice of the Settlement.  Specifically, Verita is responsible for mailing the Postcard Notice to potential Settlement Class Members and mailing the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and Proof of Claim and Release ("Claim Form," together with the Notice, the "Notice Packet") to nominees and potential Settlement Class Members upon request.  Copies of the Postcard Notice and Notice Packet are attached hereto as Exhibit A and B, respectively.

3.    As in most class actions of this nature, a large majority of potential class members are beneficial owners whose securities are held in "street name" – *i.e.*, the securities were purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial owner.  Verita maintains a proprietary database with the names and addresses of the largest and most common U.S. banks, brokerage firms, and nominees, including national and regional offices of certain nominees (the "Nominee Database").  Verita's Nominee Database is updated from time to time as new nominees are identified, and others merge or cease to exist.  At the time of the initial mailing, the Nominee Database contained 282 mailing

---

[1]    All terms with initial capitalization not otherwise defined herein have the meanings given to them in the Stipulation and Agreement of Settlement, dated as of June 12, 2024 (the "Stipulation," ECF. No. 139).

records. On July 18, 2024, Verita caused Notice Packets to be mailed to the 282 mailing records contained in Verita's Nominee Database.

4.      Verita also provided a copy of the Notice to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS"). DTC, which is a member of the U.S. Federal Reserve System, a limited-purpose trust company under New York State banking law and a registered clearing agency with the U.S. Securities and Exchange Commission, provides for its participants a range of securities processing services including deposits, withdrawals, electronic direct registration and custody for various types of securities. LENS may be accessed by any broker or nominee that participates in DTC's security settlement system. The Notice was posted on DTC's LENS on July 18, 2024.

5.      I corresponded with counsel for Missfresh about the availability of name and address information for potential Settlement Class Members who were record owners from the Company's transfer agent. I was advised that the transfer agent did not have access to the names and addresses and that the vast majority, if not all, of the ADSs acquisitions were processed through DTC and not held in direct registration. As a result, Verita did not receive a transfer agent list of potential Settlement Class Members who own shares in direct registration. We did receive a list of names from counsel for Missfresh of investors who were allocated ADSs directly by the underwriters of the Initial Public Offering and Verita mailed and/or emailed Postcard Notices to the 83 investors we were able to locate from the list.

6.      The Notice directed those who purchased or acquired Missfresh ADSs, pursuant and/or traceable to the Offering Documents issued in connection with Missfresh's June 2021 initial public offering, for the beneficial interest of persons or entities other than themselves to provide Verita with the names and addresses (and, if available, e-mail addresses) of each of the beneficial

3

owners, so that Verita could then mail Postcard Notices to the beneficial owners. Alternatively, nominees could (a) request copies of the Postcard Notice, in bulk, from Verita in order to mail them to the beneficial owners or (b) e-mail the Postcard Notice or link to the beneficial owners.

7.      Following the initial mailing, through September 4, 2024, Verita has received 244 unique names and addresses and 343 e-mail addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed or e-mailed to such persons or entities. Verita has also received bulk requests from nominees for an additional 2,075 unaddressed Postcard Notices for forwarding by the nominees directly to their customers. Additionally, Verita has been advised that nominees caused the Postcard Notice to be e-mailed to 7,135 potential Settlement Class Members.

8.      All requests for notices have been responded to in a timely manner, and Verita will continue to disseminate Postcard Notices (and Notice Packets) upon receipt of any additional requests and/or upon receipt of updated addresses. Verita has not yet caused any Postcard Notices to be remailed to potential Settlement Class Members, because, as of September 4, 2024, no original mailing has been returned as undeliverable by the United States Post Office.

9.      As a result of the efforts described above, as of September 4, 2024, a total of 9,880 Postcard Notices and 283 Notice Packets have been disseminated to potential Settlement Class Members and their nominees.

## PUBLICATION OF THE SUMMARY NOTICE

10.      Pursuant to the Preliminary Approval Order, Verita caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on July 29, 2024. Attached hereto as Exhibit C are confirmations of such publication and transmittal.

**TELEPHONE HOTLINE**

11.    Verita established and continues to maintain a toll-free telephone number (1-888-726-1691) for potential Settlement Class Members to call and obtain information about the Settlement, request a Notice Packet, and/or seek assistance from an operator during regular business hours.  The toll-free telephone number is set forth in the Postcard Notice, Notice, Claim Form, Summary Notice, and on the Settlement Website.

**SETTLEMENT WEBSITE**

12.    To further assist potential Settlement Class Members, Verita, in coordination with Co-Lead Counsel, designed, implemented, and currently maintains a website dedicated to the Settlement, www.MissfreshSecuritiesSettlement.com.  The address for the Settlement Website is set forth in the Postcard Notice, Notice, Claim Form, and Summary Notice.  The Settlement Website became operational on July 18, 2024, and is accessible 24 hours a day, 7 days a week.

13.    The Settlement Website lists the exclusion, objection, and claim submission deadlines, as well as the date, time, and location of the Court's final Settlement Hearing.  In addition, the Settlement Website contains links to copies of the Stipulation, the Preliminary Approval Order, the Postcard Notice, the Notice, and the Claim Form, all of which can be downloaded by potential Settlement Class Members. The Settlement Website also enables potential Settlement Class Members to file a claim online and contains detailed instructions for institutions that wish to submit claims electronically.  Verita will continue operating, maintaining and, as appropriate, updating the Settlement Website until the conclusion of the claims administration process.

**REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

14.    The Postcard Notice, Notice, Summary Notice, and Settlement Website inform potential Settlement Class Members that requests for exclusion from the Settlement Class must be

5

received no later than September 19, 2024. As of September 3, 2024, Verita has received zero (0) requests for exclusion from the Settlement Class. Verita will submit a supplemental declaration after the September 19, 2024 exclusion deadline that will report on any additional exclusion requests received.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Wantagh, New York on September 4, 2024.

Lance Cavallo

6

# Exhibit A

*Missfresh Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301135
Los Angeles, CA 90030-1135

**COURT-ORDERED LEGAL NOTICE**

*Chen v. Missfresh Limited, et al.*
Case No. 22-cv-09836-JSR (S.D.N.Y.)

