UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>    Defendants. | Civil Action No. 1:22-cv-09836-JSR |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) CO-LEAD COUNSEL'S MOTION FOR AND <u>AWARD OF ATTORNEY'S FEES AND PAYMENT OF EXPENSES</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ..................................................................................................................................... 2

I.   THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS
     APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION ......................... 2

II.  THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS
     APPROVAL OF THE ATTORNEYS' FEE AND EXPENSE APPLICATION ............... 5

CONCLUSION ................................................................................................................................. 5

i

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs,[1] on behalf of themselves and the proposed Settlement Class,[2] respectfully submit this reply memorandum of law in further support of (i) Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement and Plan of Allocation (ECF No. 145); and (ii) Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Expenses (ECF No. 147) (the "Motions").

## PRELIMINARY STATEMENT

Now that the September 19, 2024 deadlines for seeking exclusion from the Settlement Class or objecting to the Settlement have passed, Plaintiffs and Co-Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, Plan of Allocation, and Co-Lead Counsel's motion for attorneys' fees and expenses has been overwhelmingly positive. A total of 10,324 copies of the Postcard Notice and Notice Packet have been mailed or emailed to potential Settlement Class Members and their nominees through October 1, 2024. *See* Supplemental Declaration of Lance Cavallo Regarding: (A) Update on Provision of Postcard Notice and Notice Packet; (B) Update on Telephone Hotline and Settlement Website; and (C) Report on Requests for Exclusion Received to Date, dated October 2, 2024, at ¶2, filed herewith ("Supp. Mailing Decl."). Additionally, the Summary Notice was published in the *Investor's Business Daily* and transmitted over the internet using *PRNewswire* on July 29, 2024. *See* Declaration of Lance Cavallo Regarding: (A) Provision of Postcard Notice and Notice Packet; (B) Publication of Summary Notice; (C) Establishment of Telephone Hotline and Settlement

---

[1] Plaintiffs refers to (i) Court-appointed Lead Plaintiffs Maso Capital Investments Limited, Blackwell Partners LLC – Series A, Star V Partners LLC (the "Maso Plaintiffs") and Chelsea Fan, and (ii) named plaintiff James Sannito.

[2] All capitalized terms used in this memorandum that are not defined have the same meanings as in the Stipulation and Agreement of Settlement, dated June 12, 2024 (the "Stipulation"). (ECF No. 139). Emphasis is added and internal citations and punctuation is omitted unless noted.

Website; and (D) Report on Requests for Exclusion Received to Date, dated September 4, 2024, at ¶10 ("Mailing Decl.," ECF No. 149-4).

There have been no objections to the proposed Settlement or Plan of Allocation, no objections to the Fee and Expense Application, and no requests for exclusion. *See* Supp. Mailing Decl. at ¶6. Accordingly, Plaintiffs and Co-Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for attorneys' fees and expenses.

## ARGUMENT

**I.   THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION**

Pursuant to the Court's Preliminary Approval Order (ECF No. 144), the Claims Administrator has mailed or emailed 10,324 copies of the Postcard Notice and long-form Notice and Claim Form (together, the long-form Notice and Claim Form are the "Notice Packet") to potential Settlement Class Members and/or their nominees. *See* Supp. Mailing Decl. at ¶2. The Postcard Notice and long-form Notice summarized the basic terms of the proposed Settlement, and stated that Co-Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $200,000. The notices also apprised Settlement Class Members of their right to seek exclusion or object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and payment of expenses, and the September 19, 2024 deadline for doing so.

In addition, copies of the Postcard Notice and Notice Packet, Stipulation, and motion papers were posted on website designated for this Settlement,

https://www.missfreshsecuritiessettlement.com, as well as the websites of Co-Lead Counsel.[3] Further, on July 29, 2024, the Claims Administrator published the Summary Notice in *Investor's Business Daily* and transmitted over the internet using *PRNewswire* (Mailing Decl. at ¶10), informing readers of the proposed Settlement, how to obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claim Forms, objections, and exclusion requests.

