UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>Defendants. | Civil Action No. 1:22-cv-09836-JSR |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

**WHEREAS,** this matter came on for hearing on October 10, 2024 (the "Settlement Hearing") on Co-Lead Counsel's motion for an award of attorneys' fees and payment of expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form

approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of June 12, 2024 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

1. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

2. Notice of Co-Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of litigation expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

3. There have been no objections to Co-Lead Counsel's request for attorneys' fees and Litigation Expenses.

4.      Co-Lead Counsel is awarded attorneys' fees in the amount of $1,225,975, plus interest at the same rate earned by the Settlement Fund (*i.e.,* 25% of the Settlement Fund), of which 50% is payable to Co-Lead Counsel upon entry of this Order and 50% is payable to Co-Lead Counsel when the Net Settlement Fund is distributed to Authorized Claimants. Co-Lead Counsel is awarded $103,236.02 in Litigation Expenses, plus accrued interest, which is payable to Co-Lead Counsel upon entry of this Order. The Court finds these sums to be fair and reasonable.

5.      Maso Capital Investments Limited, Blackwell Partners LLC-Series A, and Star V Partners LLC are awarded $10,000, in the aggregate, from the Settlement Fund as reimbursement for their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class, pursuant to the PSLRA.

6.      Chelsea Fan is awarded $5,000 from the Settlement Fund as reimbursement for her reasonable costs and expenses (including lost wages) directly related to her representation of the Settlement Class, pursuant to the PSLRA.

7.      James Sannito is awarded $2,500 from the Settlement Fund as reimbursement for his reasonable costs and expenses (including lost wages) directly related to his representation of the Settlement Class, pursuant to the PSLRA.

8.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, pursuant to the terms and conditions of the Stipulation, the Court has considered and found that:

(a)     The Settlement has created a fund of $4,903,000 in cash pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of counsel;

(b)     The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by Plaintiffs, investors that oversaw the prosecution and resolution of the Action;

(c)     10,324 copies of the Postcard Notice or Notice Packet were mailed to potential Settlement Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and Litigation Expenses in an amount not to exceed $200,000;

(d)     The Action raised a number of complex issues;

(e)     Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(f)     Co-Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(g)     The amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases;

(h)     Public policy concerns favor the award of attorneys' fees and expenses in securities class action litigation; and

(i)     Co-Lead Counsel expended more than 1,700 hours, with a lodestar value of $1,343,386.00, to achieve the Settlement.

9.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10.     Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this __10th__ day of __October__, 2024

BY THE COURT:

_____
Honorable Jed S. Rakoff
UNITED STATES DISTRICT JUDGE