# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>                          v.<br><br>MISSFRESH LIMITED, ZHENG XU, JUN WANG, YUAN SUN, ZHAOHUI LI, COLLEEN A. DE VRIES, HANSONG ZHU, J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CMB INTERNATIONAL CAPITAL LIMITED, AMTD GLOBAL MARKETS LIMITED, ICBC INTERNATIONAL SECURITIES LIMITED, NEEDHAM & COMPANY, LLC, CHINA MERCHANTS SECURITIES (HK) CO., LIMITED, ABCI SECURITIES COMPANY LIMITED, GF SECURITIES (HONG KONG) BROKERAGE LIMITED, FUTU INC., TIGER BROKERS (NZ) LIMITED, and COGENCY GLOBAL, INC.,<br><br>        Defendants. | Case No. 1:22-cv-09836-JSR |

## [PROPOSED] FINAL JUDGMENT

**WHEREAS:**

A.    As of June 12, 2024, Lead Plaintiffs, Chelsea Fan, Maso Capital Investments Limited, Blackwell Partners LLC – Series A, and Star V Partners LLC, and named plaintiff James Sannito ("Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one hand, and Missfresh Limited ("Missfresh" or the "Company"); defendant Zheng Xu;

1

Case 1:22-cv-09836-JSR    Document 150-2    Filed 10/03/24    Page 2 of 10

Cogency Global Inc. ("Cogency") and Colleen A. De Vries (together with Cogency, the "Cogency Defendants"); and J.P. Morgan Securities LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, China Renaissance Securities (Hong Kong) Limited, Haitong International Securities Company Limited, CMB International Capital Limited, AMTD Global Markets Limited, ICBC International Securities Limited, Needham & Company, LLC, China Merchants Securities (HK) Co., Limited, ABCI Securities Company Limited, GF Securities (Hong Kong) Brokerage Limited, Futu Inc., and Tiger Brokers (NZ) Limited (collectively, the "Underwriter Defendants" and, together with Missfresh, Zheng Xu, and the Cogency Defendants, the "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

      B.     Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered July 3, 2024 (the "Preliminary Approval Order"), the Court scheduled a hearing for October 10, 2024 at 4:30 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action and the Plan of Allocation on the terms and conditions provided for in the Stipulation are fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Co-Lead Counsel's Fee and Expense Application;

      C.     The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, or emailed on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the long-form Notice of Pendency of Class Action, Proposed Settlement,

and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form

("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits

1 and 2, be made available to Settlement Class Members; and that the Summary Notice of

Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses

(the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as

Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within

fourteen (14) calendar days of the Notice Date;

       D.     The notices advised potential Settlement Class Members of the date and purpose of

the Settlement Hearing.  The notices further advised that any objections to the Settlement were

required to be filed with the Court and served on counsel for the Parties such that they were

received by September 19, 2024;

       E.     The provisions of the Preliminary Approval Order as to notice were complied with;

       F.     On September 5, 2024, Plaintiffs moved for final approval of the Settlement, as set

forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court

on October 10, 2024 at which time all interested Persons were afforded the opportunity to be heard;

and

       G.     This Court has duly considered Plaintiffs' motion for final approval of the

Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the

Stipulation, and all of the submissions and arguments presented with respect to the proposed

Settlement;

       NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND

DECREED that:

Case 1:22-cv-09836-JSR    Document 150-2    Filed 10/03/24    Page 4 of 10

1.      This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on June 12, 2024; and (ii) the notices, which were filed with the Court on September 5, 2024. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of:  all persons and entities who or which purchased or otherwise acquired Missfresh ADSs pursuant and/or traceable to the Offering Documents issued in connection with the ADSs initial public offering in June 2021, and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Families of the Individual Defendants; (ii) any person who was an officer, director, or control person of Missfresh, the Underwriter Defendants, or Cogency (at all relevant times, and members of their Immediate Families); (iii) Missfresh's employee retirement and/or benefit plan(s) and their participants and/or beneficiaries to the extent they purchased or acquired Missfresh ADSs through any such plan(s); (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity. There have been no requests for exclusion from the Settlement Class.  However, any Investment Vehicle will not be excluded from the Settlement Class.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order

and finally certifies Plaintiffs as Class Representatives for the Settlement Class; and finally appoints the law firms of Labaton Keller Sucharow LLP and The Rosen Law Firm, P.A. as Class Counsel for the Settlement Class.

5.      The Court finds that the dissemination and publication of the Postcard Notice, Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Co-Lead Counsel's request for an award of attorney's fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7).

6.      There have been no objections to the Settlement.

7.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i)

the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.       The Amended Class Action Complaint for Violation of the Securities Act of 1933, filed on December 28, 2022 (the "Complaint"), is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.       The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.      Upon the Effective Date, Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and any other Person claiming (now or in the future) through or on behalf of them, in their capacities as such, (regardless of whether any such Person ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any disbursement from the Settlement Fund), shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released

Case 1:22-cv-09836-JSR    Document 150-2    Filed 10/03/24    Page 7 of 10

Plaintiff's Claims against each and every one of the Released Defendant Parties, (ii) covenanted not to sue any Settling Defendant or Released Defendant Parties with respect to all such Released Plaintiff's Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, maintaining, or participating in the prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties.

11.    Upon the Effective Date, Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and any other Person claiming (now or in the future) through or on behalf of them, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties, (ii) covenanted not to sue any Released Plaintiff Party with respect to all such Released Defendants' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, maintaining, or participating in the prosecution of any action or other proceeding, in any forum, asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12.    Notwithstanding paragraphs 10–11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

14.     This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiff's Claims, or of any liability, damages, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with

8

respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)    do not constitute, and shall not be construed against any of the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

15.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 48 of the Stipulation.

Case 1:22-cv-09836-JSR    Document 150-2    Filed 10/03/24    Page 10 of 10

17.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19.    A separate order shall be entered regarding Co-Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _____10th_____ day of _____October_____, 2024

BY THE COURT:

_____
Honorable Jed S. Rakoff
UNITED STATES DISTRICT JUDGE