**Your legal rights may be affected by this securities
class action settlement. You may be eligible for a cash
payment. Please read this postcard carefully.**

**For more information, please:**
visit **www.MissfreshSecuritiesSettlement.com**
call **1-888-726-1691**
email **info@MissfreshSecuritiesSettlement.com**

**MFH**

Postal Service: Please Do Not Mark Barcode

MFH -



***THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***PLEASE VISIT WWW.MISSFRESHSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.***

Plaintiffs in the class action *Chen v. Missfresh Limited, et al.* Case No. 22-cv-09836-JSR (S.D.N.Y.) have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve a lawsuit in which Plaintiffs alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933. Settling Defendants deny any liability or wrongdoing. You received this Postcard Notice because you, or an investment account for which you serve as a custodian, may be a member of the following Settlement Class**: all persons and entities who or which purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and were damaged thereby.**

Pursuant to the Settlement, Settling Defendants will pay $4,903,900. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement and procedures, please review the full long-form Notice available at www.MissfreshSecuritiesSettlement.com.** Your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and when you purchased shares of Missfresh ADSs. If all Settlement Class Members participate in the Settlement, the estimated average recovery will be $0.03 per allegedly damaged share before deduction of Court-approved fees and expenses and approximately $0.02 after. Your share of the Settlement proceeds will be determined by the plan of allocation set forth in the Notice, or such other plan that may be approved by the Court.

**To qualify for payment, you must submit a timely and valid Claim Form. Receipt of this Postcard Notice does not mean you are eligible.** The Claim Form can be found at www.MissfreshSecuritiesSettlement.com, or you can request that one be mailed to you. You can also submit a claim online via the website. **Claim Forms must be postmarked (if mailed), or submitted online, by Oct. 5, 2024. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class by Sept. 19, 2024.** If you exclude yourself, you may be able to sue Defendants about the claims being settled, but you cannot get money from the Settlement. **If you want to object to any aspect of the Settlement, you must file and serve an objection by Sept. 19, 2024**. The Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on **Oct. 10, 2024 at 4:30 p.m.**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 25% of the Settlement Fund in attorneys' fees, plus expenses of no more than $200,000. You may attend the hearing and ask to be heard by the Court, but you do not have to.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>               v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>    Defendants. | Case No. 1:22-cv-09836-JSR |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

If you purchased or otherwise acquired Missfresh Limited ("Missfresh" or the "Company") ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021 ("IPO") and were damaged thereby, you may be entitled to a payment from a class action settlement.

***A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.***

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $4,903,900 cash fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes. This is an average recovery of approximately $0.03 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and $0.02 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and named plaintiff James Sannito ("Plaintiffs"), that have been asserted on behalf of the Settlement Class (defined below) against Missfresh; defendant Zheng Xu; Cogency Global Inc. ("Cogency") and Colleen A. De Vries (together with Cogency, the "Cogency Defendants"); and J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, Haitong International Securities Company Limited, CMB International Capital Limited, AMTD Global Markets Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, GF Securities (Hong Kong) Brokerage Limited, Futu Inc., and Tiger Brokers (NZ) Limited (collectively, the "Underwriter Defendants" and, together with Missfresh, Zheng Xu, and the Cogency Defendants, the "Settling Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated June 12, 2024 (the "Stipulation"), which can be viewed at www.MissfreshSecuritiesSettlement.com.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY OCTOBER 5, 2024** | The <u>only</u> way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SEPTEMBER 19, 2024** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiff's Claims. *See* Question 10 for details. |
| **OBJECT BY SEPTEMBER 19, 2024** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Co-Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON OCTOBER 10, 2024 AND FILE A NOTICE OF INTENTION TO APPEAR BY SEPTEMBER 19, 2024** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

What is this Notice about?.................................................................................................Page 4
How do I know if I am part of the Settlement Class? ............................................................Page 4
Are there exceptions to being included? ..............................................................................Page 4
Why is this a class action? .................................................................................................Page 4
What is this case about and what has happened so far?........................................................Page 5
What are the reasons for the Settlement? ...........................................................................Page 6
What does the Settlement provide? ....................................................................................Page 6
How can I receive a payment?............................................................................................Page 7
What am I giving up to receive a payment and by staying in the Settlement Class?................Page 7
How do I exclude myself from the Settlement Class? ...........................................................Page 8
If I do not exclude myself, can I sue Defendants and the other
Released Defendant Parties for the same reasons later? ......................................................Page 9
Do I have a lawyer in this case?.........................................................................................Page 9
How will the lawyers be paid?............................................................................................Page 9
How do I tell the Court that I do not like something about the proposed Settlement?.............Page 9
What is the difference between objecting and seeking exclusion?.........................................Page 10
When and where will the Court decide whether to approve the Settlement? .........................Page 10
Do I have to come to the Settlement Hearing?....................................................................Page 10
May I speak at the Settlement Hearing? .............................................................................Page 11
What happens if I do nothing at all?...................................................................................Page 11
Are there more details about the Settlement?.....................................................................Page 11
How will my claim be calculated? .......................................................................................Page 11
Special notice to securities brokers and nominees...............................................................Page 14

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.    Plaintiffs have entered into the proposed Settlement with the Settling Defendants which, if approved by the Court, will resolve the Action in its entirety. Subject to Court approval, Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $4,903,900 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Plaintiffs' consulting damages expert's estimate of the number of shares of Missfresh ADSs eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.03 per allegedly damaged share. If the Court approves Co-Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.02 per allegedly damaged share. **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.** A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Missfresh ADSs the Settlement Class Member purchased or acquired pursuant and/or traceable to the Offering Documents; and (iv) whether and when the Settlement Class Member sold Missfresh ADSs. *See* the Plan of Allocation beginning on page 11 for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of the Case if the Action Continued to Be Litigated**

2.    Settling Defendants and Plaintiffs disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Plaintiffs were to prevail on each claim. The issues that the Settling Defendants and Plaintiffs disagree about include, for example: (i) whether the Offering Documents contained untrue statements of material fact or omitted material facts necessary to make the statements in the documents not misleading; (ii) the extent to which external factors, such as general market, economic, and industry conditions, influenced the trading prices of Missfresh ADSs at various times; (iii) the appropriate economic models for measuring damages; and (iv) whether class members suffered any damages.

3.    Settling Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.    Co-Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel,[2] for attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest, or $1,225,975 plus accrued interest. Co-Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $200,000 plus accrued interest, which may include an application pursuant to the PSLRA for the reasonable costs and expenses (including lost wages) of Plaintiffs directly related to their representation of the Settlement Class. If the Court approves Co-Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.01 per allegedly damaged share of Missfresh ADSs. A copy of the Fee and Expense Application will be posted on www.MissfreshSecuritiesSettlement.com after it has been filed with the Court.

**Reasons for the Settlement**

5.    For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Settling Defendants; the uncertainty of having a class certified; the uncertainty inherent in the parties' various and competing theories of liability, causation and damages; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in complex class action litigation.