On September 5, 2024, pursuant to the schedule set forth by the Court in the Preliminary Approval Order, Plaintiffs and Co-Lead Counsel filed their opening papers in support of the Motions. Those papers—which are available on the public docket (*see* ECF Nos. 145-149), the Settlement website, and Co-Lead Counsel's firm websites—described Plaintiffs' and Co-Lead Counsel's views of the Settlement, work performed in this litigation, and the fee and expense awards requested.

Following this thorough notice program, no Settlement Class Member objected to any aspect of the Settlement or the Plan of Allocation. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry," and accordingly strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd, In re Facebook Inc.* 822 F. App'x. 40 (2d Cir. 2020) ("The overwhelmingly positive reaction–or absence of a negative reaction–weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7

---

[3] https://www.labaton.com/cases/chen-v-missfresh-limited-et-al; https://rosenlegal.com/news/the-rosen-law-firm-p-a-announces-proposed-class-action-settlement-involving-purchasers-of-missfresh-limited-adss-pursuant-and-or-adss-ip/.

(S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement.") (citation omitted). As the Second Circuit reasoned in *Wal-Mart*, "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." 396 F.3d at 118 (citation omitted); *see also In re Bear Stearns Cos., Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (the fact that "just two objections" to the settlement were made weighs strongly in favor of approval).

The absence of objections from institutional investors or pension funds is also noteworthy. That these sophisticated Settlement Class Members—who have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—have not objected to the Settlement (or the Plan of Allocation) provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. MDL 1500, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts … [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved") (citation omitted); *Veeco*, 2007 WL 4115809, at *14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members … supports approval of the Plan of Allocation") (citation omitted).

Similarly, the fact that there is no request for exclusion offers clear support for the Court's

4

final approval of the Settlement. *See, e.g.*, *Bear Stearns*, 909 F. Supp. 2d at 266-67 (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am Int'l Grp. Inc. Sec. Litig.*, No. 04 Civ. 8141(DAB), 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010), *aff'd*, 452 F. App'x. 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and valid").

## II. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE ATTORNEYS' FEE AND EXPENSE APPLICATION

As to Co-Lead Counsel's request for an award of attorneys' fees and for payment of expenses, the notices reported that Co-Lead Counsel would request a fee award not to exceed 25% of the Settlement Fund, which will include accrued interest, if any, and payment of Litigation Expenses not to exceed $200,000, plus accrued interest, if any. The absence of any objections to the requested fee or expense award also weighs strongly in its favor. *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award.") (citation omitted); *Veeco,* 2007 WL 4115808, at *10 (reaction of class members to fee and expense requests "'is entitled to great weight by the Court'" and absence of any objections "suggests that [a] fee request is fair and reasonable") (citation omitted); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM), 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (absence of objections to counsel's fee and expense request "attests to the approval of the Class" and supports approval).

## CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Plaintiffs and Co-Lead Counsel respectfully request that the Court approve the proposed

5

Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for attorneys' fees and payment of expenses. Three proposed orders are being submitted herewith: a proposed Judgment, negotiated by the Parties; a proposed Order Approving Plan of Allocation; and a proposed Order Awarding Attorneys' Fees and Expenses.

DATED: October 3, 2024

**LABATON KELLER SUCHAROW LLP**

*/s/ Alfred L. Fatale III*
Alfred L. Fatale III
David J. Schwartz
Charles Wood
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
afatale@labaton.com
dschwartz@labaton.com
cwood@labaton.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence M. Rosen
Jing Chen
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
philkim@rosenlegal.com
lrosen@rosenlegal.com
jchen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs and the Proposed Settlement Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0482

Email: brian@schallfirm.com

*Additional Counsel*

## CERTIFICATE OF SERVICE

  I hereby certify that on October 3, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered ECF participants.

                */s/ Alfred L. Fatale III*
                Alfred L. Fatale III