6.    For Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.    Plaintiffs and the Settlement Class are represented by Co-Lead Counsel, Alfred L. Fatale III, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, 888-219-6877, www.labaton.com, settlementquestions@labaton.com; and Phillip Kim, Esq., The Rosen Law Firm, P.A., 275 Madison Ave., 40th Floor, New York, NY 10016, 212-686-1060, www.rosenlegal.com.

---

[2] "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, The Rosen Law Firm, P.A., and The Schall Law Firm.

8.      Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Missfresh Securities Settlement c/o Verita Global, LLC, P.O. Box 301135, Los Angeles, CA 90030, 1-888-726-1691, info@MissfreshSecuritiesSettlement.com.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| 1. What is this Notice about? |
|---|

9.      The Court authorized that this Notice be provided to you because you or someone in your family may have purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and been damaged thereby. **Receipt of this Notice or the Postcard Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. The parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit a Claim Form.** *See* **Question 8 below.**

10.      The Court authorized that this Notice be provided to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.      The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *Chen v. Missfresh Limited, et al.* Case No. 22-cv-09836-JSR. The Action is assigned to the Honorable Jed. S. Rakoff, United States District Judge.

| 2. How do I know if I am part of the Settlement Class? |
|---|

12.      The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **All persons and entities who or which purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and were damaged thereby.**

13.      If one of your mutual funds purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents that does not make you a Settlement Class Member, although your mutual fund may be. You are a Settlement Class Member only if you individually purchased or otherwise acquired Missfresh ADSs in the IPO. Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions. The parties do not independently have access to your trading information.

| 3. Are there exceptions to being included? |
|---|

14.      Yes. There are some individuals and entities who are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Families of the Individual Defendants; (iii) any person who was an officer, director, or control person of Missfresh, the Underwriter Defendants, or Cogency (at all relevant times, and members of their Immediate Families); (iv) Missfresh's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Missfresh ADSs through any such plan(s); (v) any entity in which any Defendant has or had a controlling interest; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded person or entity. However, "Investment Vehicles" will not be excluded from the Settlement Class.[3]

15.      Also excluded from the Settlement Class will be any person or entity who or which excludes themselves from the Settlement Class by submitting a timely and valid request for exclusion in accordance with the procedures described in Question 10 below.

| 4. Why is this a class action? |
|---|

16.      In a class action, one or more persons or entities (in this case, Plaintiffs), sue on behalf of people and entities who have similar claims. Together, these people and entities are a "class," and each is a "class member." A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class. In this Action, the Court has appointed Chelsea Fan,

---

[3] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which any of their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC to serve as Lead Plaintiffs and has appointed Labaton Keller Sucharow LLP and The Rosen Law Firm, P.A. to serve as Co-Lead Counsel.

| 5. What is this case about and what has happened so far? |
|---|

17.    The operative complaint in the Action is the Amended Class Action Complaint for Violations of the Securities Act of 1933, filed on December 28, 2022 (the "Complaint") and alleges violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") relating to Missfresh's initial public offering of 24,150,000 American depository shares ("ADSs"), including the Underwriter Defendants' overallotment, for $13.00 per ADS to the investing public on or about June 25, 2021 (the IPO or "Offering"). Missfresh's ADSs were registered with the Securities and Exchange Commission (the "SEC") pursuant to a registration statement filed with the SEC on Form F-1 (Registration No. 333-256903), which following one amendment, was declared effective by the SEC on June 24, 2021 (the "Form F-1"). On June 28, 2021, the Defendants filed with the SEC the final prospectus (the "Prospectus"), which forms part of the Registration Statement (the Prospectus and Form F-1, as amended, are referred to collectively as the "Offering Documents").

18.    The initial complaint filed in the action was filed in the United States District Court for the Eastern District of New York on July 12, 2022 and was captioned *Chen v. Missfresh Limited, et al.*, 1:22-cv-04065-WFK-VMS.

19.    On October 3, 2022, Judge William F. Kuntz, II of the Eastern District of New York appointed Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC-Series A, and Star V Partners LLC (together, "Lead Plaintiffs") as lead plaintiffs and approved their selection of The Rosen Law Firm, P.A. and Labaton Sucharow LLP, now known as Labaton Keller Sucharow LLP, as Co-Lead Counsel.

20.    On November 10, 2022, upon an ordered stipulation by certain of the parties, the action was transferred to the U.S. District Court for the Southern District of New York and was assigned to Judge Jed S. Rakoff (the "Court").

21.    On December 28, 2022, Plaintiffs filed the operative Complaint alleging violations of Section 11, 12(a)(2) and 15 of the Securities Act on behalf of a class of all who purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Company's Offering Documents and who were damaged thereby.

22.    On January 27, 2023, Defendants Missfresh, Cogency, and De Vries filed a motion to dismiss the Complaint and the Underwriter Defendants filed a joinder to the motion. Plaintiffs opposed the motion to dismiss and the joinder on February 10, 2023. On February 17, 2023, Defendants Missfresh, Cogency, and De Vries filed a reply brief in further support of their motion and the Underwriter Defendants filed a joinder to that reply.

23.    On September 12, 2023, the Court issued a "bottom-line" order denying the motion to dismiss as to Plaintiffs' claims predicated upon the misstated revenue and sales of online products reported in the Offering Documents, but granting the motion to dismiss in all other respects.

24.    On September 28, 2023, the Court held the initial pretrial conference telephonically and issued a case management plan.

25.    On November 6, 2023, the Court issued an opinion setting forth the reasons for the September 12, 2023 bottom-line order granting in part, and denying in part, the motion to dismiss.

26.    On November 6, 2023, Plaintiffs filed a motion for alternative service of process on Defendants Zheng Xu, Zhaohui Li, Hansong Zhu, Jun Wang, and Yuan Sun (collectively, the "Individual Defendants"). On November 13, 2023, Defendant Missfresh opposed the motion.

27.    Plaintiffs, Defendant Missfresh and Defendant Xu engaged David Murphy of Phillips ADR, a well-respected and experienced mediator, to assist them in exploring a potential negotiated resolution of the claims against Defendants. On October 18, 2023, counsel for Plaintiffs, Defendant Missfresh, and Defendant Xu met with Mediator Murphy in an attempt to reach a settlement. The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements and materials. While these discussions narrowed the differences between the parties, they did not result in a resolution of the Action.

28.    On November 20, 2023, through continued arm's-length efforts by the parties to reach a resolution, Plaintiffs, Defendant Missfresh, and Defendant Xu accepted the Mediator's recommendation and reached an agreement in principle to settle the claims against all of the Defendants in the Action.

29.    On November 28, 2023, the parties jointly notified the Court of an agreement in principle to settle the Action.

30.    However, the agreement in principle did not result in a settlement agreement and the parties continued their discussions in an effort to resolve the Action.

31.    On January 18, 2024, Skadden, Arps, Slate, Meagher & Flom LLP filed a motion to withdraw as counsel to Defendant Missfresh and the Cogency Defendants. After briefing, on January 29, 2024, the Court granted the motion to withdraw.

32.    On February 21, 2024, Plaintiffs filed a revised motion for alternative service of process on Defendants Zhaohui Li, Hansong Zhu, Jun Wang, and Yuan Sun. On February 28, 2024, Defendant Missfresh responded to the motion. On March 5, 2024, the Court granted the motion.

33.    On February 27, 2024, Defendant Missfresh, Defendant Xu, the Underwriter Defendants, and the Cogency Defendants filed answers to the Complaint.

34.    On March 26, 2024, Plaintiffs filed a motion to certify a class of investors in the initial public offering of Missfresh ADSs, appoint Plaintiffs as class representatives, and appoint Co-Lead Counsel as co-class counsel.

35.    On March 27, 2024, Defendant Li filed a motion to dismiss the Complaint. On April 10, 2024, Plaintiffs opposed Defendant Li's motion to dismiss. On April 17, 2024, Defendant Li filed a reply brief in further support of his motion to dismiss.

36.    Between November 28, 2023 and April 23, 2024, Plaintiffs and Settling Defendants continued to negotiate at arm's-length a resolution of the Action, with the assistance of the Mediator. On April 23, 2024, the parties informed the Court that they had reached an agreement in principle to settle all claims in the Action and had signed a term sheet reflecting that agreement in principle.

37.    Before agreeing to a settlement, Plaintiffs, through Co-Lead Counsel, conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) regulatory filings made by Missfresh with the U.S. Securities and Exchange Commission ("SEC"), (ii) public reports and news articles; (iii) research reports by securities and financial analysts; (iv) press releases, transcripts of earnings calls, and other public statements issued by and disseminated by the Company; (v) other publicly available material and data; (vi) consultation with relevant consulting experts; and (vii) the applicable law governing the claims and potential defenses.

| 6. What are the reasons for the Settlement? |
| --- |

38.    The Court did not finally decide in favor of Plaintiffs or the Settling Defendants. Instead, both sides agreed to a settlement. Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability. Assuming the claims proceeded to trial, the parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Plaintiffs and the class. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

39.    Settling Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. All of the Settling Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the Securities Act or otherwise. Specifically, Settling Defendants expressly have denied and continue to deny, among other things, each and all of the claims alleged in the Action, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made. Settling Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action. In addition, Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Settling Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

**THE SETTLEMENT BENEFITS**

| 7. What does the Settlement provide? |
| --- |

40.    In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties (*see* Question 9 below), Settling Defendants have agreed to cause a four million nine hundred three thousand and nine hundred ($4,903,900) cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

---

**8. How can I receive a payment?**

---

41.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. You may obtain one from the website dedicated to the Settlement: www.MissfreshSecuritiesSettlement.com, or from Co-Lead Counsel's websites: www.labaton.com and www.rosenlegal.com, or submit a claim online at www.MissfreshSecuritiesSettlement.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-888-726-1691.

42.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than October 5, 2024.**

---

**9. What am I giving up to receive a payment and by staying in the Settlement Class?**

---

43.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiff's Claims" against the "Released Defendant Parties." All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)     **"Released Plaintiff's Claims"** mean any and all claims, including both known claims or Unknown claims (as defined below), demands, losses, rights, and causes of action of any nature whatsoever, whether individual, class, direct, representative, on behalf of others, legal, equitable, or of any other type or in any other capacity, whether brought directly or indirectly, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Plaintiffs, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendant Parties, which (a) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, and (b) arise out of, are based upon, or relate to in any way the purchase, acquisition, holding, sale, or disposition of Missfresh's ADSs issued pursuant and/or traceable to the Offering Documents. For the avoidance of doubt, Released Plaintiff's Claims do not include claims relating to the enforcement of the Settlement or any claims of Persons who submit a request for exclusion that is accepted by the Court.

(b)     **"Released Defendant Parties"** mean Settling Defendants and each and all of their Related Parties and Settling Defendants' Counsel.

(c)     **"Related Parties"** mean each of a Settling Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Settling Defendant has or had a Controlling Interest, any Immediate Family Member of an Individual Defendant, any trust of which any Settling Defendant is the settlor or which is for the benefit of any Settling Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Settling Defendants.

(d)    "**Unknown Claims**" mean (i) any and all Released Plaintiff's Claims against Released Defendant Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Defendant Parties, or might have affected such party's decision not to object to this Settlement and (ii) any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, the Parties stipulate and agree that, by operation of the Judgment or Alternative Judgment, upon the Effective Date, Plaintiffs and Settling Defendants shall have expressly waived, and each other Settlement Class Member shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Plaintiffs and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

44.    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

45.    Upon the "Effective Date," Settling Defendants will also provide a release of any claims against Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

46.    If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiff's Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit. Settling Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10. How do I exclude myself from the Settlement Class?** |
| --- |

47.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Chen v. Missfresh Limited, et al.,* Case No. 22-cv-09836-JSR (S.D.N.Y.)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the person or entity requesting exclusion; (ii) state the number of shares of Missfresh ADSs the person or entity purchased or acquired in the IPO, as well as the dates and prices of each purchase, acquisition, and sale of such shares; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed so that it is **received no later than September 19, 2024** at:

*Missfresh Securities Settlement*
c/o Verita Global, LLC
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977

48.    This information is needed to determine whether you are a member of the Settlement Class. Your exclusion request must comply with these requirements in order to be valid.

49.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you. If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| **11. If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?** |
| --- |

50.    No. Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **September 19, 2024.**

**THE LAWYERS REPRESENTING YOU**

| **12. Do I have a lawyer in this case?** |
| --- |

51.    Labaton Keller Sucharow LLP and The Rosen Law Firm, P.A. are Co-Lead Counsel in the Action and represent all Settlement Class Members. You will not be separately charged for these lawyers. The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **13. How will the lawyers be paid?** |
| --- |

52.    Plaintiffs' Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work. Co-Lead Counsel will seek, on behalf of Plaintiffs' Counsel, an attorneys' fee award of no more than 25% of the Settlement Fund, or $1,225,975, plus accrued interest.[4] Co-Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $200,000, plus accrued interest, which may include an application by Plaintiffs for their reasonable costs and expenses (including lost wages) related to their representation of the Settlement Class, pursuant to the PSLRA. Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

| **14. How do I tell the Court that I do not like something about the proposed Settlement?** |
| --- |

53.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Co-Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

54.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*Chen v. Missfresh Limited, et al.,* Case No. 22-cv-09836-JSR (S.D.N.Y.)." The objection must also: (i) state the name, address, telephone number, and e-mail address (if any) of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of Missfresh ADSs acquired in the IPO as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court **no later than September 19, 2024 <u>and</u>** be mailed or delivered to the following counsel so that it is **received no later than September 19, 2024:**

---

[4] The Rosen Law Firm has agreed to share its awarded fees with The Schall Law Firm.

| **Court** | **Co-Lead Counsel** | **Settling Defendants' Counsel** |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 | **Labaton Keller Sucharow LLP**<br>Alfred L. Fatale III, Esq.<br>140 Broadway<br>New York, NY 10005<br><br>**The Rosen Law Firm, P.A.**<br>Phillip Kim, Esq.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016 | **Stinson LLP**<br>Richard J.L. Lomuscio, Esq.<br>100 Wall Street<br>New York, NY 10005<br><br>**Allen Overy Shearman Sterling US LLP**<br>Daniel C. Lewis, Esq.<br>599 Lexington Avenue<br>New York, NY 10022<br><br>**K&L Gates LLP**<br>Joanna A. Diakos, Esq.<br>599 Lexington Avenue<br>New York, NY 10022 |

55.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**15. What is the difference between objecting and seeking exclusion?**

56.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Co-Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

**16. When and where will the Court decide whether to approve the Settlement?**

57.    The Court will hold the Settlement Hearing on **October 10, 2024 at 4:30 p.m.** in Courtroom 14B at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

58.    At this hearing, the Honorable Jed S. Rakoff will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Co-Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

59.    The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without an individual notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.MissfreshSecuritiesSettlement.com to see if the Settlement Hearing stays as scheduled or is changed.

**17. Do I have to come to the Settlement Hearing?**

60.    No. Co-Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than September 19, 2024**.

**18. May I speak at the Settlement Hearing?**

61.    You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than September 19, 2024,** submit a statement that you, or your attorney, intend to appear in "*Chen v. Missfresh Limited, et al.,* Case No. 22-cv-09836-JSR (S.D.N.Y.)." If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

**19. What happens if I do nothing at all?**

62.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

**20. Are there more details about the Settlement?**

63.    This Notice summarizes the proposed Settlement. More details are contained in the Stipulation. You may review the Stipulation and other documents filed in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

64.    You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.MissfreshSecuritiesSettlement.com, or the websites of Co-Lead Counsel, www.labaton.com and www.rosenlegal.com. You may also call the Claims Administrator toll free at 1-888-726-1691 or write to the Claims Administrator at *Missfresh Securities Settlement,* c/o Verita Global, LLC, P.O. Box 301135, Los Angeles, CA 90030. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**21. How will my claim be calculated?**

65.    The Plan of Allocation below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Plaintiffs and Co-Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.MissfreshSecuritiesSettlement.com and at www.labaton.com and www.rosenlegal.com.

66.    The $4,903,900 Settlement Amount and the interest it earns is the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the Plan of Allocation approved by the Court ("Authorized Claimants"). Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

67.    The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Claimants who allegedly suffered economic losses as a result of the alleged violations of the Securities Act asserted in the Action and, more specifically, with respect to shares of Missfresh ADSs purchased or otherwise acquired during the period from June 25, 2021, the date of Missfresh's IPO, through July 12, 2022 (the "Relevant Period").

68.    To design this Plan of Allocation, Co-Lead Counsel conferred with Plaintiffs' consulting damages expert. This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Plaintiffs and Co-Lead Counsel believe were recoverable in the Action. The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. The calculations pursuant to the

11

Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants. An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the Claimant purchased or acquired Missfresh publicly traded ADSs; and (iii) whether and when the Claimant sold his, her, or its shares of Missfresh publicly traded ADSs. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim.

69.    Claims asserted in the Action under Section 11 of the Securities Act serve as the basis for the calculation of the "Recognized Loss Amounts" in this Plan of Allocation. Section 11 of the Securities Act provides a statutory formula for the calculation of damages under that provision. The formulas stated below, which were developed by Plaintiffs' consulting damages expert, generally track the statutory formula.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

70.    For purposes of determining whether a Claimant has a "Recognized Loss Amount," if a Settlement Class Member has more than one purchase/acquisition or sale of Missfresh ADSs during the Relevant Period, purchases, acquisitions, and sales of Missfresh ADSs pursuant and/or traceable to the IPO will first be matched on a First In/First Out ("FIFO") basis. Relevant Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Relevant Period.

71.    A "Recognized Loss Amount" will be calculated as stated below for each purchase of Missfresh ADSs during the Relevant Period from June 25, 2021 through July 12, 2022, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.[5] To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero.

72.    The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

73.    **For each Missfresh ADS purchased or otherwise acquired from June 25, 2021 through and including July 12, 2022, and**:

A.    Sold before the opening of trading on July 12, 2022,[6] the Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price at the Offering of $390.00) **_minus_** the sale price.

B.    Sold after the opening of trading on July 12, 2022 through the close of trading on July 18, 2022,[7] the Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price at the Offering of $390.00) **_minus_** the sale price (not less than $11.66, the closing share price on July 12, 2022).

C.    Retained through the close of trading on July 18, 2022, the Recognized Loss Amount for each such share shall be the purchase/acquisition price (not to exceed the issue price at the Offering of $390.00) **_minus_** $11.66, the closing share price on July 12, 2022.

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

74.    Purchases, acquisitions, and sales of Missfresh ADSs will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement," "payment," or "sale" date.

75.    The receipt or grant by gift, inheritance or operation of law of Missfresh ADSs during the Relevant Period shall not be deemed a purchase, acquisition, or sale of shares of Missfresh ADSs for the calculation of a Claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such Missfresh ADSs, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Relevant Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Missfresh; and (iii) it is specifically so provided in the instrument of gift or assignment.

76.    The Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero. In the event that a Claimant newly establishes a short position during the Relevant Period, the earliest subsequent Relevant Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

---

[5] On October 17, 2022, Missfresh effected a 1-for-30 reverse stock split of Missfresh ADSs. All figures in the Plan regarding Missfresh ADSs, including (but not limited to) the price per ADS and number of ADSs traded, are in these post-reverse split terms unless otherwise specified.
[6] For purposes of the statutory calculations, July 12, 2022, the date the initial complaint was filed in the Action, is the date of suit.
[7] For purposes of the statutory calculations, July 18, 2022 is the proxy for the statutory date of judgment because after July 18, 2022, Missfresh ADSs never traded above $11.66 per ADS, the closing price on July 12, 2022.

77.     Missfresh ADSs are the only security eligible for a recovery under this Plan of Allocation. With respect to Missfresh ADSs purchased or sold through the exercise of an option, the purchase/sale date of such Missfresh ADSs is the exercise date of the option and the purchase/sale price is the exercise price of the option.

78.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's proportional *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

79.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

80.     Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the final Judgment of the Court dismissing this Action, unless they have timely and validly sought exclusion.

81.     Distributions of the Net Settlement Fund will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least six months after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions in an economical manner, after payment of any unpaid Notice and Administration Expenses and Taxes. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of any unpaid Notice and Administration Expenses and Taxes, shall be contributed to Consumer Federation of America, a non-sectarian, not-for-profit charitable organization serving the public interest, or such other non-sectarian, not-for-profit charitable organization approved by the Court.

82.     Payment pursuant to this Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, their damages expert, or other agent designated by Co-Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

13

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

83.  If you purchased or acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with Missfresh's June 2021 IPO for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE OF THE SETTLEMENT**, **YOU MUST EITHER**: (a) **WITHIN TEN (10) CALENDAR DAYS**, provide a list of the names, addresses, and emails of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send a Postcard Notice promptly to such identified beneficial owners; or (b) **WITHIN TEN (10) CALENDAR DAYS** of receipt of notice (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those Postcard Notices from the Claims Administrator, mail them to all such beneficial owners or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners. Nominees who elect to send the Postcard Notice to their beneficial owners **SHALL ALSO** send a statement to the Claims Administrator confirming that the Postcard Notice was sent and shall retain their records for use in connection with any further notices that may be provided in the Action. Upon **FULL AND TIMELY** compliance with these directions, nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

84.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Missfresh Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301135
Los Angeles, CA 90030

Dated: July 18, 2024

BY ORDER OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>                v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>    Defendants. | Case No. 1:22-cv-09836-JSR |

<u>**PROOF OF CLAIM AND RELEASE**</u>

**A.      GENERAL INSTRUCTIONS**

      1.      To recover as a member of the Settlement Class based on your claims in the class action entitled *Chen v. Missfresh Limited, et al.,* Case No. 22-cv-09836-JSR (S.D.N.Y.) (the "Action"), you must complete and, on page 5 below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

      2.      **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.MISSFRESHSECURITIESSETTLEMENT.COM NO LATER THAN OCTOBER 5, 2024 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN OCTOBER 5, 2024, ADDRESSED AS FOLLOWS**:

*Missfresh Securities Settlement*
c/o Verita Global, LLC
P.O. Box 301135
Los Angeles, CA 90030

      3      If you are a member of the Settlement Class, and you do not timely request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT. RECEIPT OF THIS CLAIM FORM DOES NOT MEAN YOU ARE A MEMBER OF THE SETTLEMENT CLASS.

1

**B.      CLAIMANT IDENTIFICATION**

4.      If you purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and held the shares in your name, you are the beneficial purchaser as well as the record purchaser. However, if you purchased or otherwise acquired Missfresh ADSs through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

5.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Missfresh ADSs whose ownership forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S) OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S). All joint owners must sign this Claim Form.

6.      Executors, administrators, guardians, conservators, custodians, trustees, and legal representatives must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of the claim or result in rejection of the claim.

**C.      IDENTIFICATION OF TRANSACTIONS**

7.      Use **Part II** of this form entitled "Schedule of Transactions in Missfresh ADSs" to supply all required details of your transaction(s) in Missfresh ADSs. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

8.      On the schedules, provide all of the requested information with respect to your purchases/acquisitions and all of your sales of Missfresh ADSs from June 25, 2021 through July 18, 2022, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to all of the shares of Missfresh ADSs you held at the close of trading on July 18, 2022. Failure to report all such transactions may result in the rejection of your claim.

9.      Copies of broker confirmations or other documentation of your transactions in Missfresh ADSs must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE CLAIMS ADMINISTRATOR AND THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN MISSFRESH ADSs.**

10.     NOTICE REGARDING ELECTRONIC FILING: Certain Claimants with large numbers of transactions may request, either personally or through a legal representative, to submit information regarding their transactions in electronic files. This is different than submitting your claim online using the Settlement website. All such Claimants MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-888-726-1691 or edata@veritaglobal.com to obtain the required file layout. The Claims Administrator may also request that Claimants with a large number of transactions file their claims electronically. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Chen v. Missfresh Limited, et al.*

Case No. 22-cv-09836-JSR (S.D.N.Y.)

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than October 5, 2024**

# MFH

Please Type or Print in the Boxes Below
Must use Black or Blue Ink or your claim
may be deemed deficient.

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.     First Name

Last Name (Co-Beneficial Owner)

M.I.     First Name (Co-Beneficial Owner)

◯ Corporation    ◯ IRA/401K    ◯ Pension Plan    ◯ Individual    ◯ Estate    ◯ Other (please specify)

Entity Name (Beneficial Owner - If Claimant is not an Individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Last Four Digits of Social Security Number        Taxpayer Identification Number

or

Telephone Number (Primary Daytime)        Telephone Number (Alternate)

Email Address

### MAILING INFORMATION

Address

Address (cont.)

City        State    ZIP Code

Foreign Province        Foreign Postal Code        Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ◯ ATP ◯ KE ◯ ICI | ◯ BE ◯ DR ◯ EM | ◯ FL ◯ ME ◯ ND | ◯ OP ◯ RE ◯ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

# PART II. SCHEDULE OF TRANSACTIONS IN MISSFRESH ADSs

**1. BEGINNING HOLDINGS** – State the total number of Missfresh ADSs held as of the opening of trading on June 25, 2021. If none, write "0" or "Zero." (Must be documented.) (It is unlikely that you will have an opening position given that the IPO occurred on or about June 25, 2021.)

Proof Enclosed?  ◯ Y    ◯ N

**2. PURCHASES/ACQUISITIONS FROM JUNE 25, 2021 THROUGH JULY 18, 2022** – Separately list each and every purchase/acquisition of Missfresh ADSs from after the opening of trading on June 25, 2021 through and including the close of trading on July 18, 2022. (Must be documented.)

### PURCHASES

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of ADSs Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| M M   D D   Y Y Y Y | | | | |
| / / | | $ . | $ . | ◯ Y ◯ N |
| / / | | $ . | $ . | ◯ Y ◯ N |
| / / | | $ . | $ . | ◯ Y ◯ N |
| / / | | $ . | $ . | ◯ Y ◯ N |

**3. SALES FROM JUNE 25, 2021 THROUGH JULY 18, 2022** – Separately list each and every sale of Missfresh ADSs from after the opening of trading on June 25, 2021 through and including the close of trading on July 18, 2022. (Must be documented.)

### SALES

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of ADSs Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| M M   D D   Y Y Y Y | | | | |
| / / | | $ . | $ . | ◯ Y ◯ N |
| / / | | $ . | $ . | ◯ Y ◯ N |
| / / | | $ . | $ . | ◯ Y ◯ N |
| / / | | $ . | $ . | ◯ Y ◯ N |

**4. HOLDINGS AS OF THE CLOSE OF TRADING ON JULY 18, 2022** – State the total number of Missfresh ADSs held as of the close of trading on July 18, 2022. If none, write "0" or "Zero." (Must be documented.)

Proof Enclosed?  ◯ Y    ◯ N

◯  **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND FILL IN THIS CIRCLE.**



4

**PART III.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

**YOU MUST READ AND SIGN THE RELEASE BELOW.**
**FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

1.      I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement, dated June 12, 2024 (the "Stipulation").  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Missfresh securities) if requested to do so. I (We) have not submitted any other claim in the Action covering the same transactions in Missfresh ADSs during the Relevant Period and know of no other person having done so on my (our) behalf.

2.      I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined above, and that I am (we are) not excluded from the Settlement Class.

3.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiff's Claims each and all of the Released Defendant Parties, both as defined in the Stipulation. This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Missfresh ADSs that are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

6.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this_____ day of  _____  in  _____
<br>(Month/Year)                                         (City/State/Country)

_____          _____
Signature of Claimant                                                     Print Claimant Name Here

_____          _____
Signature of Joint Claimant (if any)                                   Print Name of Joint Claimant (if any)

_____          _____
Signature of person signing on behalf of Claimant             Print Name of person signing on behalf of Claimant

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.,* executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant.)



**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgement.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to:

*Missfresh Securities Litigation*
c/o Verita Global, LLC
P.O. Box 301135
Los Angeles, CA 90030
www.MissfreshSecuritiesSettlement.com
1-888-726-1691

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation. Must use Black or Blue Ink or your claim may be deemed deficient.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN OCTOBER 5, 2024, ADDRESSED AS FOLLOWS:**

*Missfresh Securities Litigation*
c/o Verita Global, LLC
P.O. Box 301135
Los Angeles, CA 90030
www.MissfreshSecuritiesSettlement.com
1-888-726-1691



# Exhibit C

# MUTUAL FUND PERFORMANCE
### WEEK OF MAY 6, 2024



## Top Growth Funds
### Last 3 months (all total returns)

## Top Growth Funds
### Last 3 years (all total returns)

---

"Introduction to Computer Programming Using Trade Station's (R) Easy Language (R)"

*by Bruno J Bembi*

now available on amazon.com

(Author has no affiliation with TradeStation)

This announcement is neither an offer to buy nor a solicitation of an offer to sell Shares. The Offer is being made solely by the formal Offer to Purchase forwarded to Shareholders of record and is not being made to, and tenders will not be accepted from or on behalf of, Shareholders residing in any State in which making or accepting the Offer would violate that jurisdiction's laws. In those jurisdictions where the securities, Blue Sky, or other laws require the Offer to be made by a licensed broker or dealer, the Offer shall be deemed to be made on behalf of Purchasers only by one or more registered dealers licensed under the laws of such jurisdiction.

NOTICE OF OFFER TO PURCHASE FOR CASH:

Up to 700,000 Shares of common stock of Class S Common Stock of Starwood Real Estate Income Trust, Inc. (the "Company") at a price of$17.50 per Share

by: MPF BADGER ACQUISITION Co. 4, LLC, MACKENZIE NORTHSTAR FUND 3, LLC, MPF BLUE RIDGE FUND I, LLC, MACKENZIE BLUE RIDGE FUND III, LP, MACKENZIE REALTY CAPITAL, INC., SCM SPECIAL FUND 3, LP (collectively the "Purchasers")

The Purchasers are offering to purchase for cash up to 700,000 shares of common stock ("Shares") of the Company, at a price of $17.50 per Share upon the terms and subject to the conditions set forth in Purchasers' Offer to Purchase and in the related Assignment Form for the offer (which together constitute the "Offer" and the "Tender Offer Documents"). The Company has estimated that the net asset value is $24.94 per Share as of May 31,2024. None of the Purchasers or the Depositary is affiliated with the Company or the Company's management. THE OFFER AND WITHDRAWAL RIGHTS EXPIRE AT 11:59 P.M., PACIFIC TIME, ON SEPTEMBER 16, 2024, UNLESS AN OFFER IS EXTENDED.

Funding for the purchase of the Shares will be provided through the Purchasers' existing working capital. The Offer is not made for the purpose of acquiring or influencing control of the business of the issuer. The Offer will expire at 11:59 p.m., Pacific Time on September 16, 2024, unless and until Purchasers, in their sole discretion, shall have extended the period of time for which the Offer is open (such date and time, as extended the "Expiration Date"). The Purchasers will not provide a subsequent offering period following the Expiration Date. If Purchasers make a material change in the terms of the Offer, or if they waive a material condition to the Offer, Purchasers will extend the Offer and disseminate additional tender offer materials to the extent required by Rules 14d-4(d)(1) and 14d-6(d) under the Securities Exchange Act of 1934, as amended (the "Exchange Act"). The minimum period during which the Offer must remain open following any material change in the terms of the Offer, other than a change in price or a change in percentage of securities sought or a change in any dealer's soliciting fee, will depend upon the facts and circumstances including the materiality of the change with respect to a change in price or, subject to certain limitations, a change in the percentage of securities sought or a change in any dealer's soliciting fee. A minimum of ten business days from the date of such change is generally required to allow for adequate dissemination to Shareholders. Accordingly, if prior to the Expiration Date, Purchasers increase (other than increases of not more than two percent of the outstanding Shares) or decrease the number of Shares being sought, or increase or decrease the consideration offered pursuant to the Offer, and if the Offer is scheduled to expire at any time earlier than the period ending on the tenth business day from the date that notice of such increase or decrease is first published, sent or given to Shareholders, the Offer will be extended at least until the expiration of such ten business days. For purposes of the Offer, a "business day" means any day other than a Saturday, Sunday or federal holiday and consists of the time period from 12:01 a.m. through midnight, Pacific time. In all cases payment for the Shares purchased pursuant to the Offer will be made only after timely receipt by the Depositary of certificates for such Shares (or of a timely confirmation of a book-entry transfer of such Shares into the Depositary's account at a transfer agent), a properly completed and duly executed Assignment Form and any other required signature guarantees, and any other documents required by such Assignment Forms and successful transfer of ownership. Tenders of Shares made pursuant to the Offer is irrevocable, except that Shareholders who tender their Shares in response to the Offer will have the right to withdraw their tendered Shares at any time prior to the Expiration Date by sending to MacKenzie Capital Management, LP a written or facsimile transmission notice of withdrawal identifying the name of the person who tendered Shares to be withdrawn, signed by the same persons and in the same manner as the Assignment Forms tendering the Shares to be withdrawn. In addition, tendered Shares may be withdrawn at any time on or after July 31,2024. The withdrawn Shares may thereafter be accepted for payment as provided above. If tendering Shareholders tender more than the number of Shares that Purchasers seek to purchase pursuant to the Offer for those Shares, Purchasers will take into account the number of Shares so tendered and take up and pay for as nearly as may be pro rata, disregarding fractions, according to the number of Shares tendered by each tendering Share holder during the period during which the Offer remains open. The terms of the Offer are more fully set forth in the formal Offer (Tender Offer Documents which are available from Purchasers at the Purchasers' expense. The Offer contains terms and conditions and the information required by Rule 14d-6(d)(1) under the Exchange Act which are incorporated herein by reference. The Tender Offer Documents contain important information which should be read carefully before any decision is made with respect to the Offer.

For Copies of the Tender Offer Documents, Call Purchasers at 1-800-854-8357, Make a Written Request Addressed to 89 Davis Road, Suite 100, Orinda, CA 94563, email to offers@mackenziecapital.com, or visit our website at www.mackenziecapital.com (click on Tenders).

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,

Defendants.

Case No. 1:22-cv-09836-JSR

SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

To: All persons and entities who or which purchased or otherwise acquired Missfresh Limited ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and were damaged thereby (the "Settlement Class")

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and James Sannito ("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class; and Missfresh Limited ("Missfresh"); defendant Zheng Xu; Cogency Global Inc. ("Cogency") and Colleen A. De Vries (together with Cogency, the "Cogency Defendants"); and J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, Haitong International Securities Company Limited, CMB International Capital Limited, AMTD Global Markets Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, GF Securities (Hong Kong) Brokerage Limited, Futu Inc., and Tiger Brokers (NZ) Limited (collectively, the "Underwriter Defendants" and, together with Missfresh, Zheng Xu, and the Cogency Defendants, the "Settling Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") and related claims in the amount of $4,903,900 (the "Settlement").

A hearing will be held before the Honorable Jed S. Rakoff on October 10, 2024, at 4:30 p.m., in Courtroom 14B at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated June 12, 2024; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Co-Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT. If you have not yet received a long-form Notice and Claim Form, you may obtain copies by visiting the website for the Settlement, www.MissfreshSecuritiesSettlement.com, or by contacting the Claims Administrator at:

Missfresh Securities Settlement
c/o Verita Global, LLC
P.O. Box 301135
Los Angeles, CA 90030-1135
www.MissfreshSecuritiesSettlement.com
1-888-726-1691

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel:

LABATON KELLER SUCHAROW LLP
Alfred Fatale III, Esq.
140 Broadway
New York, NY 10005
settlementquestions@labaton.com
1-888-219-6877

THE ROSEN LAW FIRM, P.A.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
www.rosenlegal.com
212-686-1060

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form, postmarked or submitted online no later than October 5, 2024. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the long-form Notice so that it is received no later than September 19, 2024. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, but you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the parties in accordance with the instructions in the long-form Notice, so that they are received no later than September 19, 2024.

PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE

DATED: July 29, 2024

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

©2024 Investor's Business Daily, LLC. All rights reserved.

# Labaton Keller Sucharow LLP and The Rosen Law Firm, P.A. Announce Proposed Class Action Settlement Involving Purchasers of Missfresh Limited ADSs Pursuant and/or Traceable to Offering Documents Issued in Connection with the ADSs IPO in June 2021

NEWS PROVIDED BY

**Labaton Keller Sucharow LLP and The Rosen Law Firm** ➡
Jul 29, 2024, 08:00 ET

NEW YORK, July 29, 2024 /PRNewswire/ -- The following statement is being issued by Labaton Keller Sucharow LLP and The Rosen Law Firm, P.A. regarding notice of a proposed class action settlement.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, AND COGENCY GLOBAL, INC.,<br><br>        Defendants | Case No. 1:22-cv-09836-SR |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED**

**SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All persons and entities who or which purchased or otherwise acquired Missfresh Limited ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and were damaged thereby (the "Settlement Class")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and James Sannito ("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class; and Missfresh Limited ("Missfresh"); defendant Zheng Xu; Cogency Global Inc. ("Cogency") and Colleen A. De Vries (together with Cogency, the "Cogency Defendants"); and J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, Haitong International Securities Company Limited, CMB International Capital Limited, AMTD Global Markets Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, GF Securities (Hong Kong) Brokerage Limited, Futu Inc., and Tiger Brokers (NZ) Limited (collectively, the "Underwriter Defendants" and, together with Missfresh, Zheng Xu, and the Cogency Defendants, the "Settling Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") and related claims in the amount of $4,903,900 (the "Settlement").

A hearing will be held before the Honorable Jed S. Rakoff on October 10, 2024, at 4:30 p.m. in Courtroom 14B at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated June 12, 2024; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Co-Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a long-form Notice and Claim Form, you may obtain copies by visiting the website for the Settlement, **www.MissfreshSecuritiesSettlement.com**, or by contacting the Claims Administrator at:

*Missfresh Securities Settlement*

c/o Verita Global, LLC

P.O. Box 301135

Los Angeles, CA 90030-1135

**www.MissfreshSecuritiesSettlement.com**

1-888-726-1691

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel:

LABATON KELLER SUCHAROW LLP

Alfred Fatale III, Esq.

140 Broadway

New York, NY 10005

**settlementquestions@labaton.com**

1-888-219-6877

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq.

275 Madison Avenue, 40th Floor

New York, NY 10016

**www.rosenlegal.com**

212-686-1060

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than October 5, 2024***. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the long-form Notice so that it is ***received no later than September 19, 2024***. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, but you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the parties in accordance with the instructions in the long-form Notice, so that they are ***received no later than September 19, 2024***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR**

**DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: July 29, 2024          BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

SOURCE Labaton Keller Sucharow LLP and The Rosen Law Firm